UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

**RECEIVED**

MAR 1 9 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Timothy Demitri Brown,

    Plaintiff,

v.                       Civil No. 07-1931(RWR)

FEDERAL BUREAU OF INVESTIGATION, et al.

    Defendants.


PLAINTIFF'S MOTION FOR ADJUDGMENT OF DEFENDANTS' DEFAULT RULE 55(a)


    Plaintiff, Pro Se, respectfully request this Honorable Court rule that the Defendants are in Default and enter Judgment against the Defendants, whereas Defendants have failed to plead or otherwise defend within the time allowed by the Court.

### FACTS

    Complaint was filed on October 11, 2007, served on the United States Attorney on October 31, 2007, as admitted in his "Motions for Enlargement of Time." As such, Defendants, as agencies of the United States, had 60 days to respond, or until December 31, 2007. On January 7, 2008 the Court granted the Defendants an entension of time of 30 days or until January 31, 2008 to answer. The Court again on February 5, 2008 granted the Defendants an extension of time to February 13, 2008. On March 3, 2008 the Court denied Defendant's third Motion for Enlargement of Time. As of today, March 13, 2008 no other Motion/answer or otherwise has been received by Plaintiff.

ARGUMENT

DC RULE 55(a) When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these Rules, the Clerk or the Court shall enter the party's default. Local Rules only offer two exception to this rule, (1) An order granting a motion which shows good cause for such an extension; and (2) A praecipe, signed by the plaintiff and defendant ... which provides for a one-time extension of not more than 20 days ...

Plaintiff asserts that he has not signed nor does he agree with any extensions requested by the Defendants. Plaintiff futhermore asserts that the only reason he has not opposed any motion for extension is not to burden the Court or delay the process. The Defendants have had more than 120 days in which to answer, they have failed.

Wherefore, the Defendants have failed to defend within the time allowed by this Court. Plaintiff respectfully request that the Defendants be adjudged in default and that the Court enter Judgment against the Defendants, for all relief requested in the complaint and any other relief this Court may deem appropriate.

Graciously Submitted,

*[signature]*
Timothy Demitri Brown

U. S. P. Tucson #10979-035

P.O. Box 24550

Tucson, Arizona 85734

CERTIFICATE OF SERVICE

    I, Timothy Demitri Brown, hereby certify that I mailed postage paid a true and correct copy of the foregoing Motion to Defendants, through counsel, John G. Interrante, 555 Fourth Street, N.W., Washington, D.C. 20001 on this 13th day of March, 2008.


    Timothy Demitri Brown, Plaintiff

## DISCUSSION

a. Rule 6(b)

["[D]elays are a particularly abhorrent feature of today's trial practice. They increase the cost of litigation, to the detriment of the parties enmeshed in it; they are one factor causing disrespect for lawyers and the judicial process; and they fuel the increasing resort to means of non-judicial dispute resolution. Adherence to reasonable deadlines is critical to restoring integrity in court proceedings." Geiserman v. MacDonald, 893 F.2d 787, 790 (5th Cir. 1990).

[A district court may not consider a late-filed response that falls short of the requirements of Rule 6(b) of the Federal Rules of Civil Procedure. Smith, 430 F.3d at 457. Rule 6(b) states, in relevant part:

> **(b) Extending Time.(1)** *In General.* When an act may or must be done within a specified time, the court may, for good cause, extend the time:
>
> **(A)** with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or **(B)** on motion made after the time has expired if the party failed to act because of excusable neglect. Fed. R. Civ. P. 6(b).

Because defendant did not move for enlargement prior to the expiration of the time permitted by Local Rule 7(b) and Rule 6(d) of the Federal Rules of Civil Procedure, its Opposition can be accepted only "on motion made . . . if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). It is an abuse of the court's discretion to consider an untimely filing in the absence of such a motion. Smith, 430 F.3d at 457; cf Lujan v. Nat'l Wildlife Fed., 497 U.S. 871, 898, 110 S. Ct. 3177, 111 L. Ed. 2d 695 (1990) (reversing appellate court's holding that trial court abused its discretion in rejecting untimely affidavits filed without a motion demonstrating excusable neglect). Courts routinely refuse to accept filings under these circumstances even where the delay is minor and no prejudice would result. See, e.g., Everson v. Medlantic Healthcare Group, No. 00-cv-226, 2006 U.S. Dist. LEXIS 4457, 2006 WL 297711, at *1 (D.D.C. Feb. 7, 2006) (striking motions in limine filed three days late not accompanied by motion filed pursuant to Rule 6(b)); Wild v. Alster, No. 01-cv-479, 2005 U.S. Dist. LEXIS 12780, 2005 WL 1458283, at *2 (D.D.C. June 17, 2005) (denying defendants' bill of costs filed one day late).

A request for an extension under Rule 6(b)(1)(B) should be made upon formal application for an order in compliance with the provisions of Rule 7(b)(1) relating to motions. Because Rule 7(b)(1)(B) requires that the application state with particularity the grounds therefore, the movant must allege the facts constituting excusable neglect; the mere assertion of excusable neglect unsupported by facts has been held to be insufficient. Casanova v. Marathon Corp., 499 F. Supp. 2d 32, 34 (D.D.C. 2007); 4B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1165 (3d ed. 2002).

It is questionable whether the Consent Motion meets the standard required by the Federal Rules of Civil Procedure. As an initial matter, defendant did not acknowledge its failure to file a timely opposition until prompted by the court's Order. Even then, despite the court having directed defendant to the proper authority, 4 no reference was made to excusable neglect or Rule 6(b) of the Federal Rules of Civil Procedure.

b. Excusable Neglect ? *(what constitutes)*

Even if the court were to deem the Consent Motion a motion to enlarge pursuant to Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure, defendant must still demonstrate that the delay was the result of excusable neglect. The Supreme Court has designated four factors for determining when a late filing

© 2008 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

may constitute "excusable neglect." Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993). These factors include: "(1) the danger of prejudice to the [opposing party], (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith." In re Vitamins Antitrust Class Action, 356 U.S. App. D.C. 70, 327 F.3d 1207, 1209 (D.C. Cir. 2003) (citing Pioneer, 507 U.S. at 395). The determination of whether a party's neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." Pioneer, 507 U.S. at 395.

© 2008 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.