UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TIMOTHY DEMITRI BROWN,** | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) Civil Action No. 07-1931 (RWR) <br> ) |
| **FEDERAL BUREAU OF INVESTIGATION, <u>et al.</u>** | ) <br> ) <br> ) |
| Defendants. | ) <br> ) |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR ENTRY
OF DEFAULT UNDER RULE 55(a) AND DEFENDANTS' REPLY BRIEF**

Defendants, the United States Department of Justice ("the Department"), and its components, Federal Bureau of Investigation ("FBI"), the United States Attorney General's Office, the United States Attorney's Office, and the Bureau of Prisons ("BOP"), by and through undersigned counsel, respectfully respond to Plaintiff's Motion for Adjudgment of Defendants' Default Rule 55(a) (Docket Entry No. 13) and Plaintiff's Memorandum in Opposition to Defendants' Request for an Extension of Time to File a Motion to Dismiss Or, in the Alternative, for Summary Judgment (Docket Entry No. 14).

The Court should deny plaintiff's motion for entry of a default and grant defendants' motion for an extension of time to allow defendants sufficient time to prepare and file one consolidated motion to dismiss or for summary judgment in this case brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended.[1] Defendants' extension request serves the interest of

---

[1] Defendants are prepared to file a partial motion for summary judgment for some components at this time, and an answer for the remainder. However, defendants requested an extension of time to file a single, consolidated motion to dismiss or for summary judgment, addressing all claims in the case.

judicial efficiency because it will avoid piecemeal adjudication of plaintiff's claims. Contrary to plaintiff's allegation in the complaint, most of his claims are subject to dismissal because plaintiff failed to exhaust his administrative remedies. Specifically, although plaintiff has submitted at least 18 FOIA requests on Departmental components since 2001, he has filed only six administrative appeals and, in each case, the component agency was affirmed on appeal.

## BACKGROUND

Because plaintiff's complaint fails to specify the FOIA requests made on each component sued in this case, defendants are reading the complaint broadly to challenge any FOIA requests submitted by plaintiff to the Department and the components prior to the filing of this lawsuit. Defendants have identified at least 18 FOIA requests submitted by plaintiff to the FBI, BOP, the Attorney General (processed by the Office of Information and Privacy/Initial Request Staff), the Department's Criminal Division, and U.S. Attorneys Offices (processed by the Executive Office of United States Attorneys).

Plaintiff's complaint alleges that he "has properly requested this information from the agents/agencies, properly appealed their denial of information and now properly files this suit for said information" (Compl., "Facts"). To the contrary, Defendants' records reveal that plaintiff filed an administrative appeal in only six of his FOIA requests, and four of the appeals involve requests where the component conducted a reasonable search, but found "no records" responsive to plaintiff's request. Of the two remaining appeals, one involved a FOIA request where plaintiff was provided with a responsive document, but was further advised that he had to pay for an additional search, which he did not, and the other involved the FBI's refusal to confirm or deny the existence of records on third-parties without privacy waivers from those individuals and the records were

withheld based on the applicability of Exemptions 6 and 7(C).

## **DISCUSSION**

This case is a typical FOIA case that should be resolved by summary judgment. This Court has jurisdiction in a FOIA action, such as this, only when an agency has improperly withheld agency records. 5 U.S.C. § 552(a)(4)(B). "[I]t is well established that under the FOIA, 'once the records are produced the substance of the controversy disappears and becomes moot, since disclosure which the suit seeks has already been made.'" Trueblood v. U.S. Dep't of Treasury, 943 F. Supp. 64, 67 (D.D.C. 1996) (quoting Crooker v. U.S. State Dep't, 628 F.2d 9, 10 (D.C. Cir. 1980)); see also Perry v. Block, 684 F.2d 121, 125 (D.C. Cir. 1982). In addition, a FOIA requester must comply with an agency's procedural requirements governing access to records, including those concerning properly addressed requests, fees and fee waivers, and administrative appeals. See, e.g., Pollack v. Dep't of Justice, 49 F.3d 115, 119 (4th Cir. 1995) (concluding that plaintiff's refusal to pay anticipated fees constitutes failure to exhaust administrative remedies); Bernard v. DOD, 362 F.Supp.2d 272, 281-82 (D.D.C. 2005) (dismissing FOIA claims where requester did not exhaust Army Privacy Program's administrative appeal remedies). As stated, defendants have determined that plaintiff has failed to exhaust administrative remedies as to most of his FOIA requests.

Plaintiff's motion for entry of default should be denied as prematurely filed because plaintiff, who does not receive ECF notice, did not wait to receive the service copy of defendants' timely-filed request for an extension of time to file a motion to dismiss or, in the alternative, for summary judgment (see Docket Entry No. 12; see also discussion, infra). In addition, plaintiff's opposition to defendant's extension request fails to address the reason why defendants request additional time, i.e., because plaintiff's complaint fails to specify which FOIA requests were made on the

Department and each of the components sued in this lawsuit, and defendants have therefore been forced to read the complaint to challenge all FOIA requests submitted by plaintiff to Departmental components. Defendants have now identified at least 18 such requests and are in the process of obtaining the remaining declarations necessary to file a consolidated motion to dismiss or for summary judgment. Indeed, plaintiff appears to concede in his opposition that defendants have correctly concluded that he challenges the response to all of his prior FOIA requests.

Nor is plaintiff's argument that he needs the records to prove his innocence availing. Plaintiff's unsubstantiated contention is that the extension request "continues to cause the Plaintiff the grave harm of being unlawfully incarcerated" because the information allegedly "being withheld by the Defendants constitutes undeniable proof that the Plaintiff is innocent of the charges for which he is incarcerated" (Pl's Opp'n Br. at 2). However, plaintiff has appealed only one FOIA request where he was actually denied records and that was a request for third-party records that plaintiff allegedly needs to prove his innocence of the criminal charges of which he has been convicted. The FBI refused to confirm or deny the existence of the requested third-party records without privacy waivers from those individuals and the records were withheld based on the applicability of Exemptions 6 and 7(C).

Exemption 7(C) of the FOIA exempts from mandatory disclosure information compiled for law enforcement purposes when disclosure "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). See also 5 U.S.C. § 552a (j)(2) (Privacy Act). The Supreme Court affirmed the broad scope of Exemption 7(C) in National Archives and Records Admin. v. Favish, 541 U.S. 157 (2004). Once the agency has demonstrated that the records were compiled for law enforcement purposes, the Court must next consider whether

the release of information withheld "could reasonably be expected to constitute an unwarranted invasion of personal privacy." This determination necessitates a balancing of the individual's right to privacy against the public's right of access to information in government files. See, e.g., U.S. Dep't of Justice v. Reporters Committee for Freedom of the Press, 489 U.S. 749, 776-780 (1989); see also Oguaju v. United States, 288 F.3d 448 (D.C. Cir. 2002), vacated 124 S.Ct. 1903 (2004), reinstated, 378 F.3d 1115 (D.C. Cir.), modified, 386 F.3d 273 (D.C. Cir. 2004).

The requester in the Oguaju case argued, as plaintiff does in this case, that he is entitled to certain information to prove his innocence of criminal charges. The Oguaju court, however, bluntly rejected the requestor's argument that FOIA Exemption 7(C) was improperly asserted to protect third-party records because the public interest was served in releasing information that might aid him in his defense against criminal charges: "Oguaju's personal stake in using the requested records to attack his convictions does not count in the calculation of the public interest." 288 F.3d at 450 (emphasis added). Accord SafeCard Services, 926 F.2d at 1206 (public interest in disclosure of third party identities is "insubstantial").

Finally, judgment by default would not be proper in this action. The general standard in this Circuit for granting a motion for default judgment is set forth in Jackson v. Beech, 636 F.2d 831 (D.C. Cir. 1980), as well as Rule 55 of the Federal Rules of Civil Procedure. As the Court of Appeals in Jackson noted, a default judgment is disfavored as "modern federal procedure favors a trial on the merits over a default judgment." Id. at 835. The Jackson Court further held that courts may grant default judgment against a "totally unresponsive party" after considering the following factors: 1) whether the delay is willful, 2) whether the plaintiff has been prejudiced by the delay, and 3) whether the alleged defense is meritorious. Jackson, 636 F.2d at 835-36; Combs v. Nick Garin

Trucking, 825 F.2d 437, 442 (D.C. Cir. 1987). In this action, it is clear that the action necessitating the delay was not willful, but was caused, in part, by plaintiff's failure to plead the specific FOIA requests that he challenges. Nor is plaintiff prejudiced by any delay because he filed an administrative appeal of only one FOIA request where any documents were withhold, and he is not entitled to third-party information in law enforcement files based on an allegation that the information is necessary to attack his criminal conviction.

Moreover, when one seeks default against the government or its officers, the standard is significantly higher:

> No judgment by default shall be entered against the United States or an officer or agency thereof unless the claimant establishes a claim or right to relief by evidence satisfactory to the court.

Fed. R. Civ. P. 55(e). See also O-J-R v. Ashcroft, 216 F.R.D. 150, 152-53 (D.D.C. 2003) (Rule 55(e) prohibits courts from entering default judgments against the United States or officers or agencies thereof unless the claimant, by evidence satisfactory to the court, establishes a right to relief.). Thus, plaintiff fails to show any entitlement to relief in this FOIA case and a default against the United States is inappropriate.

Thus, this case, like most FOIA cases, should be decided on a motion to dismiss or for summary judgment. Defendants are in the process of obtaining the remaining declarations necessary to file a consolidated motion to dismiss or for summary judgment, and the requested extension of time is in the interest of judicial efficiency.

WHEREFORE, Defendants respectfully request that the Court deny plaintiff's motion for entry of default and grant Defendants' motion for an extension of time to, and including, May 13, 2008, to file a motion to dismiss or for summary judgment.

Respectfully submitted,

   /s/
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

   /s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

   /s/
JOHN G. INTERRANTE
PA Bar # 61373
Assistant United States Attorney
Civil Division, Room E-4806
555 4th Street, N.W.
Washington, D.C. 20530
(202) 514-7220
(202) 514-8780 (fax)
John.Interrante@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that, on this 26th day of March, 2008, a copy of the foregoing was served by First-Class mail, postage prepaid to:

TIMOTHY DEMITRI BROWN
10979-035 Unit F-1
United States Penitentiary
P.O. Box 24550
Tucson, AZ 85734

\_\_\_\_/s/_____
JOHN G. INTERRANTE
Assistant United States Attorney