# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TIMOTHY DEMITRI BROWN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )    Civil Action No. 07-1931 (RWR) |
| | ) |
| **FEDERAL BUREAU** | ) |
| **OF INVESTIGATION, <u>et al.</u>** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

## DEFENDANTS' MOTION TO DISMISS OR,
## IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

The United States Department of Justice and its components, the Federal Bureau of Investigation ("FBI"), Bureau of Prisons ("BOP"), Office of Information and Privacy ("OIP"), Executive Office for the United States Attorneys ("EOUSA") and the Criminal Division of the United States Department of Justice ("Criminal Division") (collectively "Defendants"), by and through undersigned counsel, respectfully move the Court, pursuant to Fed. R. Civ. P. 12 (b)(1), and (6), to dismiss this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended, or, in the alternative, to enter summary judgment in favor of Defendants, pursuant to Fed. R. Civ. P. 56, because there is no genuine issue as to any material fact, and Defendant is entitled to judgment as a matter of law. In support of this motion, Defendants respectfully refer the Court to the accompanying memorandum of points and authorities and statement of material facts not in genuine dispute. A proposed Order consistent with this motion is attached hereto.

Plaintiff should take notice that any factual assertions contained in the documents in support of this motion will be accepted by the Court as true unless the plaintiff submits his own

affidavit or other documentary evidence contradicting the assertions in the documents.  See Neal

v. Kelly, 963 F.2d 453, 456-57 (D.C. Cir. 1992), LCvR 7(h), and Fed. R. Civ. P. 56(e), which

provides as follows:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.  Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.  The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits.  When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).

Respectfully submitted,


_____/s/_____
JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney


_____/s/_____
RUDOLPH CONTRERAS, D.C. Bar #434122
Assistant United States Attorney


_____/s/_____
CINDY S. OWENS, D.C. BAR # 491465
Special Assistant United States Attorney
United States Attorney's Office
555 4th Street, N.W.
Washington, D.C. 20530
202-616-2257/ FAX 202-514-8780


OF COUNSEL:
Vanessa Brinkmann, OIP
Sarah Joursek-Wint, FBI
Pamela Roberts, Criminal Division, DOJ
Dione Stearns, EOUSA

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that, on this 14th day of August, 2008, a copy of the foregoing was

served by First-Class mail, postage prepaid to:


        TIMOTHY DEMITRI BROWN
        10979-035 Unit F-1
        United States Penitentiary
        P.O. Box 24550
        Tucson, AZ 85734


        _____/s/_____
        CINDY OWENS
        Special Assistant United States Attorney

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **TIMOTHY DEMITRI BROWN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 07-1931 (RWR)** |
| ) | |
| **FEDERAL BUREAU** ) | |
| **OF INVESTIGATION, <u>et al.</u>** ) | |
| ) | |
| **Defendants.** ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS OR,
IN THE ALTERNATIVE, FOR FOR SUMMARY JUDGMENT**

This case arises under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended, and pertains to the FOIA requests of incarcerated, <u>pro se</u> Plaintiff Timothy Demitri Brown (for records allegedly maintained by Defendant United States Department of Justice ("the Department") and its components, the Federal Bureau of Investigation ("FBI"), Bureau of Prisons ("BOP"), Office of Information and Privacy ("OIP"), Executive Office for the United States Attorneys ("EOUSA") and the Criminal Division of the United States Department of Justice ("Criminal Division") (collectively "Defendants"). As set forth in the accompanying declarations in support of the motion to dismiss or for summary judgment, the Court lacks jurisdiction over four of seven FOIA requests submitted to the FBI, one request submitted to BOP, and two requests submitted to OIP because plaintiff failed to exhaust his administrative remedies by not filing administrative appeals for each of these requests. As to all the requests, the FBI, BOP, EOUSA and the Criminal Division have conducted reasonable searches of their records, have disclosed responsive non-exempt records, and no records have been improperly

withheld from Plaintiff.[1]  This action should therefore be dismissed or summary judgment

granted in favor of the FBI , BOP, OIP, EOUSA and the Criminal Division, the relevant

components of the U.S. Department of Justice.

## BACKGROUND

### I.  Statement of Facts

The factual and procedural background is fully set forth in Defendants' Statement of

Material Facts Not in Genuine Dispute ("SFNGD"), and the Declaration of David M. Hardy,

Section Chief of the FBI's Record/Information Dissemination Section ("Hardy Decl."),

Declaration of Karen Summers, Paralegal Specialist for the United States Department of Justice,

Federal Bureau of Prisons, South Central Regional Office, in Dallas, Texas ("Summers Decl."),

Declaration of Melanie Ann Pustay, Director of the Office of Information and Privacy ("OIP"),

United States Department of Justice ("Pustay Decl."), Declaration of Dione Jackson Stearns,

Attorney Advisor, Executive Office for the United States Attorneys ("EOUSA"), United Stated

Department of Justice ("Stearns Decl."), and the Declaration of Pamela A. Roberts, Attorney,

Criminal Division, United Stated Department of Justice ("Roberts Decl.") that are attached and

---

[1] Plaintiff's complaint seeks damages, but such relief is not appropriate under the FOIA. See 5 U.S.C. § 552(a)(4)(B) (a federal court "has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant") (emphasis added).  Nor does the complaint allege any statutory basis for this court to award damages for "[t]he actual, physical, emotional, mental, business, reputational and family damages associated with being unlawfully kidnapped and falsely imprisoned" (Compl, "Damages to Complainant").  Even if plaintiff had alleged that he was entitled to seek damages under a statute waiving sovereign immunity for such relief against the United States, such as the Federal Tort Claims Act, 28 U.S.C. § 1346(b) and 28 U.S.C. § 2671–2680, venue would be improper in this jurisdiction because plaintiff's claim would arise from tortious conduct allegedly committed at a federal correctional institution outside this jurisdiction.

2

incorporated herein by reference.  A brief synopsis of the requests at issue and their respective

dispositions will give context for Defendants' argument.

## II.    Plaintiff's FOIA Requests

Plaintiff's Complaint alleges that he "has requested any and all information, document

and/or otherwise related, referring and/or otherwise [about] him that agencies have in their files"

(Plaintiff's Compl., Dkt. 1 at p. 2).  Plaintiff's general allegation is followed by seven specific

subjects about which he has submitted requests under FOIA, but he does not list the date of any

request or state whether he made the request on the Department or a component.[2]  Id. at p. 2-3.

Because plaintiff's complaint fails to allege with any specificity which requests he claims were

submitted to the Department of Justice and its components, Defendants read his complaint

broadly to challenge any FOIA requests submitted to the components of the Department of

Justice prior to the filing of this lawsuit.

---

[2]The seven specific subjects are "(1) tapes, audio and video, of the FBI's informat (Chadwick McNeal) and complainant conversation outside of the complainant's business located at 3708 3rd Street, Alexandria, Louisiana, where complainant tried to get informant to stop selling drugs.  FBI Agent Ken Klocke testified to the existence of the tapes, both audio and video, yet continues to refuse complainant access to them.  (2) Reports of interrogation of Lynetta Johnson by Agent Scholarman. (3) Reports of interrogation of Joyce Berry and Joyce Green.  (4) Any and all other information, documents and/or otherwise of the exculpatory nature concerning complainant, operation Disturb the Peace. (5) Reports from the Attorney General's Office as to whether the federal government exercised exclusive legislative jurisdiction over property located at 3708 Third Street, Alexandria, Louisiana on or before May 31, 2001.  28 CFR Ch 1 § 0.56 Subpart K, Public Law 97-96, § 6, 95 Stat. 1210. (6) Reports from the FBI and Bureau of Prisons concerning Agent Brewer and Unknown White Female's interrogation of Complainant on 10-17-06 concerning the thief of complainant's book, "Tyrant Wanted" by Bureau of Prisons' employee FNU LaRocca.  (7) Reports from the Attorney General's Office of the legal status of Title 21 USC § 841 and 846, Public Law 91-513, Section 801 and 802, whereas these "provisions" under H.R. 18583 were never properly enacted into federal criminal law by the Congress."

**FBI**

The FBI has identified seven FOIA requests submitted by plaintiff which may relate to the complaint. Plaintiff failed to file an administrative appeal challenging the FBI's response to his first, second, sixth, and seventh requests (Hardy Decl. ¶¶ 8, 10, 28, 31, 55). The FBI did not confirm or deny the existence of third-party records requested in the third request (which were exempt from disclosure under Exemption 6 and 7(C) without third-party privacy waivers) (Hardy Decl. ¶ 11). Upon conducting searches of the automated Central Records System at FBIHQ, no responsive records could be located for plaintiff's fourth and fifth requests Id., ¶¶ 13, 15, 18, 21, 28-33.

**BOP**

BOP has identified one FOIA request submitted by plaintiff which may relate to the complaint, but plaintiff did not file an administrative appeal for this request. (Summers Decl., ¶¶ 6-8). BOP disclosed a two-page redacted prison visitor's log in response to the request (Summers Decl., ¶¶ 53-54).

**OIP**

OIP has identified two FOIA requests submitted by plaintiff which may relate to the complaint, but plaintiff did not file an administrative appeal for either of these requests. (Pustay Decl., ¶¶ 7-8). OIP did not provide plaintiff with responsive records as OIP did not originate or have responsive records relating to his two requests. (See Pustay Decl., ¶¶ 3-6).

**EOUSA**

EOUSA has identified one FOIA request submitted by plaintiff which may relate to the complaint. (Stearns Decl. ¶¶ 7-11). After conducting a reasonable and adequate search, EOUSA

4

found no responsive records.  <u>Id</u>. at ¶¶ 14, 18).

<b>Criminal Division</b>

The Criminal Division identified one FOIA request submitted by plaintiff which may relate to the complaint.  (Roberts Decl. ¶¶ 4-6).  After conducting a reasonable and adequate search, the Criminal Division found no responsive records.  <u>Id</u>. at ¶¶ 8, 13-15).

<b>LEGAL STANDARD</b>

**I.    Motion to Dismiss, 12(b)(1) and 12(b)(6)**

When reviewing a motion to dismiss for lack of jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), the Court "must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party."  <u>Warth v. Seldin</u>, 422 U.S. 490, 501 (1975).  Where a motion to dismiss, however, presents a dispute over the factual basis for the Court's jurisdiction, the Court "must go beyond the pleadings and resolve any disputed issues of fact the resolution of which is necessary to a ruling upon the motion to dismiss."  <u>Phoenix Consulting, Inc. v. Rep. of Angola</u>, 216 F.3d 36, 40 (D.C. Cir. 2000).  "The plaintiff bears the burden of persuasion to establish subject matter jurisdiction by a preponderance of the evidence."  <u>Pitney Bowes, Inc. v. United States Postal Serv.</u>, 27 F. Supp. 2d 15, 19 (D.D.C.1998).

On a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), the Court will dismiss a claim if Plaintiff's complaint fails to plead "enough facts to state a claim for relief that is plausible on its face."  <u>Bell Atlantic Corp. v. Twombly</u>, 127 S. Ct. 1955, 1974 (2007) (clarifying the standard from <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)); <u>see also</u> <u>Aktieselskabet v. Fame Jeans, Inc.</u>, -- F.3d ---, 2008 WL 1932768 (D.C. Cir. Apr. 29, 2008); <u>In re Sealed Case</u>, 494 F.3d 139, 145 (D.C. Cir. 2007) (citing

5

Twombly).  Hence, the focus is on the language in the complaint, and whether that language sets

forth sufficient factual allegations to support plaintiff's claims for relief.

      The court must construe the factual allegations in the complaint in the light most

favorable to Plaintiff and must grant Plaintiff the benefit of all inferences that can be derived

from the facts as they are alleged in the complaint.  Barr v. Clinton, 370 F.3d 1196, 1199 (D.C.

Cir. 2004) (citing Kowal v. MCI Commc'ns Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994)).

However, the Court need not accept any inferences or conclusory allegations that are unsupported

by the facts pleaded in the complaint.  Kowal, 16 F.3d at 1276.  Moreover, the Court need not

"accept legal conclusions cast in the form of factual allegations."  Id.

## II.    Summary Judgment

      Where no genuine dispute exists as to any material fact, summary judgment is required.

Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).  A genuine issue of material fact is one

that would change the outcome of the litigation.  Id. at 247.  "The burden on the moving party

may be discharged by 'showing' -- that is, pointing out to the [Court] -- that there is an absence

of evidence to support the non-moving party's case."  Sweats Fashions, Inc. v. Pannill Knitting

Co., Inc., 833 F.2d 1560, 1563 (Fed. Cir. 1987).

      Once the moving party has met its burden, the non-movant may not rest on mere

allegations, but must instead proffer specific facts showing that a genuine issue exists for trial.

Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  Thus, to avoid

summary judgment here, plaintiff (as the non-moving party) must present some objective

evidence that would enable the Court to find he is entitled to relief.  In Celotex Corp. v. Catrett,

the Supreme Court held that, in responding to a proper motion for summary judgment, the party

who bears the burden of proof on an issue at trial must "make a sufficient showing on an essential element of [his] case" to establish a genuine dispute.  477 U.S. 317, 322-23 (1986).  In Anderson, the Supreme Court further explained that "the mere existence of a scintilla of evidence in support of the Plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the Plaintiff."  Anderson, 477 U.S. at 252; see also Laningham v. Navy, 813 F.2d 1236, 1242 (D.C. Cir.  1987) (the non-moving party is "required to provide evidence that would permit a reasonable jury to find" in its favor).  In Celotex, the Supreme Court further instructed that the "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'"  477 U.S. at 327 (quoting Fed. R. Civ. P. 1).

### III.    FOIA Standards

The FOIA provides that a federal court "has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B).  The Supreme Court has held that a court's authority to ensure private access to requested materials "is dependent upon a showing that an agency has (1) 'improperly'; (2) 'withheld'; (3) 'agency records'." Kissinger v. Reporters Comm. for Freedom of the Press, 445 U.S. 136, 150 (1980); see also Forsham v. Harris, 445 U.S. 169, 177 (1980). Acknowledging that "[t]he FOIA represents a carefully balanced scheme of public rights and agency obligations designed to foster greater access to agency records than existed prior to its enactment," the Court held that federal judicial authority to "devise remedies and enjoin agencies" is limited to those situations where the "agency has contravened all three

7

components of this obligation." <u>Kissinger</u>, 445 U.S. at 151; <u>accord</u> <u>Kuffel v. U.S. Bureau of Prisons</u>, 882 F.Supp. 1116, 1120 (D.D.C. 1995).

 Accordingly, "it is well established that under the FOIA, 'once the records are produced the substance of the controversy disappears and becomes moot, since disclosure which the suit seeks has already been made.'" <u>Trueblood v. U.S. Dep't of Treasury</u>, 943 F. Supp. 64, 67 (D.D.C. 1996) (quoting <u>Crooker v. U.S. State Dep't</u>, 628 F.2d 9, 10 (D.C. Cir. 1980)); <u>see also</u> <u>Perry v. Block</u>, 684 F.2d 121, 125 (D.C. Cir. 1982). FOIA, however, does not allow the public to have unfettered access to government files. <u>McCutchen v. U.S. Dep't of Health and Human Services</u>, 30 F.3d 183, 184 (D.C. Cir. 1994). Although disclosure is the dominant objective of FOIA, there are several exemptions to the statute's disclosure requirements. <u>Department of Defense v. FLRA</u>, 510 U.S. 487, 494 (1994). To protect materials from disclosure, the agency must show that they come within one of the FOIA exemptions. <u>Public Citizen Health Research Group v. FDA</u>, 185 F.3d 898, 904 (D.C. Cir. 1999).

 The summary judgment standards set forth above also apply to FOIA cases, which are typically decided on motions for summary judgment. <u>See</u> <u>Cappabianca v. Commissioner, U.S. Customs Service</u>, 847 F. Supp. 1558, 1562 (M.D. Fla. 1994) ("once documents in issue are properly identified, FOIA cases should be handled on motions for summary judgment") (citing <u>Miscavige v. IRS</u>, 2 F.3d 366, 368 (11th Cir. 1993)). Summary judgment is appropriate in a FOIA action, such as the instant case, where the pleadings, together with the declarations, demonstrate that there are no material facts in dispute and the requested information has been produced or is exempted from disclosure, and the agency, as the moving party, is entitled to judgment as a matter of law. Fed. R Civ. P. 56(c); <u>Students Against Genocide v. Dep't of State</u>,

257 F.3d 828, 833 (D.C. Cir. 2001); Weisberg v. U.S. Dep't of Justice, 627 F.2d 365, 368 (D.C. Cir. 1980).

## IV. Vaughn Declaration

An agency can satisfy the summary judgment requirements in a FOIA case by providing the Court and the Plaintiff with affidavits or declarations and other evidence which show that the documents in question were produced or are exempt from disclosure.  Hayden v. NSA, 608 F.2d 1381, 1384, 1386 (D.C. Cir. 1979), cert. denied, 446 U.S. 937 (1980); Church of Scientology v. U.S. Dept. of Army, 611 F.2d 738, 742 (9th Cir. 1980); Trans Union LLC v. FTC, 141 F. Supp. 2d 62, 67 (D.D.C. 2001) (summary judgment in FOIA cases may be awarded solely on the basis of agency affidavits "when the affidavits describe 'the documents and the justifications for non-disclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith.'") (quoting Military Audit Project v. Casey, 656 F.2d 724, 738 (D.C. Cir. 1981)).  See also Public Citizen, Inc. v. Dept. of State, 100 F. Supp. 2d 10, 16 (D.D.C. 2000), aff'd in part, rev'd in part, 276 F.3d 634 (D.C. Cir. 2002).

Typically, the agency's declarations or affidavits are referred to as a Vaughn index, after the case of Vaughn v. Rosen, 484 F.2d 820 (D.C. Cir. 1973), cert. denied, 415 U.S. 977 (1974). There is no set formula for a Vaughn index.  "[I]t is well established that the critical elements of the Vaughn index lie in its function, and not in its form."  Kay v. FCC, 976 F. Supp. 23, 35 (D.D.C. 1997).  The purpose of a Vaughn index is "to permit adequate adversary testing of the agency's claimed right to an exemption."  NTEU v. Customs, 802 F.2d 525, 527 (D.C. Cir. 1986) (citing Mead Data Central v. United States Dept. of the Air Force, 566, F.2d 242, 251 (D.C. Cir.

9

1977), and Vaughn, 484 F.2d at 828).  Thus, the index must contain "an adequate description of

the records" and "a plain statement of the exemptions relied upon to withhold each record."

NTEU, 802 F.2d at 527 n.9.

     The Vaughn index serves a threefold purpose: (1) it identifies each document withheld;

(2) it states the statutory exemption claimed; and (3) it explains how disclosure would damage

the interests protected by the claimed exemption.  See  Citizens Com'n on Human Rights v. Food

and Drug Admin., 45 F.3d 1325, 1326 (9th Cir. 1995).  "Of course the explanation of the

exemption claim and the descriptions of withheld material need not be so detailed as to reveal

that which the agency wishes to conceal, but they must be sufficiently specific to permit a

reasoned judgment as to whether the material is actually exempt under FOIA."  Founding Church

of Scientology of Washington, D.C., Inc. v. Bell, 603 F.2d 945, 949 (D.C. Cir. 1979).

     A court exercises de novo review over a FOIA matter, and the burden is on the agency

to justify all non-disclosures.  5 U.S.C. § 552(a)(4)(B); U.S. Dep't of Justice v. Reporters

Committee For Freedom of Press, 489 U.S. 749, 755 (1989).  The agency, however, may carry its

burden by relying on the declaration of a government official because courts normally accord a

presumption of agency expertise in FOIA matters as long as the declaration is sufficiently clear

and detailed and submitted in good faith.  See, e.g., Oglesby, 920 F.2d at 68; Hayden v. National

Security Agency, 608 F.2d 1381, 1387 (D.C. Cir. 1979).  A court may therefore award summary

judgment in a FOIA case solely on the basis of information provided by the agency affidavits or

declarations.  See Hayden, 608 F.2d at 1387; Key v. Dep't of Homeland Security, 510 F.Supp.2d

121, 126-27 (D.D.C. 2007).

Here, the FBI, BOP, OIP, EOUSA and the Criminal Division have submitted declarations in support of this motion for summary judgment. The five declarations meet the requirements of Vaughn v. Rosen, and provide the Court with the requisite basis and sufficient detail to grant Defendants' motion for summary judgment.

## ARGUMENT

Plaintiff's Complaint alleges a cause of action under FOIA against Defendants, whom he avers "have and continue to willfully and knowingly deny complainant access to information contain [sic] in their respective organization files and/or in related organization files which the complainant has statutory right to under the Freedom of Information Act, whereas this information shows conclusively that complainant is innocent of the charges for which he is incarcerated" (Plaintiff's Compl., "Cause of Action" at p. 2). Plaintiff further alleges that he "has properly requested this information from the agents/agencies, properly appealed their denial of information and now properly files this suit for said information" Id., "Facts" at pp. 2-3. To the contrary, plaintiff failed to file an administrative appeal challenging the FBI's response to his first, second, sixth, and seventh requests, his one BOP request, and his two OIP requests. This Court therefore lacks jurisdiction over plaintiff's claims relating to those requests. As for all of the remaining requests, adequate and reasonable searches were conducted and no responsive non-exempt records have been improperly withheld. This Court should therefore enter judgment in favor of the FBI, BOP, OIP, EOUSA and the Criminal Division.

11

I.       **Dismissal of this action is warranted as to seven requests submitted to FBI, BOP and OIP because plaintiff failed to exhaust the administrative remedies prescribed by the FOIA**.

"Exhaustion of administrative remedies is a mandatory prerequisite to a lawsuit under FOIA." Wilbur v. CIA, 355 F.3d 675, 676 (D.C. Cir. 2004) (per curiam) (citing Oglesby v. U.S. Dep't of Army, 920 F.2d 57, 61-64, 65 n.9 (D.C. Cir. 1990)).  A court may dismiss a FOIA lawsuit for lack of subject matter jurisdiction under Rule 12(b)(1) where plaintiff has failed to exhaust administrative remedies before filing the suit.  See, e.g., McDonnell v. United States, 4 F.3d 1227, 1240 & n.9 (3rd Cir. 1993).  In the alternative, a court may dismiss an unexhausted FOIA claim for failure to state a claim pursuant to Rule 12(b)(6).  See, e.g., Hidalgo v. FBI, 344 F.3d 1256, 1258-59 (D.C. Cir. 2003) (exhaustion requirement is not jurisdictional, but prudential in nature, because "the FOIA does not unequivocally make it so") (quoting Oglesby, 920 F.2d at 61).

Pursuant to the FOIA, administrative remedies must be exhausted prior to seeking judicial review.  See Oglesby, 920 F.2d at 61.  A FOIA requester must comply with an agency's procedural requirements governing access to records, including those concerning properly addressed requests, fees and fee waivers, and administrative appeals.  See, e.g., Maydak v. U.S. Dep't of Justice, 254 F.Supp.2d 23, 40 (D.D.C. 2003) (ruling that because the agency's "regulations require FOIA requesters seeking records from field offices to write directly to the respective field office," the agency "had no statutory obligation to proceed with a search of all of its field offices"); Pollack v. Dep't of Justice, 49 F.3d 115, 119 (4th Cir. 1995) (concluding that plaintiff's refusal to pay anticipated fees constitutes failure to exhaust administrative remedies);

Bernard v. DOD, 362 F.Supp.2d 272, 281-82 (D.D.C. 2005) (dismissing FOIA claims where requester did not exhaust Army Privacy Program's administrative appeal remedies).

Thus, when a requester, such as plaintiff, has failed to file a timely appeal, he has failed to comply with a necessary administrative requirement of the FOIA and has thereby failed to exhaust his administrative remedies.  As the Court noted in Stebbins v. Nationwide Mutual Ins., 757 F.2d 364, 366 (D.C. Cir. 1985), "exhaustion of [administrative] remedies is required under the Freedom of Information Act before a party can seek judicial review."  A FOIA lawsuit "is subject to dismissal for lack of subject matter jurisdiction if [the plaintiff] fails to exhaust all administrative remedies."  Trueblood v. United States Dept. of the Treasury, 943 F. Supp. 64, 67 (D.D.C. 1996) (requester must exhaust his administrative remedies by paying any applicable fees as "a condition precedent to judicial review of a FOIA suit"); see also Dettmann v. United States Dep't of Justice, 802 F.2d 1472, 1477 (D.C. Cir. 1986); Center to Prevent Handgun Violence, 981 F. Supp. at 23; Crooker v. United States Secret Serv., 577 F. Supp. 1218, 1219 (D.D.C. 1983).  Indeed, "strict enforcement of the exhaustion doctrine is favored in FOIA cases."  Center to Prevent Handgun Violence, 981 F. Supp. at 23.

Under pertinent Departmental regulations, a FOIA requester must satisfy the requirements for making a request as specified in 28 C.F.R. § 16.3.  The Departmental regulations require that requesters file an administrative appeal of an adverse determination before filing a district court lawsuit. 28 C.F.R. §16.9( c) ("If you wish to seek review by a court of any adverse determination, you must first appeal it under this section.").  Here, the undisputed facts establish that Plaintiff has not exhausted his administrative remedies as to the first, second, sixth, and seventh FBI FOIA requests, and as to the BOP FOIA request, and as to the two OIP

13

requests which deprives this Court of subject matter jurisdiction.  (Hard Decl., ¶¶ 8, 10, 28, 31,

55; Summers Decl., ¶¶ 6-8; Pustay Decl., ¶ 8).  Or, alternatively, the failure to appeal the seven

requests entitles the FBI, BOP and OIP to judgment as a matter of law as to these requests.

Plaintiff's failure to file a timely appeal, under applicable Departmental regulations, is therefore

fatal to his claim. See, e.g., CREW v. DOI, 503 F.Supp.2d 88 (2007) (failure to exhaust by not

filing a timely appeal); Hamilton Security Group, Inc. v. HUD, 106 F.Supp.2d 23 (2000) (filing

deadlines are strongly enforced; notice clearly stated 30 days from date of letter).

## II.    Defendants are entitled to judgment as a matter of law because adequate searches were conducted and non-exempt responsive materials were released to plaintiff.[3]

### A.    Adequacy of the Search Standard

In responding to a FOIA request, an agency must conduct a reasonable search for

responsive records.  Oglesby, 920 F.2d at 68; Weisberg v. U.S. Dep't of Justice, 705 F.2d 1344,

1352 (D.C. Cir. 1983).  This "reasonableness" standard focuses on the method of the search, not

its results, so that a search is not unreasonable simply because it fails to produce responsive

information.  Cleary, Gottlieb, Steen & Hamilton v. Dep't of Health and Human Services, 844 F.

Supp. 770, 777 n.4 (D.D.C. 1993).  An agency is not required to search every record system, but

need only search those systems in which it believes responsive records are likely to be located.

_____

[3]OIP did not search for records in response to plaintiff's April 1, 2004 and July 7, 2007 requests sent to OIP.  (Pustay Decl., ¶¶ 3-6).  As set forth in the Pustay Declaration, OIP did not maintain records relating to his April 1, 2004 request.  OIP directed him to the EOUSA and provided him a list of Department of Justice components that would maintain the records that he was seeking.  Id.  And the July 7, 2007, request asked for an opinion from the Attorney General, not agency records.  Id. ¶¶ 5-6.  Therefore, the adequacy of the search is not at issue in the FOIA requests sent to OIP.  Further, plaintiff did not exhaust his administrative remedies in regard to these two requests.  Supra pp. 12-13.

Oglesby, 920 F.2d at 68.  Consistent with the reasonableness standard, the adequacy of  the

search is "dependent upon the circumstances of the case."  Truitt v. Dep't of State, 897 F.2d 540,

542 (D.C. Cir. 1990).

The reasonableness inquiry does not examine "the fruits of the search," but instead

focuses upon "the appropriateness of the methods used to carry out the search."  Iturralde v.

Comptroller of the Currency, 315 F. 3d 311, 315 (D.C. Cir. 2003). The fundamental question is

not "whether there might exist any other documents responsive to the request, but rather whether

the search for those documents was adequate."  Steinberg v. Dept. of Justice, 23 F.3d 548, 551

(D.C. Cir. 1994) (quoting Weisberg v. U.S. Dep't of Justice, 745 F.2d 1476, 1485 (D.C. Cir.

1984)).

The burden rests with the agency to establish that it has "made a good faith effort to

conduct a search for the requested records, using methods which can be reasonably expected to

produce the information requested."  Oglesby, 920 F.2d at 68; see SafeCard Services v. SEC, 926

F.2d 1197, 1201 (D.C. Cir. 1991).  "An agency may prove the reasonableness of its search

through affidavits of responsible agency officials so long as the affidavits are relatively detailed,

non-conclusory and submitted in good faith."  Miller v. U.S. Dep't of State, 779 F.2d 1378, 1383

(8th Cir. 1985); Goland v. Central Intelligence Agency, 607 F.2d 339, 352 (D.C. Cir. 1978), cert.

denied, 445 U.S. 927 (1980).  Although the agency has the burden of proof on the adequacy of its

search, the "affidavits submitted by an agency are 'accorded a presumption of good faith,'"

Carney v. U.S. Dep't of Justice, 19 F.3d 807, 812 (2d Cir.), cert. denied, 513 U.S. 823 (1994)

(quoting SafeCard Services, 926 F.2d at 1200).  Thus, once the agency has met its burden

regarding the adequacy of its search, the burden shifts to the requester to rebut the evidence by a

15

showing of bad faith on the part of the agency. Miller, 779 F.2d at 1383. A requester may not

rebut agency affidavits with purely speculative allegations. See Carney, 19 F.3d at 813;

SafeCard Services, 926 F.2d at 1200; Maynard v. CIA, 986 F.2d 547, 559-560 (1st Cir. 1993).

As discussed below, defendant met the reasonableness standard in conducting its searches and is

therefore entitled to summary judgment.

### B. FBI Conducted Adequate Searches and Properly Asserted FOIA Exemptions Where Applicable

<u>First Request</u>

For plaintiff's first request to the FBI, FBI conducted a search of the Central Records

System ("CRS") at FBI Headquarters and FBI's Electronic Surveillance indices ("ELSUR").

(Hardy Decl., ¶¶ 7, 46). The CRS files are the means by which the FBI can determine what

retrievable information, if any, the FBI may have in its CRS files on a particular subject matter or

individual, i.e., Timothy Demitri Brown, and is therefore the place most likely to have responsive

records to plaintiff's first FOIA request where he asks for records:

> referencing me or my association . . . including but not limited to documents,
> reports, memoranda, letters, electronic files, database references, 'do Not File'
> files, "O&C" files, P&C files, photographic, audio & videotapes, electronic
> (ELSUR) or photographic surveillance, "June Mail" mail covers, trash covers and
> other miscellaneous files and index citations relation to me or my associations or
> referencing me.

(Hardy Decl., ¶ 5). Further, FBI also conducted a search of ELSUR as requested by plaintiff in

his first request. A search of the CRS using the name "Timothy Demitri Brown" as well as

plaintiff's date of birth and Social Security number was used to identify responsive records.

(Hardy Decl., ¶ 46). This search located no main files or ELSUR records responsive to

plaintiff's first request. Therefore, FBI has met its obligation under FOIA to conduct a search of

the places most likely to have records and has met its burden to conduct a reasonable search by

using his name, date of birth and Social Security number to search for responsive records.

Oglesby, 920 F.2d at 68; see SafeCard Services v. SEC, 926 F.2d 1197, 1201 (D.C. Cir. 1991).

Second Request

Plaintiff's second FOIA request was sent to FBI's New Orleans Field Office ("NOFO")

where he requested everything about himself.[4]  (Hardy Decl., ¶ 9).  The NOFO searched its

indices to the CRS in response to plaintiff's second request.  As a result of the search, the NOFO

identified main file 245F-NO-62649 and determined that this file was in a pending investigative

status.  (Hard Decl., ¶ 47).  Plaintiff was advised that the records concerning himself were being

withheld in their entirety pursuant to FOIA Exemption (b)(7)(A) and 5 U.S.C. 552(a)(j)(2).

Plaintiff, however, did not appeal the withholding of the records and did not specify in his

complaint whether he challenges the withholding.[5]

Because NOFO searched the place most likely to find responsive records, and did

indeed find responsive records, NOFO's search for responsive records in response to plaintiff's

second request was adequate and reasonable.  (See Hardy Decl., ¶¶ 9,36-45, 47).

---

[4]The FBI was unable to locate plaintiff's second request after an extensive search of both FBIHQ and NOFO records.  OIP has also searched its appeal database and has located no record of an appeal by plaintiff of FBI's November 29, 2001 response.  (Hardy Decl., ¶ 9 fn 2).

[5]Defendants do not address the withholding of information under (b)(7)(A) or 5 U.S.C. 552(a)(j)(2) because this Court lacks subject matter jurisdiction for this request due to the fact that plaintiff never appealed FBI's response. Supra at p. 13.  Defendants do reserve the right to defend the application of FOIA Exemption (b)(7)(A) and 5 U.S.C. 552(a)(j)(2) if properly challenged by plaintiff in subsequent pleadings.

<u>Third Request</u>

Plaintiff's third request asks for information on third-parties in law enforcement records (Hardy Decl., ¶ 11), was also submitted to the NOFO, which properly refused to confirm or deny the existence of records on third-parties without privacy waivers from those individuals. Specifically, upon receipt of the request, the NOFO advised plaintiff that before the FBI could process his request pertaining to another individual, it needed proof of death for or a privacy waiver from that person (Hardy Decl., ¶ 11).  The NOFO advised plaintiff that proof of death could be validated by a copy of a death certificate, an obituary, or a recognized reference source <u>Id</u>.  Plaintiff was advised that death is presumed if the birth date of the subject is more than 100 years ago. <u>Id</u>.  Accordingly, the NOFO advised plaintiff that without proof of death or a privacy waiver, the disclosure of law enforcement records concerning another individual would be considered an unwarranted invasion of personal privacy. <u>Id</u>.   Further, plaintiff was advised that if such records existed, they would be exempt from disclosure pursuant to FOIA Exemptions (b)(6) and/or (b)(7)(C).  <u>Id</u>.  Plaintiff was provided with a Privacy Waiver and Certification of Identity form and was advised that the FBI's response should not be considered an indication of whether or not responsive records existed.  <u>Id</u>.

<u>Glomar Response to the Third Request</u>

The Hardy Declaration explains that the FBI properly refused to confirm or deny the existence of records on third-parties without privacy waivers from those individuals in response to plaintiff's third FOIA request based on the applicability of Exemptions 6 and 7(C).  (Hardy Decl., ¶ 11, Exh. E).  Plaintiff's third FOIA request sought a "[l]ist of defendants charged with

18

Federal Drug offenses in the Western District of LA in the last 10 years; Copy of each sentencing

minutes in question" (see Hardy Decl. Exh. E).

      Absent an overriding public interest, the FBI's acknowledgment of the existence of

records pertaining to third-parties would be an unwarranted invasion of privacy.  U.S. Dept. of

Justice v. Reporters Committee for Freedom of the Press, 489 U.S. 749, 762 (1989).  This

response is commonly known as the "Glomar" response.  Except when the third-party subject is

deceased or provides a written waiver of his privacy rights, law enforcement agencies ordinarily

"Glomarize" such third-party requests–refusing to either confirm or deny the existence of

responsive requests–in order to protect the personal privacy interests of those who are in fact the

subject of or mentioned in investigatory files.  See e.g., Butler, 2006 U.S. Dist. LEXIS 4092

(finding that agency properly refused to confirm or deny the existence of records pertaining to

alleged DEA informants).

      This is the issue the Supreme Court addressed in Reporters Committee.  There, a news

organization sought the criminal history or rapsheet of an individual.  Id. at 775.  FBI refused to

confirm or deny the existence of any records.  Id.  The Court held that revealing the existence of

a rap sheet implicates the privacy interests of third parties about whom FBI receives a FOIA

request.  Id. at 762.  Moreover, the Court noted the existence of the Privacy Act and its

prohibition on revealing the identities of individuals whose names and identifying information is

held in governmental computer databases.  Id. at 766.

      Here, similar to Reporters Committee, the FBI refused to confirm or deny the existence

of records on third-parties without privacy waivers from those individuals in response to

19

plaintiff's third FOIA request based on the applicability of Exemptions 6 and 7(C).  (Hardy

Decl., ¶ 11, Exh. E). Thus, FBI's response was justified under FOIA.

### Fourth Request

Plaintiff submitted a fourth request to FBI requesting:

1.  The return of any and all copies of my book (Tyrant Wanted), in the possession
of FBI agent Tim Brewer or any other agent of the FBI 2. A copy of the entire file
concerning the investigation of the book (Tyrant Wanted) 3. A copy of the written
authorization for the thief of the book by Federal Bureau of Prison employee 4. A
copy of any and all reports, documents, tapes, video, audio or otherwise
concerning the interrogation of Timothy Demitri Brown about the book (Tyrant
Wanted).

(Hardy Decl., ¶ 15, Exh. I).

In response to plaintiff's fourth request, FBI conducted a search of the automated

indices of the CRS at FBI HQ.  (Hardy Decl., ¶ 49).  The search conducted used the terms

"Tyrant Wanted" and plaintiff's name.  Id.  The search located no main files responsive to

plaintiff's request.  Id.  The fruits of the search are not at issue here, rather, it is "the

appropriateness of the methods used to carry out the search."  Iturralde v. Comptroller of the

Currency, 315 F. 3d 311, 315 (D.C. Cir. 2003).  FBI searched the indices of the CRS, the place

most likely to have responsive records and used appropriate search terms including "Tyrant

Wanted" and plaintiff's name.  Therefore, FBI search should be considered adequate and

reasonable under the FOIA.

### Fifth Request

Plaintiff submitted a fifth request on August 21, 2007, to FBI asking for all files that

pertained to himself, "Operation Disturb the Peace," and BLSB (LA) Inc."  (Hardy Decl., ¶ 20).

The three subjects of plaintiff's request were treated individually and subsequently assigned

20

different FOIPA Request Numbers.  Separate response letters were sent to plaintiff for each of

the three subjects of this request (see infra Sixth and Seventh Requests).  Id. at fn 6.  FBI

conducted a search of its indices of the CRS in order to locate any main files that pertained to

"himself" and searched under plaintiff's name.  (Hardy Decl., ¶¶ 46 and 50).  As mentioned

above, the fruits of the search are not at issue here, rather, it is "the appropriateness of the

methods used to carry out the search."  Iturralde v. Comptroller of the Currency, 315 F. 3d 311,

315 (D.C. Cir. 2003).  FBI searched the indices of the CRS, the place most likely to have

responsive records and used appropriate search terms including "Tyrant Wanted" and plaintiff's

name.  Therefore, FBI search should be considered adequate and reasonable under the FOIA.

<u>Sixth Request</u>

The second part of plaintiff's August 21, 2007, request asked for files pertaining to

"Operation Disturb the Peace."  In response, FBIHQ searched its indices of the CRS in order to

locate any main investigatory files pertaining to the search term "Operation Disturb the Peace."

Hardy Decl., 51).  Again, no responsive records were found.  As mentioned above, the fruits of

the search are not at issue here, rather, it is "the appropriateness of the methods used to carry out

the search."  Iturralde v. Comptroller of the Currency, 315 F. 3d 311, 315 (D.C. Cir. 2003).  FBI

searched the indices of the CRS, the place most likely to have responsive records and used

appropriate search terms including "Operation Disturb the Peace."  Therefore, FBI search should

be considered adequate and reasonable under the FOIA.

<u>Seventh Request</u>

The third part of plaintiff's August 21, 2007, request asked for files pertaining to

"BLSB LA, Inc."  In response, FBIHQ searched its indices of the CRS in order to locate any

main investigatory files pertaining to the requested reocrds.(Hardy Decl., 52).  The search terms

used were "BLSB," "BLSB LA, Incl.," and BLSB LA,"  Again, no responsive records were

found.  As mentioned above, the fruits of the search are not at issue here, rather, it is "the

appropriateness of the methods used to carry out the search."  Iturralde v. Comptroller of the

Currency, 315 F. 3d 311, 315 (D.C. Cir. 2003).  FBI searched the indices of the CRS, the place

most likely to have responsive records and used appropriate search terms.  Therefore, FBI search

should be considered adequate and reasonable under the FOIA

> **B.**    **BOP Conducted an Adequate Search and Properly Applied Exemption (b)(7)(C)**

The Summers Declaration describes the reasonable and adequate search conducted by

the staff of FCC Beaumont in response to plaintiff's FOIA request for copies of the visitors log at

FCC Beaumont on October 17, 2006, the agent names and signatures for the interrogation of

himself and another individual on that same date, and the return of his book, Tyrant Wanted, and

information about its alleged theft. (Summers Decl., and Exh. 1).  Specifically, FCC Beaumont

staff were directed to conduct a search of the prison for all records responsive to his particular

request (Exh. 3) and forward any responsive records to the BOP, South Central Regional Office

in Dallas, Texas.   Id., ¶ 9, and Exh. 3.  The staff forwarded a copy of two pages of the visitor

log, as requested, and advised that they could not locate a copy of the book, Tyrant Wanted.   Id.,

¶ 12.  The log was redacted, pursuant to Exemption 7(C)  to withhold information which is

compiled for law enforcement purposes and the release of which would constitute an

unwarranted invasion of personal privacy of other individuals (Id., ¶ 13).

Here, the book "Tyrant Wanted" is not an agency record. The Supreme Court has articulated a basic, two-part test for determining what constitutes "agency records" under the FOIA: "Agency records" are records that are (1) either created or obtained by an agency, and (2) under agency control at the time of the FOIA request. U.S. Dep't of Justice v. Tax Analysts, 492 U.S. 136, 144-45 (1989) (holding that court opinions in agency files are agency records). Courts have identified four relevant factors for an agency to consider when making such a determination: (1) the intent of the record's creator to retain or relinquish control over the record; (2) the ability of the agency to use and dispose of the record as it sees fit; (3) the extent to which agency personnel have read or relied upon the record; and (4) the degree to which the record was integrated into the agency's systems or files. Burka v. HHS, 87 F.3d 508, 585 (D.C. Cir. 1996) (quoting Tax Analysts v. U.S. Dep't of Justice, 845 F.2d 1060, 1069 (D.C. Cir. 1988). The book was allegedly personal property of plaintiff, and was never considered an agency record.

Thus, the BOP conducted a search of all locations likely to yield documents responsive to plaintiff's request. Clearly, the search conducted here was reasonable. See Nation Magazine, 71 F.3d at 892 n.7; Miller, 779 F.2d at 1383 ("'the search need only be reasonable; it does not have to be exhaustive.'") (citing Nat'l Cable Television Ass'n v. FCC, 479 F.2d 183, 186 (D.C. Cir. 1973)).

Assertion of FOIA Exemption (b)(7)(C)

Section 552(b)(7)(C) of Title 5 of the U.S. Code exempts from disclosure:

> records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or

information . . . could reasonably be expected to constitute an unwarranted invasion of personal privacy.

In <u>Ruston v. Bureau of Alcohol, Tobacco, Firearms and Explosives</u>, 2007 WL 666568, *2

(D.D.C. 2007), the Court clearly stated that:

> [i]n determining whether this exemption applies to particular material, the court must balance the interest in privacy of the individual mentioned in the record against the public's interest in disclosure. <u>Beck v. Dep't of Justice</u>, 997 F.2d 1489, 1491 (D.C. Cir.1993). It is the "interest of the general public, and not that of the private litigant," that the court considers in this analysis. <u>Brown v. Fed. Bureau of Investigation</u>, 658 F.2d 71, 75 (2d Cir.1981) (citing <u>Ditlow v. Shultz</u>, 517 F.2d 166, 171-72 (D.C. Cir.1975)). "[T]he only public interest relevant for purposes of Exemption 7(C) is one that focuses on 'the citizens' right to be informed about what their government is up to.' " <u>Davis v. United States Dep't of Justice</u>, 968 F.2d 1276, 1282 (D.C.Cir.1992) (quoting <u>Dep't of Justice v. Reporters Comm. for Freedom of the Press</u>, 489 U.S. 749, 773 (1989)).

The BOP redacted the names and signatures of third parties, as well as the purpose of their visit to FCC Beaumont.    The Summers Declaration reflects clearly that Exemption 7(C) was appropriately applied in this case to protect names and the personal matters and information of the forgoing individuals.  (Summers Decl. ¶¶ 15-17).  Further, there is no public interest to be served by releasing the identities or the purpose of their visits of any of the third-parties set forth in the two log sheets.  For these reasons, BOP properly asserted Exemption 7(C).

### D.    EOUSA Conducted an Adequate Search

In response to plaintiff's FOIA request 06-3193 where he asked for:

> i)"Copies of all audio and video surveillance tapes, CDs or otherwise in the case of Timothy Demitri Brown, Western District of Louisiana, Alexandria Division case number 01-10012, "Operation Disturb the Peace."

24

> ii)"Disclosure of all outside agents and/or individuals and/or persons
> who may have records and/or did surveillance and/or provided information in
> the case of 01-10012 or the investigation of the defendants in this case."

(See Ex. D.), EOUSA conducted a search of the Legal Information Office Network System

("LIONS"). (Stearns Decl., ¶ 18 and Exh. J). LIONS has fields for retrieval of information

based on a defendant's name, USAO file jacket number, and district court case number. Id. The

Western District of Louisiana ("LAW") conducted a search by using Plaintiff's name and the

system indicated that there were no records responsive to the request. Id. Additionally, LAW

searched the four boxes of records that were located in the file room and did not find any

documents, audio, video, or CDs related to plaintiff's request. Id. As previously discussed, the

fruits of the search are not at issue here, rather, it is "the appropriateness of the methods used to

carry out the search." Iturralde v. Comptroller of the Currency, 315 F. 3d 311, 315 (D.C. Cir.

2003). EOUSA searched the LIONS database, the place most likely to have responsive records

and also searched four boxes of records located in the file room in the search for responsive

records. Therefore, EOUSA's search should be considered adequate and reasonable under the

FOIA.

### E.    The Criminal Division Conducted an Adequate Search

In an April 1, 2004 letter, plaintiff made a FOIA/PA request to the Criminal Division

requesting the following:

> a. "Copy of the letter of authorization to act on behalf of the United States to
> James Cowles, Jr., Richard Willis to prosecute state activities in the United States
> District Court, Western District of Louisiana, Alexandria Division, Case No. CR
> 01-10012, against Timothy D. Brown."
> b. "Copy of cession from the State of Louisiana to the United States of exclusive
> legislative jurisdiction over land commonly know as 3708 3rd Street, Alexandria,
> Louisiana, 303 Willow Glen River Road, Alexandria, Louisiana."

(Roberts Decl., ¶¶ 1, 4, and Exh. A).

In response to plaintiff's April 1, 2004 request, the Criminal Division searched the

JUSTICE/CRM-001 system that revealed no records responsive to plaintiff's request. (Roberts

Decl. ¶ 13).  Additionally, plaintiff specifically requested that the Criminal Division search the

following databases: JUSTICE/CRM-003, JUSTICE/CRM-004 AND JUSTICE/CRM-012.  Id.

at ¶¶ 15-17.  A search of these databases was conducted and no records were found that were

responsive to plaintiff's request.  Id.  As previously discussed, the fruits of the search are not at

issue here, rather, it is "the appropriateness of the methods used to carry out the search."

Iturralde v. Comptroller of the Currency, 315 F. 3d 311, 315 (D.C. Cir. 2003).  The Criminal

Division searched all the databases most likely to have responsive records as well as the

databases that were specifically requested to be search.  Id.  Further, as stated in the Roberts

Declaration, it is not surprising that the Criminal Division did not have responsive records

because the majority of Federal crimes are prosecuted by the local U.S. Attorney's Office,

independently, of the Criminal Division, and copies of such records are ordinarily not maintained

in the Criminal Division files.  Id. at 17.   Therefore, the Criminal Division search should be

considered adequate and reasonable under the FOIA.

   **F.**   **All Reasonably Segregable Material Has Been Released to Plaintiff**

   The FOIA requires that if a record contains information that is exempt from disclosure,

any "reasonably segregable" information must be disclosed after deletion of the exempt

information unless the non-exempt portions are "inextricably intertwined with exempt portions."

5 U.S.C. § 552(b); Mead Data, 566 F.2d at 260.  The Court of Appeals for the District of

Columbia Circuit has held that a District Court considering a FOIA action has "an affirmative

duty to consider the segregability issue <u>sua sponte</u>." <u>Trans-Pacific Policing Agreement v. United States Customs Serv.</u>, 177 F.3d 1022, 1028 (D.C. Cir. 1999).

In order to demonstrate that all reasonably segregable material has been released, the agency must provide a "detailed justification" rather than "conclusory statements." <u>Mead Data</u>, 566 F.2d at 261. The agency is not, however, required "to provide such a detailed justification" that the exempt material would effectively be disclosed. <u>Id.</u> All that is required is that the government show "with 'reasonable specificity'" why a document cannot be further segregated. <u>Armstrong v. Executive Office of the President</u>, 97 F.3d 575, 578-79 (D.C. Cir. 1996). Moreover, the agency is not required to "commit significant time and resources to the separation of disjointed words, phrases, or even sentences which taken separately or together have minimal or no information content." <u>Mead Data</u>, 566 F.2d at 261, n.55.

Plaintiff did not appeal his first, second, sixth and seventh FOIA requests submitted to the FBI, and there were no responsive records to his fourth and fifth requests. The FBI refused to confirm or deny the existence of any records that may have been responsive to plaintiff's third request. Accordingly, there was no segregable information that could be disclosed.

A review of the Summers Declaration reveals that the BOP carefully reviewed each document to determine if any information could be segregated and released, that two pages of the visitor's log were released (with appropriate redactions), and that all reasonably segregable non-exempt material has been released. <u>See</u> Summers Decl., ¶ 14; <u>Armstrong</u>, 97 F.3d at 578-79; <u>Mead Data</u>, 566 F.2d at 26.

# CONCLUSION

For all the foregoing reasons, Defendants' Motion to Dismiss Or, in the Alternative, for

Summary Judgment should be granted.

Respectfully submitted,


_____/s/_____
JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney


_____/s/_____
RUDOLPH CONTRERAS, D.C. Bar #434122
Assistant United States Attorney


_____/s/_____
CINDY S. OWENS, D.C. BAR # 491465
Special Assistant United States Attorney
United States Attorney's Office
555 4th Street, N.W.
Washington, D.C. 20530
202-616-2257/ FAX 202-514-8780


OF COUNSEL:
Vanessa Brinkmann, OIP
Sarah Joursek-Wint, FBI
Pamela Roberts, Criminal Division, DOJ
Dionne Stearns, EOUSA

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TIMOTHY DEMITRI BROWN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 07-1931 (RWR)** |
| ) | |
| **FEDERAL BUREAU** ) | |
| **OF INVESTIGATION, <u>et al.</u>** ) | |
| ) | |
| **Defendants.** ) | |

## ORDER

Upon consideration of Defendants' Motion to Dismiss or, in the alternative, Motion for Summary Judgment, it is hereby

ORDERED, that Defendants' Motion for Summary Judgment is hereby GRANTED; it is further

ORDERED, that Plaintiff's claims against the Defendants are hereby DISMISSED with prejudice.

_____

UNITED STATES DISTRICT JUDGE

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TIMOTHY DEMITRI BROWN,  ) | |
| ) | |
| Plaintiff,  ) | |
| ) | |
| v.  ) | Civil Action No. 07-1931 (RWR) |
| ) | |
| FEDERAL BUREAU  ) | |
| OF INVESTIGATION, et al.  ) | |
| ) | |
| Defendants.  ) | |

## DEFENDANTS' STATEMENT OF MATERIAL FACTS
## NOT IN GENUINE DISPUTE

Pursuant to LCvR 7(h), Defendants hereby submits the following statement of material facts not in genuine dispute in support of Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment as to the United States Department of Justice ("DOJ"), and its components, the Federal Bureau of Investigation ("FBI") and Bureau of Prisons ("BOP"), Office of Information and Privacy ("OIP"), Executive Office for the United States Attorneys ("EOUSA") and the Criminal Division of the United States Department of Justice ("Criminal Division"):

## I.   PLAINTIFF'S FOIA REQUESTS TO FBI

### FIRST REQUEST

(1)     By an undated letter, plaintiff submitted a FOIA/Privacy Act request to FBIHQ for records:

> referencing me or my association . . . including but not limited to documents, reports,
> memoranda, letters, electronic files,   database references, "do Not File" files, "O&C"
> files, P&C files, photographic, audio & videotapes, electronic (ELSUR) or photographic

surveillance, "June Mail" mail covers, trash covers and other miscellaneous files and index citations relating to me or my associations or referencing me.

(Declaration of David M. Hardy ("Hardy Decl."), Section Chief of the Record/Information Dissemination Section ("RIDS"), Records Management Division ("RMD"), at Federal Bureau of Investigation Headquarters ("FBIHQ"), Washington, D.C., ¶ 5, and Exh. A.)

(2)    By letter dated October 18, 2001, the FBI acknowledged receipt of plaintiff's FOIA/Privacy Act request and assigned it Request No. 951765.  (Hardy Decl., ¶ 6, and Exh. B.)

(3)    By letter dated October 29, 2001, the FBI advised plaintiff that a search of the automated indices of the Central Records System ("CRS") at FBIHQ and FBI's Electronic Surveillance ("ELSUR") indices located no records responsive to his FOIA/Privacy Act request. Plaintiff was advised that the automated indices is an index of all records created since January 1, 1958, in security, applicant, and administrative matters, as well as all records created since January 1, 1973, in criminal matters.   The FBI further advised plaintiff that if he believed records responsive to his request existed prior to the dates above, he would have to request another search.  Finally, the FBI advised plaintiff of his right to file an administrative appeal to the U.S. Department of Justice, Office of Information and Privacy ("OIP").  (Hardy Decl., ¶ 7; see Exh. C.)

(4)    The FBI has confirmed that OIP has no record of receiving an administrative appeal from plaintiff following the FBI's October 29, 2001 response letter.  (Hardy Decl., ¶ 8.)

<u>SECOND REQUEST</u>

(5)    By letter dated November 29, 2001, the FBI's New Orleans Field Office ("NOFO") responded to plaintiff's FOIA/Privacy Act request for information pertaining to

2

himself.[1]  Plaintiff was advised that a search of the automated indices to the CRS maintained in

the NOFO had located material responsive to his request.  Further, plaintiff was advised that the

records concerning himself were being withheld in their entirety pursuant to 5, U. S. C., §§ 552

and 552(a), subsections (b)(7)(A) and (j)(2).  Plaintiff was advised of his right to appeal to OIP.

(Hardy Decl., ¶ 9; see Exh. D.)

(6)     The FBI has confirmed that OIP has no record of receiving an administrative

appeal from plaintiff following the FBI's November 29, 2001 response letter.  (Hardy Decl., ¶

10.)

<u>THIRD REQUEST</u>

(7)     By letter dated July 17, 2002, the NOFO advised plaintiff that it was returning his

FOIA request.[2]  Plaintiff  was advised that before the FBI could process his request pertaining to

another individual, it needed proof of death for or a privacy waiver from that person.  The NOFO

advised plaintiff that proof of death could be validated by a copy of a death certificate, an

obituary, or a recognized reference source.  Plaintiff was advised that death is presumed if the

birth date of the subject is more than 100 years ago.  Accordingly, the NOFO advised plaintiff

that without proof of death or a privacy waiver, the disclosure of law enforcement records

concerning another individual would be considered an unwarranted invasion of personal privacy.

Further, plaintiff was advised that if such records existed, they would be exempt from disclosure

---

[1]The FBI was unable to locate plaintiff's second request after an extensive search of both
FBIHQ and NOFO records.  OIP has also searched its appeal database and has located no record
of an appeal by plaintiff of FBI's November 29, 2001 response.  (Hardy Decl., ¶ 9 fn. 2).

[2]  FBI policy at that time was to return an unperfected request to the requester and not
retain a copy in its files.  Accordingly, the FBI does not have a copy of plaintiff's third request.
(Hardy Decl., ¶ 11 fn. 3).

pursuant to FOIA Exemptions (b)(6) and/or (b)(7)(C). Plaintiff was provided with a Privacy

Waiver and Certification of Identity form and was advised that the FBI's response should not be

considered an indication of whether or not responsive records existed.  Lastly, plaintiff was

advised of his right to appeal to OIP.  (Hardy Decl., ¶ 11; see Exh. E.)

(8)    By letter dated August 17, 2002, plaintiff appealed the FBI's July 17, 2002,

response to OIP alleging that the requested information should be released to him as it was a

"public record."  (Hardy Decl., ¶ 12; see Exh. F.)

(9)    By an undated letter to OIP, plaintiff requested that it act on his appeal.  (Hardy

Decl., ¶ 13; see Exh. G.)

(10)    By letter dated October 1, 2002, OIP affirmed the NOFO's action on his request to

the extent that it declined to provide the names of individuals charged with federal drug offenses.

Plaintiff was advised that without an individual's consent, proof of death, or an overriding public

interest, the disclosure of law enforcement records concerning an individual could reasonably be

expected to constitute an unwarranted invasion of personal privacy.  OIP advised plaintiff that

the Office of Justice Programs through its Federal Justice Statistics Program had prepared

general information for public dissemination on drug crimes.  OIP furnished plaintiff with a

report on federal drug offenders.  OIP also advised plaintiff of his right to seek judicial review in

accordance with 5 U.S.C. § 552(a)(4)(B), if dissatisfied with its action on his appeal.  (Hardy

Decl., ¶ 14; see Exh. H.)

FOURTH REQUEST

(11)    By letter dated November 9, 2006, plaintiff submitted a FOIA/Privacy Act request

to FBIHQ for:

4

> 1  The return of any and all copies of my book (Tyrant Wanted), in the possession of FBI agent Tim Brewer or any other agent of the FBI[.]
> 2  A copy of the entire file concerning the investigation of the book (Tyrant Wanted)[.]
> 3  A copy of the written authorization for the thief of the book by Federal Bureau of Prison employee[.]
> 4  A copy of any and all reports, documents, tapes, video, audio or otherwise concerning the interrogation of Timothy Demitri Brown about the book (Tyrant Wanted)[.]

(Hardy Decl., ¶ 15; see Exh. I.)

(12)    By letter dated November 25, 2006, plaintiff appealed to OIP the FBI's lack of response to his November 9, 2006 request.  (Hardy Decl., ¶ 16; see Exh. J.)

(13)    By letter dated February 23, 2007, the FBI advised plaintiff that a search of the automated indices of the CRS at FBIHQ located no records responsive to his November 9, 2006 FOIA/Privacy Act request.  The FBI further advised plaintiff of his right to file an administrative appeal with OIP.  (Hardy Decl., ¶ 17; see Exh. K.)

(14)    By letter dated April 20, 2007, OIP acknowledged receipt of plaintiff's November 25, 2006 appeal and assigned it number 07-1096. (Hardy Decl., ¶ 18; see Exh. L.)

(15)    By letter dated July 3, 2007, OIP affirmed the FBI's action and advised plaintiff that although the FBI could locate no responsive records at FBIHQ pertaining to his book, "Tyrant Wanted," its office had found that the FBI Houston and New Orleans field offices might have responsive records.  OIP suggested that plaintiff  submit new requests directly to the Houston and New Orleans field offices.[3]  Plaintiff was advised of his right to file an appeal for any future adverse determinations made by the FBI.  OIP provided plaintiff with the FBI's

---

[3]Pursuant to 28 C.F.R. §§ 16.3(a) and 16.41(a), a requester must direct a FOIA/Privacy Act request to the field offices most likely to possess responsive records.

Houston and New Orleans field office addresses.[4]  Plaintiff was advised of his right to seek

judicial review.  (Hardy Decl., ¶ 19; see Exh. M.)

FIFTH REQUEST

(16)    By letter dated August 21, 2007, to FBIHQ, plaintiff submitted a FOIA/Privacy

Act request for all files that pertained to himself, "Operation Disturb The Peace," and "BLSB

(LA) Inc."[5]  (Hardy Decl., ¶ 20; see Exh. N.)

(17)    By letter dated September 5, 2007, the FBI advised plaintiff that his FOIA/Privacy

Act request pertaining to himself was being returned since it did not contain sufficient

information to conduct an accurate search of the CRS at FBIHQ.  Plaintiff was advised that his

full name, current address, date and place of birth, and daytime telephone number were

necessary.  The FBI also advised plaintiff that he might wish to provide other information

including: prior addresses, employments, and aliases, which he believed might assist the FBI in

locating the information he sought.  This letter was returned by plaintiff with the requested

information on September 13, 2007.  (Hardy Decl., ¶ 21; see Exh. O.)

(18)    By letter dated September 17, 2007, the FBI referenced plaintiff's request for

records on himself and advised plaintiff that a search of the automated indices of the CRS at

FBIHQ located no records responsive to his FOIA/Privacy Act request.  The FBI advised plaintiff

of his right to file an administrative appeal with OIP.  (Hardy Decl., ¶ 22; see Exh. P.)

-----

[4] The FBI searched its records and unable to find any FOIA/Privacy Act request submitted
by plaintiff to the FBI's Houston Field Office.

[5]The three subjects of plaintiff's request were treated individually and subsequently
assigned different FOIPA Request Numbers.  Separate response letters were sent to plaintiff for
each of the three subjects of this request.  See infra Sixth and Seventh Requests.

(19)    By letter dated September 21, 2007, plaintiff appealed to OIP FBI's September 17, 2007 response to his request for records on himself.  (Hardy Decl., ¶ 23; <u>see</u> Exh. Q.)

(20)    By letter dated October 10, 2007, OIP acknowledged receipt of plaintiff's appeal and assigned it number 08-0034.  (Hardy Decl., ¶ 24; <u>see</u> Exh. R.)

(21)    By letter dated October 25, 2007, OIP advised plaintiff that after carefully considering his September 21, 2007 appeal, its office was affirming the FBI's action on his request.  Plaintiff was advised that although the FBI could locate no responsive records at FBIHQ pertaining to himself, its office had determined that the Houston and New Orleans field offices might have responsive records.  OIP suggested that plaintiff submit new requests directly to the Houston and New Orleans field offices.[6]  OIP provided plaintiff with the FBI's Houston and New Orleans addresses.  Finally, plaintiff was advised of his right to file an appeal for any future adverse determinations made by the FBI.  Plaintiff was advised of his right to seek judicial review.  (Hardy Decl., ¶ 25; <u>see</u> Exh. S.)

<u>SIXTH REQUEST</u>

(22)    By letter dated August 21, 2007, to FBIHQ, plaintiff submitted a FOIA request for all files that pertained to Operation Disturb the Peace.  (Hardy Decl., ¶ 26; <u>see</u> Exh. N.)

(23)    By letter dated September 17, 2007, the FBI referenced plaintiff's Request No.1092350 and advised plaintiff a search of the automated indices to the CRS at FBIHQ located no records responsive to his FOIA request.  The FBI advised plaintiff of his right to file an administrative appeal with OIP.  (Hardy Decl., ¶ 27; <u>see</u> Exh. T.)

---

[6]Pursuant to 28 C.F.R. §§ 16.3(a) and 16.41(a), plaintiff must direct his FOIA/Privacy Act request to the field offices most likely to possess responsive records.

(24)    The FBI has confirmed that OIP has no record of receiving an administrative appeal from plaintiff following the FBI's September 17, 2007 response letter.  (Hardy Decl., ¶ 28.)

SEVENTH REQUEST

(25)    By letter dated August 21, 2007, to FBIHQ, plaintiff submitted a FOIA request for all files that pertained to BLSB (LA) Inc. (Hardy Decl., ¶ 29; see Exh. N.)

(26)    By letter dated September 17, 2007, the FBI referenced plaintiff's Request No.1092351 and advised plaintiff that a search of the automated indices to the CRS at FBIHQ located no records responsive to his FOIA request.  The FBI advised plaintiff of his right to file an administrative appeal with OIP.  (Hardy Decl., ¶ 30; see Exh. U.)

(27)    The FBI has confirmed that OIP has no record of receiving an administrative appeal from plaintiff following the FBI's September 17, 2007 response letter. (Hardy Decl., ¶ 31.)

EXPLANATION OF THE FBI'S CENTRAL RECORDS SYSTEM

(28)    The Central Records System ("CRS") enables the FBI to maintain all information which it has acquired in the course of fulfilling its mandated law enforcement responsibilities.  The records maintained in the CRS consist of administrative, applicant, criminal, personnel, and other files compiled for law enforcement purposes.  CRS is organized into a numerical sequence of files, called FBI "classifications," which are broken down according to subject matter.  The subject matter of a file may correspond to an individual, organization, company, publication, activity, or foreign intelligence matter (or program).  Certain records in the CRS are maintained at FBIHQ, whereas records that are pertinent to specific field offices of the FBI are maintained in those field offices.  While the CRS is primarily designed to serve as an investigative tool, the FBI

searches the CRS for documents that are potentially responsive to FOIA/Privacy Act requests. The mechanism that the FBI uses to search the CRS is the Automated Case Support System ("ACS"). (Hardy Decl., ¶ 36.)

(29)    On or about October 16, 1995, the ACS system was implemented for all Field Offices, Legal Attaches ("Legats"), and FBIHQ in order to consolidate portions of the CRS that were previously automated.  ACS can be described as an internal computerized subsystem of the CRS.  Because the CRS cannot electronically query the case files for data, such as an individual's name or social security number, the required information is duplicated and moved to the ACS so that it can be searched.  More than 105 million records from the CRS were converted from automated systems previously utilized by the FBI.  Automation did not change the CRS; instead, automation has facilitated more economic and expeditious access to records maintained in the CRS.  (Hardy Decl., ¶ 37).

(30)    The retrieval of data from the CRS is made possible through the ACS using the General Indices, which are arranged in alphabetical order.[7]  The entries in the General Indices fall into two categories:

      (a) A "main" entry – A "main" entry, or "main" file, carries the name corresponding with a subject of a file contained in the CRS.

      (b) A "reference" entry – "Reference" entries, sometimes called "cross-references," are generally only a mere mention or reference to an individual, organization, or other subject matter, contained in a document located in another "main" file on a different subject matter.

(Hardy Decl., ¶ 38.)

---

[7]  The General Indices, which became fully automated on September 24, 1987, also include index cards which allow a manual search for records prior to that date.

(31)    Searches made in the General Indices to locate records concerning a particular subject, such as, Timothy Demitri Brown, are made by searching the subject requested in the index. (Hardy Decl., ¶ 39.)

(32)    The ACS consists of three integrated, yet separately functional, automated applications that support case management functions for all FBI investigative and administrative cases:

(a) Investigative Case Management ("ICM") – ICM provides the ability to open, assign, and close investigative and administrative cases as well as to set, assign, and track leads. A case is opened by the Office of Origin (OO), which sets leads for itself and other field offices, as needed, opens a case. The offices that receive leads from the OO are referred to as Lead Offices ("LOs"). When a case is opened, it is assigned a Universal Case File Number ("UCFN") which is used by all FBIHQ, as well as all FBI field offices and Legats that are conducting or assisting in the investigation. Using file number 29C-NO-64822 as an example, an explanation of the UCFN is as follows: "29C" indicates the classification for that specific type of investigation, i.e., financial institution fraud ; "NO" is the abbreviated form used for the OO of this investigation, which in this case is the NOFO; and "64822" denotes the individual case file number for the particular investigation.

(b)  Electronic Case File ("ECF") – ECF serves as the central electronic repository for the FBI's official text-based documents. ECF supports the universal serial concept in that only the creator of a document serializes it into a file. This provides a single-source entry of serials into the computerized ECF system. All original serials are maintained in the OO case file.

(c) Universal Index ("UNI") – UNI continues the universal concepts of ACS by

providing a complete subject/case index to all investigative and administrative cases.  Only the

OO is required to index; however, the LOs may index additional information as needed.  UNI, an

index of approximately 100.7 million records, functions to index names to cases, and to search

names and cases for use in FBI investigations.  Names of individuals or organizations are

recorded with identifying applicable information such as date or place of birth, race, sex, locality,

Social Security number, address, and/or date of event.   (Hardy Decl., ¶ 40.)

(33)     The decision to index names other than subjects, suspects, and victims is a

discretionary decision made by the investigative FBI Special Agent ("SA") - and on occasion,

support employees - assigned to work on the investigation, the Supervisory SA ("SSA") in the

field office conducting the investigation, and the SSA at FBIHQ.  The FBI does not index every

name in its files; rather, it indexes only that information considered to be pertinent, relevant, or

essential for future retrieval.  Without a "key" (index) to this enormous amount of data,

information essential to ongoing investigations could not be readily retrieved.  The FBI files

would thus be merely archival in nature and could not be effectively used to serve the mandated

mission of the FBI, which is to investigate violations of federal criminal and national security

statutes.  Therefore, the General Indices to the CRS files are the means by which the FBI can

determine what retrievable information, if any, the FBI may have in its CRS files on a particular

subject matter or individual,  i.e., Timothy Demitri Brown.   (Hardy Decl., ¶ 41.)

<u>SURVEILLANCE "ELSUR" INDICES</u>

(34)     The Electronic Surveillance ("ELSUR") indices are used to maintain information

on subjects whose electronic and/or voice communications have been intercepted as the result of a

consensual electronic surveillance or a court-ordered (and/or sought) electronic surveillance

conducted by the FBI.  The ELSUR indices date back to January 1, 1960.  On or about October 9, 1991, the ELSUR indices were automated.  Since that time, FBIHQ and all FBI field offices have electronically generated, maintained, modified and accessed all ELSUR records.  (Hardy Decl., ¶ 42.)

(35)    The ELSUR indices are a separate system of records from the CRS. Prior to automation, the ELSUR indices consisted of index cards on individuals who had been the subject of a microphone or telephone surveillance by the FBI from 1960.  As stated above, the previous manual index card system was converted to an automated system on or about October 9, 1991. These indices include individuals who were the (a) targets of direct surveillance, (b) participants in monitored conversations, and (c) owners, leasers, or licensors of the premises where the FBI conducted electronic surveillance.  In addition to the names of individuals in the above categories, the cards in the ELSUR index contain the date the voice was monitored, a source number to identify the individual on whom the surveillance was installed, and the location of the FBI field office that conducted the monitoring.  (Hardy Decl., ¶ 43.)

(36)    ELSUR indices are published as a separate records system in the Federal Register because not all names contained in the ELSUR index can be retrieved through the General Index and CRS.  See 52 Fed. Reg. 8482 (1992).   (Hardy Decl., ¶ 44.)

(37)    The FBI field offices that have conducted electronic surveillance at any time from 1960 to the present also maintain ELSUR indices.  Since January 1, 1960, the field offices have been including in their ELSUR indices - and reporting to FBIHQ for inclusion in its index -  the names of all persons whose voices have been monitored through a FBI microphone installation or a telephone surveillance.  The names of monitored subjects are retrievable through the FBIHQ or

local field office ELSUR indices.   (Hardy Decl., ¶ 45.)

<u>SEARCH FOR RECORDS RESPONSIVE TO PLAINTIFF'S REQUESTS</u>

<u>FIRST REQUEST</u>

(38)    In response to the plaintiff's first request, FBIHQ searched the CRS in order to

locate any main investigatory files or ELSUR records maintained at FBIHQ that were responsive

to his request.  A search of the CRS using the name "Timothy Demitri Brown" would cover a

phonetic breakdown of the name.  For example, this search would locate records using the

phonetic sounds of each last and first name relating to the following names: "Brown, Timothy,

Demitri," "Brown, Timothy, D." "Brown, Timothy," "Brown, T. Demitri," "Brown, T.  D.," and

"Brown, Demitri,"  FBIHQ also used plaintiff's date of birth and Social Security number to

identify responsive records. This search located no main files or ELSUR records responsive to

plaintiff's request.  The FBI has confirmed that OIP has no record of receiving an administrative

appeal from plaintiff following the FBI's October 29, 2001 response letter.   (Hardy Decl., ¶ 46.)

<u>SECOND REQUEST</u>

(39)    The NOFO searched its indices to the CRS[8] in response to the plaintiff's second

request in order to locate any main investigatory files maintained in its office that were responsive

to his request.  As a result of this search, the NOFO identified main file 245F-NO-62649 and

determined that this file was in a pending investigative status.  The FBI has confirmed that OIP

has no record of receiving an administrative appeal from plaintiff following the FBI's November

29, 2001 response letter.   (Hardy Decl., ¶ 47.)

---

[8]A search of the CRS conducted in an FBI field office would cover the plaintiff's name as explained, <u>supra</u> ¶ 46.

### THIRD REQUEST

(40)    A search of the NOFO's indices of the CRS was not conducted for plaintiff's third request, as it pertained to third party individuals for which plaintiff did not submit a privacy waiver or proof of death.  (Hardy Decl., ¶ 48.)

### FOURTH REQUEST

(41)    The automated indices of the CRS at FBIHQ were searched in response to the plaintiff's fourth request in order to locate any main investigatory files pertaining to the book titled "Tyrant Wanted."  This search conducted using the search terms "Tyrant Wanted" and plaintiff's name.[9]  This search located no main files responsive to plaintiff's request.  (Hardy Decl., ¶ 49.)

### FIFTH REQUEST

(42)    In response to the plaintiff's fifth request, FBIHQ searched its indices of the CRS at FBIHQ in order to locate any main investigatory files that were responsive to plaintiff's request for records pertaining to himself.[10]   (Hardy Decl., ¶ 50.)

### SIXTH REQUEST

(43)    The automated indices of the CRS at FBIHQ were searched in response to plaintiff's sixth request in order to locate any main investigatory files pertaining to search term "Operation Disturb the Peace."  This search located no main files responsive to plaintiff's request.  The FBI has confirmed that OIP has no record of receiving an administrative appeal from plaintiff following the FBI's September 17, 2007 response letter.   (Hardy Decl., ¶ 51.)

---

[9] A search of the CRS conducted in an FBI field office would cover the plaintiff's name as explained, supra ¶ 46.

[10]A search of the CRS conducted in an FBI field office would cover the plaintiff's name as explained, supra ¶ 46.

<u>SEVENTH REQUEST</u>

(44)    In response to the plaintiff's seventh request, FBIHQ searched the CRS in order to

locate any main investigatory files maintained at FBIHQ that were responsive to the portion of his

request pertaining to BLSB (LA), Inc.  This search using search terms "BLSB," "BLSB LA, Inc.,"

and  "BLSB LA," located no main files responsive to plaintiff's request.  The FBI has confirmed

that OIP has no record of receiving an administrative appeal from plaintiff following the FBI's

September 17, 2007 response letter. (Hardy Decl., ¶ 52.)

<u>FBI FOIA/PRIVACY ACT POLICY</u>
<u>CONCERNING ROUTINE AUTOMATED SEARCHES</u>

(45)    It is the policy of the FBI,  in the absence of a specific request for a search of cross-

references at the administrative level, to search for and identify only "main" files responsive to

FOIA/Privacy Act requests.  For the second through seventh requests described above, plaintiff

did not specifically request that a search be conducted for cross-references.  In the absence of a

specific request for a search of cross-references at the initial administrative level, the FBI's

current policy is to search for and identify only "main" files responsive to FOIA/Privacy Act

requests.  Nevertheless, upon receipt of this litigation, FBIHQ did conduct another search of its

indices and that of the NOFO for all records responsive to plaintiff's requests to include main files

and cross references.  As a result of this search, the FBI located no responsive cross-references.

(Hardy Decl., ¶ 54.)

<u>CONSULTATION WITH OIP</u>

(46)    In preparation for this declaration, the FBI contacted OIP, the authority to review

FOIA appeals of FBI release determinations.  OIP advised, on or about December 18, 2007, that it

has no record of plaintiff filing administrative appeals related to his first, second, sixth, and seventh requests. Therefore, plaintiff has failed to exhaust the administrative remedies available to him prior to filing his complaint for his first, second, sixth, and seventh requests. The FBI located no records responsive to plaintiff's fourth and fifth requests, after conducting a search reasonably likely to locate responsive records. Finally, for the Third Request, the FBI properly failed to confirm or deny the existence of records on third-parties without privacy waivers from those individuals. (Hardy Decl., ¶ 55.)

## II. PLAINTIFF'S FOIA REQUEST TO BOP

(47)    On or about November 16, 2006, plaintiff submitted a "FOIA Request" dated November 9, 2006, to the BOP's South Central Regional Office, in error.[11] Plaintiff sought copies of USP Beaumont's Visitor Log Book for the date of October 17, 2006. At all times relevant to plaintiff's civil action, he was incarcerated at the Federal Correctional Complex (FCC), United States Penitentiary (USP) in Beaumont, Texas, from March 2, 2004 through April 12, 2007. USP Beaumont is located within the BOP's South Central Region. Additionally, plaintiff sought the "agent names and signatures for the interrogation" of himself and another individual. Plaintiff also requested the return of his book, Tyrant Wanted; a copy of any document, tape, or video recording concerning the "theft" of his property; and a copy of the authorization from the USP Beaumont Warden or supervisor who authorized the "theft" of his book. (Declaration of Karen Summers ("Summers Decl."), Paralegal Specialist for the United States Department of Justice, Federal Bureau of Prisons (BOP), South Central Regional Office (SCRO) in Dallas Texas, ¶¶ 1-6,

---

[11] A FOIA Request must be first submitted to the Director of the Federal Bureau of Prisons in Washington, D.C. Title 28, Code of Federal Regulations, Section 16.3.

and Exh. 1.)

(48)   By letter dated December 4, 2006, the SCRO advised plaintiff that he must first submit his request to the Director of the Bureau of Prisons in Washington, D.C., with instructions to clearly identify the envelope and correspondence as a Freedom of Information Act Request. (Summers Decl., ¶ 7, and Exh. 2.)

<u>FOIA REQUEST NUMBER 2007-02218</u>

(49)   Plaintiff's request, dated November 9, 2006, was received in December 2006 by the Freedom of Information and Privacy Act (FOIA/PA) Section of the BOP's Central Office in Washington, D.C.  The FOIA Request, assigned number 2007-02218, was forwarded on January 3, 2007, to  the BOP's SCRO for processing and response.  (Summers Decl., ¶ 8; <u>see</u> Exh. 1.)

(50)   The SCRO forwarded an electronic e-mail to FCC Beaumont directing staff to conduct a search pursuant to plaintiff's FOIA Request and forward any responsive records the SCRO.   (Summers Decl., ¶ 9, and Exh. 3.)

(51)  On or about December 2006, the FOIA/PA Section of the BOP's Central Office received correspondence from plaintiff, addressed to "FOIA Appeals, Office of Privacy" dated November 25, 2006; however, he did not provide a FOIA Request Number that he was attempting to appeal.[12]  Attached to the correspondence was a copy of his initial FOIA Request dated November 9, 2006, that he had initially forwarded to the SCRO in error and then appropriately to the BOP's FOIA/PA Section in Washington D.C.  This correspondence was not considered an appeal of FOIA Request Number 2007-02218.  The FOIA/PA Section forwarded a copy of

---

[12]It appears that plaintiff did not use the correct address when he attempted to mail his correspondence to the Office of Information and Privacy, and his correspondence was received in the BOP's FOIA/PA Section in Central Office.  (Summers Decl., ¶ 10 fn. 2).

plaintiff's correspondence to the SCRO on January 25, 2007.  (Summers Decl., ¶ 10, and Exh. 4).

(52)   By letter dated January 29, 2007, the SCRO sent an acknowledgment letter to plaintiff indicating his FOIA Request would be processed in chronological order based on the date of receipt.  (Summers Decl., ¶ 11, and Exh. 5).

(53)   FCC Beaumont staff forwarded the SCRO a copy of two pages from the USP Visitor Log, pursuant to plaintiff's FOIA Request.  However, staff could not locate a book, Tyrant Wanted, nor is there any evidence staff are in possession of this book.  (Summers Decl., ¶ 12, and Exh. 3.)

(54)   By letter dated January 30, 2007, the SCRO responded to plaintiff's FOIA Request Number 2007-02218, and informed him that two pages of the Visitor Log Book were located for the date of October 17, 2006, pursuant to his request.  The document was redacted, in part, pursuant to Title 5, United States Code § 522(b)(7)(C), because release of the information which is compiled for law enforcement purposes would constitute an unwarranted invasion of the personal privacy of other individuals.  He was further informed that his book, Tyrant Wanted, could not be located and was not in the possession of the BOP.  (Summers Decl., ¶ 13, and Exh. 6).

(55) Plaintiff was provided information to file an appeal with OIP within sixty days of the date of the BOP response to FOIA Request Number 2007-02218, dated January 30, 2007. (Summers Decl., ¶ 20).  A review of plaintiff's FOIA file maintained by the BOP indicates he failed to file an appeal, as no appeal documents were located.  OIP staff were contacted in March, 2008 and August, 2008 to confirm that plaintiff did not appeal FOIA Request Number 2007-02218.  Id.

(56)   No reasonably segregable non-exempt portions of the documents were withheld

from plaintiff.  Accordingly, the redacted information was exempt from disclosure pursuant to a

FOIA exemption or was not reasonably segregable because its release would have revealed the

underlying protected material.  (Summers Decl., ¶ 14.)

JUSTIFICATION FOR NON-DISCLOSURE UNDER THE FOIA<br>EXEMPTION 5 U.S.C. § 552(b)(7)(C)

(57)   To invoke Exemption (b)(7), the BOP must be able to demonstrate that records were

compiled for law enforcement purposes.  In this case, the records at issue were compiled for law

enforcement purposes during the course of BOP's performance of its law enforcement function of

protecting inmates, staff and the community.[13]  The term, "law enforcement officer" is defined by

statute as "an employee of the Bureau of Prisons or Federal Prison Industries, Inc."  See, e.g., 5

U.S.C. § 8401(17)(D)(I).  (Summers Decl., ¶ 15.)

(58)   Exemption (b)(7)(C) of the FOIA exempts from mandatory release of records or

information compiled for law enforcement purposes if such release could reasonably be expected

to constitute an unwarranted invasion of the personal privacy of third parties.  The information

withheld, in part, from plaintiff, purely pursuant to Exemption (b)(7)(C), consists of names and

signatures of a third parties, as well as the purpose of the visit.  (Summers Decl., ¶ 16).

(59)   In deciding to withhold this material, the privacy interests of these individuals were

balanced against the public interest in the information.  BOP determined that there was no public

---

[13] 18 U.S.C. § 4042 sets out the BOP's general authority: "The Bureau of Prisons, under the direction of the Attorney General, shall (1) have charge of the management and regulation of all Federal penal and correctional institutions; (2) provide suitable quarters and provide for the safekeeping, care, and subsistence of all persons charged with or convicted of offenses against the United States, or held as witnesses or otherwise; (3) provide for the protection, instruction, and discipline of all persons charged with or convicted of offenses against the United States."

interest in the release of this information because dissemination of the information would not help

explain the activities and operations of the BOP.  A privacy interest exists relating to information

about other individuals, in this case other inmates and official visitors, that is maintained in a

federal law enforcement file.  The only interest that would be served by release of the information

would be plaintiff's personal interest. (Summers Decl., ¶ 17.)

(60)   Plaintiff has been provided with responsive records pursuant to his request.  Where

appropriate, the BOP asserted FOIA exemptions for documents compiled for law enforcement

purposes and were evaluated for segregability during the administrative process.  The information

withheld cannot be further segregated without disclosing the identities and identifying factors of

third parties.  (Summers Decl., ¶ 19).

## III.         PLAINTIFF'S FOIA REQUESTS TO OIP

(61)     By letter dated April 1, 2004, plaintiff submitted a FOIA request to OIP for a copy

of the "letter of authorization to act on behalf of the United States, to [Assistant United States

Attorney] James Cowles, Jr., [United States Attorney] Richard Willis to prosecute state activities

in the United States District Court, Western District of Louisiana, Alexandria Division, Case No.

CR 01-10012, against Timothy D. Brown."  Plaintiff also requested a copy of cession from the

State of Louisiana to the United States of exclusive legislative jurisdiction over the land

commonly known as 3708 3rd Street, Alexandria, Louisiana."  This request was received by OIP

on April 12, 2004.  (Declaration of Melanie Ann Pustay, Director of the Office of Information and

Privacy (OIP), United States Department of Justice, ("Pustay Decl.") ¶¶ 1, 3, and Exh. A).

(62)     By letter dated April 15, 2004, OIP responded to plaintiff's April 1, 2004, request.

As to item one, OIP provided plaintiff general information about the authority of the United States

Attorneys and advised him to direct his request for information regarding his criminal case to the Executive Office for United States Attorneys. (Pustay Decl., ¶ 4). As to item two, OIP advised plaintiff that OIP maintains FOIA request files for itself and seven specified senior management offices of the Department of Justice and that OIP would not maintain the records he was seeking. Plaintiff was provided with a list of Department components describing the types of records each component maintains and providing the addresses to be used in submitting FOIA requests to those components. (Pustay Decl., ¶ 4). Plaintiff was also provided with information on how to appeal the action of OIP if he considered OIP's response to be a denial. (Pustay Decl., ¶ 4).

(63) By letter dated July 7, 2007, plaintiff submitted a letter addressed to the Office of the Attorney General asking that the Attorney General issue an opinion on the legal status of 21 U.S.C. § 841 and § 846 and various related issues. This letter was not received by OIP until January 7, 2008. (Pustay Decl., ¶ 5, and Exh. C). OIP responded to plaintiff's July 7, 2007 letter, advising him that the FOIA provides a right of access to federal agency records that exist and can be located in agency files. As such, plaintiff was further advised that the FOIA does not require federal agencies to compile information, conduct research, answer questions or create new documents in response to FOIA requests. Lastly, plaintiff was provided with information on how to appeal the action of OIP. (Pustay Decl., ¶ 6, and Exh. D).

(64) On March 11, 2007, OIP conducted a thorough keyword search of Oracle (the database that tracks appeals for OIP) to locate any administrative appeals from plaintiff using the search term "Brown." OIP located six administrative appeals filed by plaintiff. These appeals concern initial requests plaintiff previously submitted to the Executive Office for the United States Attorneys, the Federal Bureau of Investigation, and the Criminal Division of the

Department of Justice.  OIP has no record of ever receiving an administrative appeal from

plaintiff with regard to any of his initial requests submitted to OIP.  (Pustay Decl., ¶¶ 7, 8).

## IV.    PLAINTIFF'S FOIA REQUESTS TO EOUSA

### REQUEST NUMBER 06-2346

(65)    By letter dated March 14, 2006, Plaintiff submitted a FOIA request to the Western

District of Louisiana ("LAW").  (Declaration of Dione Jackson Stearns, Attorney Advisor in the

Executive Office for United States Attorneys ("EOUSA"), United States Department of Justice

("Stearns Decl.") ¶¶ 1, 7 and Exh. A).

(66)    By letter dated March 20, 2006, the LAW forwarded Plaintiff's request to EOUSA.

(Stearns Decl. ¶ 8, and Exh. B).

(67)    In the March 14, 2006 letter, Plaintiff did not verify his identity.  In order to

adequately protect privacy interests under the FOIA, the identity of the requester must be verified.

(Stearns Decl. ¶ 9, and Exh. A).

(68)    By letter dated August 17, 2006, EOUSA informed Plaintiff that because he failed

to provide a notarized example of his signature or a certification of identity under penalty of

perjury, EOUSA closed his file.   (Stearns Decl. ¶ 10, and Exh. C).

### REQUEST NUMBER 06-3139

(69)    By letter dated August 22, 2006, Plaintiff perfected his March 14, 2006 request by

including a certification of identity.   (Stearns Decl. ¶ 11, and Exh. D).

(70)    Upon receipt of Plaintiff's perfected request letter, EOUSA opened a new request

file for the request that was formerly designated as Request Number 06-2346, and assigned it the

new request number 06-3139.  On or about October 20, 2006, EOUSA informed plaintiff of this

22

new request number and provided information about expected processing times.   (Stearns Decl. ¶ 12, and Exh. E).

(71)     In the August 22, 2006 request letter, Plaintiff sought the following information:

i)      "Copies of all audio and video surveillance tapes, CDs or otherwise in the case of Timothy Demitri Brown, Western District of Louisiana, Alexandria Division case number 01-10012, "Operation Disturb the Peace."

ii)     "Disclosure of all outside agents and/or individuals and/or persons who may have records and/or did surveillance and/or provided information in the case of 01-10012 or the investigation of the defendants in this case." (Stearns Decl. ¶ 13, and Exh. A).

(72)     By letter dated November 30, 2006, EOUSA informed Plaintiff that a search for records located in the United States Attorney's Office for the Western District of Louisiana has revealed no records.   (Stearns Decl. ¶ 14, and Exh. F).

(73)     By letter dated December 7, 2006, Plaintiff filed an administrative appeal with the Office of Information and Privacy ("OIP").   In his appeal letter, Plaintiff asserted that the agency falsely claims not to have any records concerning his request.   (Stearns Decl. ¶ 15, and Exh. G).

(74)     By letter dated February 2, 2007, OIP acknowledged receipt of Plaintiff's appeal and assigned it the tracking number 07-0533.   (Stearns Decl. ¶ 16, and Exh. H).

(75)     OIP determined that EOUSA conducted an adequate, reasonable search in response to Plaintiff's request.   Accordingly, by letter dated April 3, 2007, OIP affirmed EOUSA's no records response dated November 30, 2006.   (Stearns Decl. ¶ 17, and Exh. I).

<u>ADEQUACY OF THE SEARCH</u>

(76)     By the aforementioned letter dated August 22, 2006, Plaintiff described the records

23

sought; provided a case number; and identified the USAO/LAW as the likely district to contain records responsive to his request. (Exh. D.) In short, Plaintiff provided enough detail in his request letter to enable EOUSA/LAW to locate the system of records likely to contain information with a reasonable amount of effort. The specific computer case tracking system used to undertake the search, which was reasonably calculated to uncover all relevant documents, was the Legal Information Office Network System ("LIONS"). LIONS has fields for retrieval of information based on a defendant's name, USAO file jacket number, and district court case number. LAW conducted a search by using Plaintiff's name and the system indicated that there are no records responsive to Plaintiff's request. Also, LAW searched the four boxes of records that were located in the file room and did not find any documents, audio, video, CDs related to Plaintiff's request. (Stearns Decl. ¶ 18, and Exh. J (Declaration of Eugene Cassanova)).

## V.    PLAINTIFF'S FOIA REQUEST TO CRIMINAL DIVISION

(77)    By letter dated April 1, 2004, plaintiff made a FOIA/PA request to the Department of Justice's Criminal Division for the copies of two specific items regarding his criminal case as follows:

a. "Copy of the letter of authorization to act on behalf of the United States to James Cowles, Jr., Richard Willis to prosecute state activities in the United States District Court, Western District of Louisiana, Alexandria Division, Case No. CR 01-10012, against Timothy D. Brown."

b. "Copy of cession from the State of Louisiana to the United States of exclusive legislative jurisdiction over land commonly know as 3708 3rd Street, Alexandria, Louisiana, 303 Willow Glen River Road, Alexandria, Louisiana."

24

(Declaration of Pamela A. Roberts, attorney in the Criminal Division of the United States Department of Justice ("Roberts Decl.") ¶¶ 1, 4, and Exh. A).

(78)    By letter dated June 23, 2004, the Criminal Division acknowledged receipt of plaintiff's FOIA/PA request and assigned it case number CRM-200400744P.  Plaintiff was advised that the Criminal Division was unable to search for records because additional information would be necessary.  Enclosed with the June 2004 letter were three forms that plaintiff was required to complete; specifically, the first form was the "Certification of Identification Form"; the second form was the "Privacy Act Identification and Request Form"; and the third form was the "Current Descriptive List of Systems of Records Maintained by the Criminal Division."   Plaintiff was advised that when the above-referenced forms were completed and returned, the Criminal Division would process his request.  (Roberts Decl. ¶ 5, and Exh. B).

(79)    On July 8, 2004, the Criminal Division received plaintiff's completed forms. Plaintiff requested that the following Criminal Division systems be searched for records concerning his request: JUSTICE/CRM-001 (Central Criminal Division Index File); JUSTICE/CRM-003 (Electronic Surveillance Records); JUSTICE/CRM-004 (General Litigation and Legal Advice Section); and JUSTICE/CRM-012(Organized Crime and Racketeering Section). (Roberts Decl. ¶ 6, and Exh. C).

(80)    By letter dated August 31, 2004, the Criminal Division acknowledged receipt of plaintiff's request and advised him that his request had been assigned file number CRM-200400995P.  Plaintiff was advised that the appropriate records systems would be searched and a response would be forwarded to him following the searches.   (Roberts Decl. ¶ 7, and Exh. D).

(81)    By letter dated December 9, 2004, the Criminal Division advised plaintiff that no

records pertaining to his request had been located by the Criminal Division. Plaintiff was advised that if he considered this response to be a denial of his request, he had the right to an administrative appeal. The address for submitting the appeal to the Office of Information and Privacy (OIP) was provided to plaintiff. (Roberts Decl. ¶ 8, and Exh. E).

(82)    On January 18, 2005, OIP acknowledged receipt of plaintiff's appeal. Although plaintiff's appeal concerned the responses of the United States Attorney's Office and the Federal Bureau of Investigation, OIP treated the appeal as an appeal of the Criminal Division's decision because plaintiff apparently attached a copy of the Criminal Division's response to his appeal. (Roberts Decl. ¶ 9, and Exh. F).

(83)    By letter dated March 14, 2005, OIP responded to plaintiff's appeal and affirmed the Criminal Division's action on his request. OIP advised plaintiff that the records he was seeking may be maintained by the Executive Office of U.S. Attorney suggested that he write to that office. (Roberts Decl. ¶ 10, and Exh. G).

(84)    On March 11, 2008, the Criminal Division's FOIA/PA Unit was notified by the United States Attorney's Office for the District of Columbia that plaintiff had filed a FOIA complaint. Plaintiff did not specifically name the Criminal Division as a defendant in the complaint but named the "Department of Justice" of which the Criminal Division is a component. (Roberts Decl. ¶ 11).

(85)    Plaintiff alleged in the complaint that "Defendants have and continue to willfully and knowingly deny complainant access to information contain (sic) in their respective organizations files which the complainant has statutory right to under the Freedom of Information Act, whereas this information shows conclusively that complainant is innocent of the charges for

which he is currently incarcerated."  (Roberts Decl. ¶ 12).

## SEARCHES FOR RESPONSIVE RECORDS

(86)    In processing requests from individuals seeking information on themselves, the

Criminal Division begins by searching its centralized records index, JUSTICE/CRM-001 (Central

Criminal Division Index File and Associated Records).  When a search of this Central Index

reflects responsive, or potentially responsive records, a search for such records is sent to the

section identified as having custody of the records.  In this instance a search of the

JUSTICE/CRM-001 system revealed no records responsive to plaintiff's request.  (Roberts Decl.

¶ 13).

(87)    In addition, the Criminal Division also affords requesters the opportunity to

designate specific Privacy Act systems of records to be searched by means of a form listing the

Division's systems of records and a short description of the nature of records maintained in each

and allowing requesters to designate specific systems to be searched merely by placing a check

mark adjacent to the system description.  Here, the plaintiff requested that searches be undertaken

of the following Privacy Act systems: JUSTICE/CRM-003, JUSTICE/CRM-004, and

JUSTICR/CRM-012.  (Roberts Decl. ¶ 14).

(88)    Pursuant to long-standing FOIA/PA search procedures, a search sheet with a copy

of the plaintiff's request is transmitted to all sections that may have records responsive to

plaintiff's request.  A copy of the "Privacy Act Identification and Request Form" which plaintiff

had completed was forwarded with the search sheets.  Designated personnel employed by the

pertinent sections undertake a search for responsive materials and report the results by means of

individual, signed forms to the Criminal Division FOIA/PA Unit.  Searches are to be undertaken

in the same manner as if the Criminal Division were seeking the information for its own, official

purposes.  By this means, the Criminal Division aims to ensure that its searches fully meet the

criteria established under the Freedom of Information Act, the Privacy Act and interpretative

decisional law.  (Roberts Decl. ¶ 15).

Respectfully submitted,


_____/s/_____
JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney


_____/s/_____
RUDOLPH CONTRERAS, D.C. Bar #434122
Assistant United States Attorney


_____/s/_____
CINDY S. OWENS, D.C. BAR # 491465
Special Assistant United States Attorney
United States Attorney's Office
555 4th Street, N.W.
Washington, D.C. 20530
202-616-2257/ FAX 202-514-8780


OF COUNSEL:
Vanessa Brinkmann, OIP
Sarah Joursek-Wint, FBI
Pamela Roberts, Criminal Division, DOJ
Dionne Stearns, EOUSA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| TIMOTHY DEMITRI BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civ. A. No. 07-1931 (RWR) |
| v. | ) | |
| | ) | |
| FEDERAL BUREAU OF INVESTIGATION, | ) | |
| et al. | ) | |
| | ) | |
| Defendants. | ) | |

## DECLARATION OF DAVID M. HARDY

I, David M. Hardy, declare as follows:

(1)     I am currently the Section Chief of the Record/Information Dissemination Section

("RIDS"), Records Management Division ("RMD"), at Federal Bureau of Investigation

Headquarters ("FBIHQ") in Washington, D.C.  I have held this position since August 1, 2002.

Prior to joining the FBI, from May 1, 2001 to July 31, 2002, I was the Assistant Judge Advocate

General of the Navy for Civil Law.  In that capacity, I had direct oversight of Freedom of

Information Act ("FOIA") policy, procedures, appeals, and litigation for the Navy.  From October

1, 1980 to April 30, 2001, I served as a Navy Judge Advocate at various commands and routinely

worked with FOIA matters.  I am also an attorney and have been licensed to practice law in the

State of Texas since 1980.

(2)     In my official capacity as Section Chief of RIDS, I supervise approximately 199

employees who staff a total of ten (10) FBIHQ units and a field operational service center unit

whose collective mission is to effectively plan, develop, direct, and manage responses to requests

for access to FBI records and information pursuant to the FOIA; Privacy Act; Executive Order 12958, as amended; Presidential, Attorney General, and FBI policies and procedures; judicial decisions; and Presidential and Congressional directives. The statements contained in this declaration are based upon my personal knowledge, upon information provided to me in my official capacity, and upon conclusions and determinations reached and made in accordance therewith.

(3)     Due to the nature of my official duties, I am familiar with the procedures followed by the FBI in responding to requests for information from its files pursuant to the provisions of the FOIA, 5 U.S.C. § 552, and the Privacy Act of 1974, 5 U.S.C. § 552a. Specifically, I am aware of the treatment which has been afforded the FOIA/Privacy Act requests of plaintiff Timothy Demitri Brown for access to records pertaining to himself; a list of defendants charged with Federal Drug offenses in the Western District of Louisiana; and information concerning a book titled "Tyrant Wanted" and two organizations--Operation Disturb the Peace and the BLSB (LA), Inc.

(4)     The purpose of this declaration is to provide the Court and plaintiff with an administrative history of plaintiff's requests and explain the procedures used to search for records responsive to his requests. This declaration is submitted in support of defendant's motion to dismiss, or in the alternative, motion for summary judgment based on plaintiff's failure to exhaust administrative remedies on four of his FOIA requests, no records being located for two requests, and proper refusal to confirm or deny the existence of records for the remaining request.[1]

---

[1]Plaintiff failed to exhaust his administrative remedies for his **First, Second, Sixth and Seventh Requests**, by not having submitted an appeal to OIP for FBI's responses to these requests. No records were located after a reasonable search was conducted for the **Fourth and**

## CHRONOLOGY OF PLAINTIFF'S FOIA/PRIVACY ACT REQUESTS

### FIRST REQUEST

(5)     By an undated letter, plaintiff submitted a FOIA/Privacy Act request to FBIHQ for records:

> referencing me or my association . . . including but not limited to documents, reports, memoranda, letters, electronic files, database references, "do Not File" files, "O&C" files, P&C files, photographic, audio & videotapes, electronic (ELSUR) or photographic surveillance, "June Mail" mail covers, trash covers and other miscellaneous files and index citations relating to me or my associations or referencing me.

**(See Exhibit A.)**

(6)     By letter dated October 18, 2001, the FBI acknowledged receipt of plaintiff's FOIA/Privacy Act request and assigned it Request No. 951765.  **(See Exhibit B.)**

(7)     By letter dated October 29, 2001, the FBI advised plaintiff that a search of the automated indices of the Central Records System ("CRS") at FBIHQ and FBI's Electronic Surveillance ("ELSUR") indices located no records responsive to his FOIA/Privacy Act request. Plaintiff was advised that the automated indices is an index of all records created since January 1, 1958, in security, applicant, and administrative matters, as well as all records created since January 1, 1973, in criminal matters.   The FBI further advised plaintiff that if he believed records responsive to his request existed prior to the dates above, he would have to request another search.  Finally, the FBI advised plaintiff of his right to file an administrative appeal to the U.S. Department of Justice ("DOJ"), Office of Information and Privacy ("OIP").  **(See Exhibit C.)**

---

**Fifth Requests**. For the **Third Request,** the FBI properly failed to confirm or deny the existence of records on third-parties without privacy waivers from those individuals.

3

(8)    The FBI has confirmed that OIP has no record of receiving an administrative appeal from plaintiff following the FBI's October 29, 2001 response letter.

### SECOND REQUEST

(9)    By letter dated November 29, 2001, the FBI's New Orleans Field Office ("NOFO") responded to plaintiff's FOIA/Privacy Act request for information pertaining to himself.[2]  Plaintiff was advised that a search of the automated indices to the CRS maintained in the NOFO had located material responsive to his request.  Further, plaintiff was advised that the records concerning himself were being withheld in their entirety pursuant to 5, U. S. C., §§ 552 and 552(a), subsections (b)(7)(A) and (j)(2).  Plaintiff was advised of his right to appeal to OIP. **(See Exhibit D.)**

(10)    The FBI has confirmed that OIP has no record of receiving an administrative appeal from plaintiff following the FBI's November 29, 2001 response letter.

### THIRD REQUEST

(11)    By letter dated July 17, 2002, the NOFO advised plaintiff that it was returning his FOIA request.[3]  Plaintiff  was advised that before the FBI could process his request pertaining to another individual, it needed proof of death for or a privacy waiver from that person.  The NOFO advised plaintiff that proof of death could be validated by a copy of a death certificate, an obituary, or a recognized reference source.  Plaintiff was advised that death is presumed if the

---

[2]The FBI was unable to locate plaintiff's second request after an extensive search of both FBIHQ and NOFO records.  OIP has also searched its appeal database and has located no record of an appeal by plaintiff of FBI's November 29, 2001 response.

[3]FBI policy at that time was to return an unperfected request to the requester and not retain a copy in its files.  Accordingly, the FBI does not have a copy of plaintiff's third request.

4

birth date of the subject is more than 100 years ago. Accordingly, the NOFO advised plaintiff

that without proof of death or a privacy waiver, the disclosure of law enforcement records

concerning another individual would be considered an unwarranted invasion of personal privacy.

Further, plaintiff was advised that if such records existed, they would be exempt from disclosure

pursuant to FOIA Exemptions (b)(6) and/or (b)(7)(C). Plaintiff was provided with a Privacy

Waiver and Certification of Identity form and was advised that the FBI's response should not be

considered an indication of whether or not responsive records existed. Lastly, plaintiff was

advised of his right to appeal to OIP.    **(See Exhibit E.)**

(12)    By letter dated August 17, 2002, plaintiff appealed the FBI's July 17, 2002

response to OIP alleging that the requested information should be released to him as it was a

"public record." **(See Exhibit F.)**

(13)    By an undated letter to OIP, plaintiff requested that it act on his appeal.

**(See Exhibit G.)**

(14)    By letter dated October 1, 2002, OIP affirmed the NOFO's action on his request to

the extent that it declined to provide the names of individuals charged with federal drug offenses.

Plaintiff was advised that without an individual's consent, proof of death, or an overriding public

interest, the disclosure of law enforcement records concerning an individual could reasonably be

expected to constitute an unwarranted invasion of personal privacy.  OIP advised plaintiff that

the Office of Justice Programs through its Federal Justice Statistics Program had prepared

general information for public dissemination on drug crimes.  OIP furnished plaintiff with a

report on federal drug offenders.  OIP also advised plaintiff of his right to seek judicial review in

accordance with 5 U.S.C. § 552(a)(4)(B), if dissatisfied with its action on his appeal.  **(See**

**Exhibit H.)**                                                                    .

FOURTH REQUEST

(15)    By letter dated November 9, 2006, plaintiff submitted a FOIA/Privacy Act request

to FBIHQ for:

> 1  The return of any and all copies of my book (Tyrant Wanted), in the possession
> of FBI agent Tim Brewer or any other agent of the FBI[.]
> 2  A copy of the entire file concerning the investigation of the book (Tyrant
> Wanted)[.]
> 3  A copy of the written authorization for the thief of the book by Federal Bureau
> of Prison employee[.]
> 4  A copy of any and all reports, documents, tapes, video, audio or otherwise
> concerning the interrogation of Timothy Demitri Brown about the book (Tyrant
> Wanted)[.]

**(See Exhibit I.)**

(16)    By letter dated November 25, 2006, plaintiff appealed to OIP the FBI's lack of

response to his November 9, 2006 request.  **(See Exhibit J.)**

(17)    By letter dated February 23, 2007, the FBI advised plaintiff that a search of the

automated indices of the CRS at FBIHQ located no records responsive to his November 9, 2006

FOIA/Privacy Act request.  The FBI further advised plaintiff of his right to file an administrative

appeal with OIP.  **(See Exhibit K.)**

(18)    By letter dated April 20, 2007, OIP acknowledged receipt of plaintiff's November

25, 2006 appeal and assigned it number 07-1096.  **(See Exhibit L.)**

(19)    By letter dated July 3, 2007, OIP affirmed the FBI's action and advised plaintiff

that although the FBI could locate no responsive records at FBIHQ pertaining to his book,

"Tyrant Wanted," its office had found that the FBI Houston and New Orleans field offices might

have responsive records.  OIP suggested that plaintiff submit new requests directly to the

6

Houston and New Orleans field offices.[4]  Plaintiff was advised of his right to file an appeal for any future adverse determinations made by the FBI.  OIP provided plaintiff with the FBI's Houston and New Orleans field office addresses.[5]  Plaintiff was advised of his right to seek judicial review.  **(See Exhibit M.)**

### FIFTH REQUEST

(20)    By letter dated August 21, 2007, to FBIHQ, plaintiff submitted a FOIA/Privacy Act request for all files that pertained to himself, "Operation Disturb The Peace," and "BLSB (LA) Inc."[6]  **(See Exhibit N.)**

(21)    By letter dated September 5, 2007, the FBI advised plaintiff that his FOIA/Privacy Act request pertaining to himself was being returned since it did not contain sufficient information to conduct an accurate search of the CRS at FBIHQ.  Plaintiff was advised that his full name, current address, date and place of birth, and daytime telephone number were necessary.  The FBI also advised plaintiff that he might wish to provide other information including: prior addresses, employments, and aliases, which he believed might assist the FBI in locating the information he sought.  This letter was returned by plaintiff with the requested information on September 13, 2007. **(See Exhibit O.)**

---

[4]Pursuant to 28 C.F.R. §§ 16.3(a) and 16.41(a), a requester must direct a FOIA/Privacy Act request to the field offices most likely to possess responsive records.

[5] The FBI searched its records and unable to find any FOIA/Privacy Act request submitted by plaintiff to the FBI's Houston Field Office.

[6]The three subjects of plaintiff's request were treated individually and subsequently assigned different FOIPA Request Numbers.  Separate response letters were sent to plaintiff for each of the three subjects of this request.  See infra Sixth and Seventh Requests.

(22)    By letter dated September 17, 2007, the FBI referenced plaintiff's request for records on himself and advised plaintiff that a search of the automated indices of the CRS at FBIHQ located no records responsive to his FOIA/Privacy Act request. The FBI advised plaintiff of his right to file an administrative appeal with OIP. **(See Exhibit P.)**

(23)    By letter dated September 21, 2007, plaintiff appealed to OIP FBI's September 17, 2007 response to his request for records on himself. **(See Exhibit Q.)**

(24)    By letter dated October 10, 2007, OIP acknowledged receipt of plaintiff's appeal and assigned it number 08-0034. **(See Exhibit R)**

(25)    By letter dated October 25, 2007, OIP advised plaintiff that after carefully considering his September 21, 2007 appeal, its office was affirming the FBI's action on his request. Plaintiff was advised that although the FBI could locate no responsive records at FBIHQ pertaining to himself, its office had determined that the Houston and New Orleans field offices might have responsive records. OIP suggested that plaintiff submit new requests directly to the Houston and New Orleans field offices.[7] OIP provided plaintiff with the FBI's Houston and New Orleans addresses. Finally, plaintiff was advised of his right to file an appeal for any future adverse determinations made by the FBI. Plaintiff was advised of his right to seek judicial review. **(See Exhibit S.)**

SIXTH REQUEST

(26)    By letter dated August 21, 2007, to FBIHQ, plaintiff submitted a FOIA request for all files that pertained to Operation Disturb the Peace. **(See Exhibit N.)**

---

[7]Pursuant to 28 C.F.R. §§ 16.3(a) and 16.41(a), plaintiff must direct his FOIA/Privacy Act request to the field offices most likely to possess responsive records.

(27)    By letter dated September 17, 2007, the FBI referenced plaintiff's Request No.1092350 and advised plaintiff a search of the automated indices to the CRS at FBIHQ located no records responsive to his FOIA request. The FBI advised plaintiff of his right to file an administrative appeal with OIP. **(See Exhibit T.)**

(28)    The FBI has confirmed that OIP has no record of receiving an administrative appeal from plaintiff following the FBI's September 17, 2007 response letter.

SEVENTH REQUEST

(29)    By letter dated August 21, 2007, to FBIHQ, plaintiff submitted a FOIA request for all files that pertained to BLSB (LA) Inc. **(See Exhibit N.)**

(30)    By letter dated September 17, 2007, the FBI referenced plaintiff's Request No.1092351 and advised plaintiff that a search of the automated indices to the CRS at FBIHQ located no records responsive to his FOIA request. The FBI advised plaintiff of his right to file an administrative appeal with OIP. **(See Exhibit U.)**

(31)    The FBI has confirmed that OIP has no record of receiving an administrative appeal from plaintiff following the FBI's September 17, 2007 response letter.

**EXPLANATION OF THE FBI'S CENTRAL RECORDS SYSTEM**

(36)    The Central Records System ("CRS") enables the FBI to maintain all information which it has acquired in the course of fulfilling its mandated law enforcement responsibilities. The records maintained in the CRS consist of administrative, applicant, criminal, personnel, and other files compiled for law enforcement purposes. CRS is organized into a numerical sequence of files, called FBI "classifications," which are broken down according to subject matter. The subject matter of a file may correspond to an individual, organization, company, publication,

9

activity, or foreign intelligence matter (or program). Certain records in the CRS are maintained at

FBIHQ, whereas records that are pertinent to specific field offices of the FBI are maintained in

those field offices. While the CRS is primarily designed to serve as an investigative tool, the FBI

searches the CRS for documents that are potentially responsive to FOIA/Privacy Act requests.

The mechanism that the FBI uses to search the CRS is the Automated Case Support System

("ACS").

(37)    On or about October 16, 1995, the ACS system was implemented for all Field

Offices, Legal Attaches ("Legats"), and FBIHQ in order to consolidate portions of the CRS that

were previously automated. ACS can be described as an internal computerized subsystem of the

CRS. Because the CRS cannot electronically query the case files for data, such as an individual's

name or social security number, the required information is duplicated and moved to the ACS so

that it can be searched. More than 105 million records from the CRS were converted from

automated systems previously utilized by the FBI. Automation did not change the CRS; instead,

automation has facilitated more economic and expeditious access to records maintained in the

CRS.

(38)    The retrieval of data from the CRS is made possible through the ACS using the

General Indices, which are arranged in alphabetical order.[8] The entries in the General Indices fall

into two categories:

> (a) A "main" entry – A "main" entry, or "main" file, carries the name
> corresponding with a subject of a file contained in the CRS.

> (b) A "reference" entry – "Reference" entries, sometimes called

---

[8]  The General Indices, which became fully automated on September 24, 1987, also
include index cards which allow a manual search for records prior to that date.

"cross-references," are generally only a mere mention or reference to an individual, organization, or other subject matter, contained in a document located in another "main" file on a different subject matter.

(39)    Searches made in the General Indices to locate records concerning a particular subject, such as, Timothy Demitri Brown, are made by searching the subject requested in the index.

(40)    The ACS consists of three integrated, yet separately functional, automated applications that support case management functions for all FBI investigative and administrative cases:

(a) Investigative Case Management ("ICM") – ICM provides the ability to open, assign, and close investigative and administrative cases as well as to set, assign, and track leads. A case is opened by the Office of Origin (OO), which sets leads for itself and other field offices, as needed, opens a case. The offices that receive leads from the OO are referred to as Lead Offices ("LOs"). When a case is opened, it is assigned a Universal Case File Number ("UCFN") which is used by all FBIHQ, as well as all FBI field offices and Legats that are conducting or assisting in the investigation. Using file number 29C-NO-64822 as an example, an explanation of the UCFN is as follows: "29C" indicates the classification for that specific type of investigation, i.e., financial institution fraud ; "NO" is the abbreviated form used for the OO of this investigation, which in this case is the NOFO; and "64822" denotes the individual case file number for the particular investigation.

(b) Electronic Case File ("ECF") – ECF serves as the central electronic repository for the FBI's official text-based documents. ECF supports the universal serial concept in that only

11

the creator of a document serializes it into a file. This provides a single-source entry of serials into the computerized ECF system. All original serials are maintained in the OO case file.

(c) Universal Index ("UNI") – UNI continues the universal concepts of ACS by providing a complete subject/case index to all investigative and administrative cases. Only the OO is required to index; however, the LOs may index additional information as needed. UNI, an index of approximately 100.7 million records, functions to index names to cases, and to search names and cases for use in FBI investigations. Names of individuals or organizations are recorded with identifying applicable information such as date or place of birth, race, sex, locality, Social Security number, address, and/or date of event.

(41)    The decision to index names other than subjects, suspects, and victims is a discretionary decision made by the investigative FBI Special Agent ("SA") - and on occasion, support employees - assigned to work on the investigation, the Supervisory SA ("SSA") in the field office conducting the investigation, and the SSA at FBIHQ. The FBI does not index every name in its files; rather, it indexes only that information considered to be pertinent, relevant, or essential for future retrieval. Without a "key" (index) to this enormous amount of data, information essential to ongoing investigations could not be readily retrieved. The FBI files would thus be merely archival in nature and could not be effectively used to serve the mandated mission of the FBI, which is to investigate violations of federal criminal and national security statutes. Therefore, the General Indices to the CRS files are the means by which the FBI can determine what retrievable information, if any, the FBI may have in its CRS files on a particular subject matter or individual, i.e., Timothy Demitri Brown.

12

## SURVEILLANCE "ELSUR" INDICES

(42)    The Electronic Surveillance ("ELSUR") indices are used to maintain information on subjects whose electronic and/or voice communications have been intercepted as the result of a consensual electronic surveillance or a court-ordered (and/or sought) electronic surveillance conducted by the FBI. The ELSUR indices date back to January 1, 1960. On or about October 9, 1991, the ELSUR indices were automated. Since that time, FBIHQ and all FBI field offices have electronically generated, maintained, modified and accessed all ELSUR records.

(43)    The ELSUR indices are a separate system of records from the CRS. Prior to automation, the ELSUR indices consisted of index cards on individuals who had been the subject of a microphone or telephone surveillance by the FBI from 1960. As stated above, the previous manual index card system was converted to an automated system on or about October 9, 1991. These indices include individuals who were the (a) targets of direct surveillance, (b) participants in monitored conversations, and (c) owners, leasers, or licensors of the premises where the FBI conducted electronic surveillance. In addition to the names of individuals in the above categories, the cards in the ELSUR index contain the date the voice was monitored, a source number to identify the individual on whom the surveillance was installed, and the location of the FBI field office that conducted the monitoring.

(44)    ELSUR indices are published as a separate records system in the Federal Register because not all names contained in the ELSUR index can be retrieved through the General Index and CRS. See 52 Fed. Reg. 8482 (1992).

(45)    The FBI field offices that have conducted electronic surveillance at any time from 1960 to the present also maintain ELSUR indices. Since January 1, 1960, the field offices have

13

been including in their ELSUR indices - and reporting to FBIHQ for inclusion in its index - the names of all persons whose voices have been monitored through a FBI microphone installation or a telephone surveillance. The names of monitored subjects are retrievable through the FBIHQ or local field office ELSUR indices.

## SEARCH FOR RECORDS RESPONSIVE TO PLAINTIFF'S REQUESTS

### FIRST REQUEST

(46)    In response to the plaintiff's first request, FBIHQ searched the CRS in order to locate any main investigatory files or ELSUR records maintained at FBIHQ that were responsive to his request. A search of the CRS using the name "Timothy Demitri Brown" would cover a phonetic breakdown of the name. For example, this search would locate records using the phonetic sounds of each last and first name relating to the following names: "Brown, Timothy, Demitri," "Brown, Timothy, D." "Brown, Timothy," "Brown, T. Demitri," "Brown, T. D.," and "Brown, Demitri," FBIHQ also used plaintiff's date of birth and Social Security number to identify responsive records. This search located no main files or ELSUR records responsive to plaintiff's request. The FBI has confirmed that OIP has no record of receiving an administrative appeal from plaintiff following the FBI's October 29, 2001 response letter.

### SECOND REQUEST

(47)    The NOFO searched its indices to the CRS[9] in response to the plaintiff's second request in order to locate any main investigatory files maintained in its office that were responsive to his request. As a result of this search, the NOFO identified main file 245F-NO-62649 and

---

[9]A search of the CRS conducted in an FBI field office would cover the plaintiff's name as explained, supra ¶ 46.

14

determined that this file was in a pending investigative status. The FBI has confirmed that OIP has no record of receiving an administrative appeal from plaintiff following the FBI's November 29, 2001 response letter.

### THIRD REQUEST

(48)    A search of the NOFO's indices of the CRS was not conducted for plaintiff's third request, as it pertained to third-party individuals for which plaintiff did not submit a privacy waiver or proof of death.

### FOURTH REQUEST

(49)    The automated indices of the CRS at FBIHQ were searched in response to the plaintiff's fourth request in order to locate any main investigatory files pertaining to the book titled "Tyrant Wanted." This search conducted using the search terms "Tyrant Wanted" and plaintiff's name.[10] This search located no main files responsive to plaintiff's request.

### FIFTH REQUEST

(50)    In response to the plaintiff's fifth request, FBIHQ searched its indices of the CRS at FBIHQ in order to locate any main investigatory files that were responsive to plaintiff's request for records pertaining to himself.[11]

### SIXTH REQUEST

(51)    The automated indices of the CRS at FBIHQ were searched in response to plaintiff's sixth request in order to locate any main investigatory files pertaining to search term

---

[10] A search of the CRS conducted in an FBI field office would cover the plaintiff's name as explained, supra ¶ 46.

[11] A search of the CRS conducted in an FBI field office would cover the plaintiff's name as explained, supra ¶ 46.

"Operation Disturb the Peace." This search located no main files responsive to plaintiff's request. The FBI has confirmed that OIP has no record of receiving an administrative appeal from plaintiff following the FBI's September 17, 2007 response letter.

SEVENTH REQUEST

(52)    In response to the plaintiff's seventh request, FBIHQ searched the CRS in order to locate any main investigatory files maintained at FBIHQ that were responsive to the portion of his request pertaining to BLSB (LA), Inc. This search using search terms "BLSB," "BLSB LA, Inc.," and "BLSB LA," located no main files responsive to plaintiff's request. The FBI has confirmed that OIP has no record of receiving an administrative appeal from plaintiff following the FBI's September 17, 2007 response letter.

**FBI FOIA/PRIVACY ACT POLICY**
**CONCERNING ROUTINE AUTOMATED SEARCHES**

(54)    It is the policy of the FBI, in the absence of a specific request for a search of cross-references at the administrative level, to search for and identify only "main" files responsive to FOIA/Privacy Act requests. For the second through seventh requests described above, plaintiff did not specifically request that a search be conducted for cross-references. In the absence of a specific request for a search of cross-references at the initial administrative level, the FBI's current policy is to search for and identify only "main" files responsive to FOIA/Privacy Act requests. Nevertheless, upon receipt of this litigation, FBIHQ did conduct another search of its indices and that of the NOFO for all records responsive to plaintiff's requests to include main files and cross references. As a result of this search, the FBI located no responsive cross-references.

16

## CONCLUSION

(55)    In preparation for this declaration, the FBI contacted OIP, the authority to review

FOIA appeals of FBI release determinations.  OIP advised, on or about December 18, 2007, that it

has no record of plaintiff filing administrative appeals related to his first, second, sixth, and

seventh requests.  Therefore, plaintiff has failed to exhaust the administrative remedies available

to him prior to filing his complaint for his first, second, sixth, and seventh requests.  The FBI

located no records responsive to plaintiff's fourth and fifth requests, after conducting a search

reasonably likely to locate responsive records.  Finally, for the Third Request, the FBI properly

failed to confirm or deny the existence of records on third-parties without privacy waivers from

those individuals.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true

and correct, and that **Exhibits A through U** attached hereto are true and correct copies.

Executed this ____ day of March, 2008.

DAVID M. HARDY
Section Chief
Record/Information Dissemination
Section
Records Management Division
Federal Bureau of Investigation
Washington, D.C.

IN THE UNITED STATES DISTRICT COURT
THE DISTRICT OF COLUMBIA

TIMOTHY DEMITRI BROWN,                    )
                                          )
        Plaintiff,                        )
                                          )
            v.                            )   Civil Action No. 07-1931(RWR)
                                          )
FEDERAL BUREAU OF INVESTIGATION,          )
et al,                                    )
        Defendant.                        )
                                          )

# EXHIBIT A

Request For My FBI File:

∪nder the Privacy Act And Freedom of Information Act

Timothy Demitri Brown

5 West 10979-035

Federal Detention Center Houston

P.O. Box 526255

Houston, TX. 77052

      Federal Bureau of Investigation

      Records Management Division- FOIA/PA Office

      9th and Pennsylvania Ave  N W.

      Washington, D.C. 20535

Greetings To Whom This Concerns:

      This is a request for agency records under the provisions of both the Privacy Act And the Freedom of Information Act as amended. This request is being made under both Acts.

      I request a copy of and all records referencing me or my association that are maintained at the F.B.I. including (but not limited to) documents, reports, memoranda, letters, electronic files, database references; "do Not File" files, "O&C" files, P&C files photographic, audiotapes & videotapes, electronic (ELSUR) or photographic surveillance, "June Mail", mail covers, trash covers and other miscellaneous files: and any index citations relating to me or my associations or referencing me ("see also") in

other files. Please check all indexes, and interpret this request very broadly.

My full name is:     Timothy Demitri Brown          D.O.B  09-07-1967

My place of birth.    Pineville, Louisiana          S S N. 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

FOIA/PA regulations provide that even if some requested material is properly exempt from mandatory disclosure, all segregable portions must be released. If the requested material is released with deletions, I ask that each deletion be marked to indicate the exemption(s) being claimed to authorize each particular withholding. In addition, I ask that your agency exercise its discretion to release records which may be technically exempt, but where withholding serves no important public interest

I hereby agree to pay reasonable cost associated with this request. However, I strongly request (and I believe that I am entitled to) a fee waiver because this is primarily a Privacy Act request, and I am an individual requestor

Sincerely

*Timothy D Brown*

Timothy D. Brown

Under the penalty of perjury the forgoing is true and correct to the best of my knowledge

_____ *May A. Buta* _____
Notary

IN THE UNITED STATES DISTRICT COURT
THE DISTRICT OF COLUMBIA

TIMOTHY DEMITRI BROWN,                    )
                                          )
          Plaintiff,                      )
                                          )
               v.                         )  Civil Action No. 07-1931(RWR)
                                          )
FEDERAL BUREAU OF INVESTIGATION,          )
et al,                                    )
          Defendant.                      )
                                          )

# EXHIBIT B



**U.S. Department of Justice**

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

MR TIMOTHY DEMITRI BROWN
**10979-035
POST OFFICE BOX 526255
HOUSTON, TX 77052

OCTOBER 18, 2001

Request No.: 0951765- 000
Subject:BROWN, TIMOTHY DEMITRI

Dear Requester:

☒     This acknowledges receipt of your Freedom of Information-Privacy Acts (FOIPA) request to the FBI. The FOIPA number listed above has been assigned to your request.

☐     For an accurate search of our records, please provide the complete name, alias, date and place of birth for the subject of your request. Any other specific data you could provide such as prior addresses, or employment information would also be helpful. If your subject is deceased, please include date and proof of death.

☐     To make sure information about you is not released to someone else, we require your notarized signature or, in place of a notarized signature, a declaration pursuant to Title 28, United States Code 1746. For your convenience, the reverse side of this letter contains a form which may be used for this purpose.

☐     If you want the FBI's Criminal Justice Information System (CJIS) to perform a search for your arrest record, please follow the enclosed instructions in Attorney General Order 556-73. You must submit fingerprint impressions so a comparison can be made with the records kept by CJIS. This is to make sure your information is not released to an unauthorized person.

☐     We are searching the indices to our central records system at FBI Headquarters for the information you requested, and will inform you of the results as soon as possible.

☐     Processing delays have been caused by the large number of requests received by the FOIPA. We will process your request(s) as soon as possible.

Your request has been assigned the number indicated above. Please use this number in all correspondence with us. Your patience is appreciated.

Sincerely yours,

*John M. Kelso Jr.*

John M. Kelso Jr.
Section Chief,
Freedom of Information-
Privacy Acts Section
Office of Public and
Congressional Affairs.

IN THE UNITED STATES DISTRICT COURT
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TIMOTHY DEMITRI BROWN,<br><br>    Plaintiff,<br><br>        v.<br><br>FEDERAL BUREAU OF INVESTIGATION,<br>et al,<br>    Defendant. | ) )<br>)<br>)<br>)<br>)  Civil Action No. 07-1931(RWR)<br>)<br>)<br>)<br>)<br>) |

# EXHIBIT C



**U.S. Department of Justice**

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

MR TIMOTHY DEMITRI BROWN
**10979-035
POST OFFICE BOX 526255
HOUSTON, TX 77052

October 29, 2001

Request No.: 0951765- 000
Subject: BROWN, TIMOTHY DEMITRI

Dear Requester:

This is in response to your Freedom of Information-Privacy Acts (FOIPA) request noted above.

Based on the information furnished, a search of the automated indices to our central records system files as well our electronic surveillance indices, at FBI Headquarters located no records responsive to your FOIPA request to indicate you and/or the subject(s) of your request have ever been of investigatory interest to the FBI. The automated indices is an index to all records created since January I, 1958, in security, applicant, and administrative matters, as well as to all records created since January 1, 1973, in criminal matters.

If you have reason to believe records responsive to your request exist prior to the above dates, you will have to request another search. In order to respond to our many requests in a timely manner, our focus is to identify responsive records in the automated indices that are indexed as main files. A main index record carries the names of subjects of FBI investigations.

Although no main file records responsive to your FOIPA request were located in our automated indices, we are required to inform you that you are entitled to file an administrative appeal if you so desire. Appeals should be directed in writing to the Co-Director, Office of Information and Privacy, U. S. Department of Justice, Suite 570, Flag Building, Washington, D. C. 20530, within 60 days from receipt of this letter. The envelope and the letter should be clearly marked "Information Appeal." Please cite the FOIPA request number assigned to your request so that it may easily be identified.

Sincerely yours,

*John M. Kelso Jr.*

John M. Kelso Jr.
Section Chief,
Freedom of Information-
 Privacy Acts Section
Office of Public and
 Congressional Affairs

IN THE UNITED STATES DISTRICT COURT
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TIMOTHY DEMITRI BROWN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 07-1931(RWR) |
| ) | |
| FEDERAL BUREAU OF INVESTIGATION, ) | |
| et al, ) | |
| Defendant. ) | |

# EXHIBIT D



**U.S. Department of Justice**

Federal Bureau of Investigation

In Reply, Please Refer to
File No.

2901 Leon C. Simon Blvd.
New Orleans, Louisiana 70126-1061
(504) 816-3000
November 29, 2001

Mr. Timothy Demitri Brown
D.C. 3
7400 Academy Dr.
Alexandria, LA 71303

Dear Mr. Brown:

Reference is made to your Freedom of Information/
Privacy Acts (FOIPA) request, for information pertaining to
yourself.

A search of the automated indices to the central
records system maintained in the New Orleans office located
material responsive to your request. These records concerning you
are being withheld in their entirety pursuant to the following
subsection of Title5, United States Code, Sections 552 and 552a:

(j)(2) material reporting investigative efforts
pertaining to the enforcement of criminal law
including efforts to prevent, control, or reduce
crime or apprehend criminals, except records of
arrest;

(b)(7) records or information compiled for law
enforcement purposes, but only to the extent
that the production of such law enforcement
records or information

(A) could reasonably be expected to interfere with
enforcement proceedings.

Your may submit an appeal from this denial by writing to the Co-Director, Office of Information and Privacy, United States Department of Justice, Flag Building, Suite 570, Washington, D. C. 20530, within 60 days from receipt of this letter. The envelope and the letter should be clearly marked "Freedom of Information Appeal." Please cite the name of the office to which your original request was directed.

Kenneth W. Kaiser
Special Agent in Charge

By:
William J. Stutzenbecker
Chief Division Counsel

2

IN THE UNITED STATES DISTRICT COURT
THE DISTRICT OF COLUMBIA

TIMOTHY DEMITRI BROWN,                    )
                                          )
          Plaintiff,                      )
                                          )
              v.                          )  Civil Action No. 07-1931(RWR)
                                          )
FEDERAL BUREAU OF INVESTIGATION,          )
et al,                                    )
          Defendant.                      )
                                          )

# EXHIBIT E

4-971 (8-19-96)



**U.S. Department of Justice**

**Federal Bureau of Investigation**
2901 Leon C. Simon Blvd.
New Orleans, Louisiana 70126

July 17, 2002

Mr. Timothy Demitri Brown
4207 Shady Lane
Llexandria, LA 71302

Subject of Request: List of Defendants charged wi
Federal Drug offenses in the
Western District of LA in the
last 10 years; Copy of each
sentencing minutes in questior

Dear Requester:

A copy of your letter asking for information maintained by the FBI under the Freedom of Information Act (FOIA) concerning another individual(s) is being returned to you.

Before we commence processing your request for records pertaining to another individual(s), we ask that you submit to the FBI either proof of death or a privacy waiver from that person. Proof of death can be a copy of a death certificate, obituary or a recognized reference source. Death is presumed if the birth date of the subject is more than 100 years ago. Without proof of death or a privacy waiver, the disclosure of law enforcement records or information about another person is considered an unwarranted invasion of personal privacy. Such records, if they exist, are exempt from disclosure pursuant to Exemptions (b)(6) and/or (b)(7)(C) of the FOIA, Title 5, United States Code, Section 552.

Enclosed is a Privacy Waiver and Certification of Identity form. (You may make additional copies if you are requesting information on more than one individual.) The subject of your request should complete this form and then sign it, preferably in the presence of a notary. The original privacy waiver must be provided to the FBI.

In order to ensure an accurate search of our records, please provide your subject's complete name, date of birth and place of birth, if you have not already done so.

Once you have provided us with the necessary information, as described above, we will conduct a search of our records and advise you of the results.

This response should not be considered an indication of whether or not records responsive to your request exist in FBI files.

You may submit an appeal from any denial contained herein by writing to the Director, Office of Information and Privacy, U.S. Department of Justice, Flag Building, Suite 570, Washington, D.C. 20530, within 30 days from receipt of this letter. The envelope and the letter should be clearly marked "Freedom of Information Appeal." Please include the office to which your original request was submitted.

Sincerely yours,
Kenneth W. Kaiser
Special Agent in Charge

By: _Michael D. Jenkins_
Michael D. Jenkins
Assistant Division Counsel

**All Attached Correspondence Must Be Returned to the FBI with this Letter**

Enclosure

IN THE UNITED STATES DISTRICT COURT
THE DISTRICT OF COLUMBIA

TIMOTHY DEMITRI BROWN,   )
                         )
        Plaintiff,       )
                         )
        v.               )   Civil Action No. 07-1931(RWR)
                         )
FEDERAL BUREAU OF INVESTIGATION,  )
et al,                   )
        Defendant.       )
                         )

# EXHIBIT F

Director, Office of Information and Privacy
U.S. Department of Justice
Flag Building, Suite 570
Washington, D.C. 20530

RE: Freedom of Information Act Appeal

Dear Sir or Madam,

Pursuant to Title 5, United State Code, Section 552, I hereby request Administrative Review of the denial of information (Public Record) by the FBI Office at 2901 Leon C. Simon Blvd., New Orleans LA, 70126 responding for FBI office 300 Jackson St. 3rd Floor Alexandria, La. 71301 Ken Klocke (original requested from).

The Information requested is public record And therefor not entitled to exempt status under (b)(6) or (b)(7)(c) of the FOIA, Title 5, United States Code, Section 552.

It is public knowledge that all government Agencies keep and maintain complete records and issue periodical reports of their activities.

Copies of these reports are forwarded to numberous other agencies, marked public record.

Under title 5(A)(6)(c), I must exhaust Administrative remedies before Petitioning the Court or filing a complaint with the Dept of Justice. Consider this request the last of that line of action. If I have not received the information requested within ten days of this request, I will ask for

harm.

Date: 8-17-02
Mailed: 8-17-02

Sincerely,
S. Demitri Brown
T. Demitri Brown    App
10979-035
P.O. Bot 7000
Florence, Co. 81226

IN THE UNITED STATES DISTRICT COURT
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TIMOTHY DEMITRI BROWN,<br><br>    Plaintiff,<br><br>      v.<br><br>FEDERAL BUREAU OF INVESTIGATION,<br>et al,<br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)   Civil Action No. 07-1931(RWR)<br>)<br>)<br>)<br>)<br>) |

# EXHIBIT G

Co-Director, Office of Information and Privacy
U.S. Department of Justice, Suite 570
Flag Building
Washington, DC. 20530

RE: FOIA Request for Administrative Review

Dear Sir,

   This is a follow-up on Request for Administrative
review of denial of information from Federal
Agency. (F.B.I. Alexandria, Va.). As of the above
date I have not recieved a response from
you. Therefore I am requesting immediate
delivery of the information requested. If
I have not recieved the information by 9-17-02
I will conceder it another denial of my
request, and the exhaustion of Administrative
remedies.

                                    Sincerely
                                    Timothy Brown
                                    10979-035
                                    P.O. Box 7000
                                    Florence, Co. 81226

IN THE UNITED STATES DISTRICT COURT
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TIMOTHY DEMITRI BROWN, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|        v. | )  Civil Action No. 07-1931(RWR) |
| | ) |
| FEDERAL BUREAU OF INVESTIGATION, | ) |
| et al, | ) |
|     Defendant. | ) |

# EXHIBIT H



**U.S. Department of Justice**

Office of Information and Privacy

_Telephone: (202) 514-3642_                    _Washington, D.C. 20530_

OCT  1 2002

Mr. Timothy Brown
Register No. 10979-035
United States Penitentiary            Re:  Appeal No. 02-3446
Post Office Box 7000                       FBI No. 965101
Florence, CO  81226                        RLH:ADW:ERW

Dear Mr. Brown:

     You appealed from the action of the New Orleans Field Office of
the Federal Bureau of Investigation on your request for access to a
list of defendants charged with federal drug offenses in the Western
District of Louisiana in the last ten years, as well as sentencing
minutes concerning those defendants.

     After carefully considering your appeal, I have decided to
affirm the New Orleans Field Office's action on your request to the
extent that it declined to provide you with the names of individuals
charged with federal drug offenses. Without an individual's consent,
proof of death, or an overriding public interest, the disclosure of
law enforcement records concerning an individual could reasonably be
expected to constitute an unwarranted invasion of personal privacy.
See 5 U.S.C. § 552(b)(7)(C). Please be advised, however, that the
Office of Justice Programs through its Federal Justice Statistics
Program has prepared general information for public dissemination on
drug crimes. A report on federal drug offenders is enclosed for your
use. I hope this information is useful.

     If you are dissatisfied with my action on your appeal, you may
seek judicial review in accordance with 5 U.S.C. § 552(a)(4)(B).

                              Sincerely,


                              Richard L. Huff
                              Co-Director


Enclosure

IN THE UNITED STATES DISTRICT COURT
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TIMOTHY DEMITRI BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 07-1931(RWR) |
| | ) |
| FEDERAL BUREAU OF INVESTIGATION, | ) |
| et al, | ) |
| Defendant. | ) |
| | ) |

# EXHIBIT I

Timothy Demitri Brown

U. S. Penitentiary
#10979-035
P.O. BOX 26030
Beaumont, Texas 77720

November 9, 2006

Federal Bureau of Investigation
Department of Justice
950 Pennsylvania Avenue
Washington, DC 20530

Dear Sir, Madam:

This is a request under the Freedom of Information Act as amended
(USC Title 5 § 552) in conjunction with the Privacy Act.

    I am writing to request a copy of the following information:

    1. The return of any and all copies of my book (Tyrant
       Wanted), in the possession of FBI agent Tim Brewer or
       any other agent of the FBI.

    2. A copy of the entire file concerning the investigation
       of the book (Tyrant Wanted).

    3. A copy of the written authorization for the thief of
       the book by Federal Bureau of Prison employee.

    4. A copy of any and all reports, documents, tapes, video,
       audio or otherwise concerning the interrogation of
       Timothy Demitri Brown about the book (Tyrant Wanted).

The FOIA also provides that if only a portion of a file are
exempted from release, the remainder must be released. I therefore
request that I be provided with all nonexempt portions which
are reasonably segregated.

If you have any questions regarding this request, please write
me at the address above. Please comply with all requirements
of the FOIA.

Sincerely Requested,

Timothy Demitri Brown

U.S. Department of Justice                  **Certification of Identity**                    

Privacy Act Statement. In accordance with 28 CFR Section 16.41(d) personal data sufficient to identify the individuals submitting requests by mail under the Privacy Act of 1974, 5 U.S.C. Section 552a, is required. The purpose of this solicitation is to ensure that the records of individuals who are the subject of U.S. Department of Justice systems of records are not wrongfully disclosed by the Department. Failure to furnish this information will result in no action being taken on the request. False information on this form may subject the requester to criminal penalties under 18 U.S.C. Section 1001 and/or 5 U.S.C. Section 552a(i)(3).

Public reporting burden for this collection of information is estimated to average 0.50 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Suggestions for reducing this burden may be submitted to Director, Facilities and Administrative Services Staff, Justice Management Division, U.S. Department of Justice, Washington, DC 20530 and the Office of Information and Regulatory Affairs, Office of Management and Budget, Public Use Reports Project (1103-0016), Washington, DC 20503.

Full Name of Requester [1]  **Timothy Demitri Brown**

Citizenship Status [2]  **State of Louisiana**   Social Security Number [3]  **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**

Current Address  **#10979-035  P.O. BOX 26030  Beaumont, Texas 77720**

Date of Birth  **Pineville, Louisiana**   Place of Birth  **)9-07-67**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am the person named above, and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years or both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C. 552a(i)(3) by a fine of not more than $5,000.

Signature [4]  _Timothy Demitri Brown_                    Date  _11-09-06_

**OPTIONAL: Authorization to Release Information to Another Person**

This form is also to be completed by a requester who is authorizing information relating to himself or herself to be released to another person.

Further, pursuant to 5 U.S.C. Section 552a(b), I authorize the U.S. Department of Justice to release any and all information relating to me to:

_____

Print or Type Name

[1] Name of individual who is the subject of the record sought.
[2] Individual submitting a request under the Privacy Act of 1974 must be either "a citizen of the United States or an Alien lawfully admitted for permanent residence," pursuant to 5 U.S.C. Section 552a(a)(2). Requests will be processed as Freedom of Information Act requests pursuant to 5 U.S.C. Section 552, rather than Privacy Act requests, for individuals who are not United States citizens or aliens lawfully admitted for permanent residence.
[3] Providing your social security number is voluntary. You are asked to provide your social security number only to facilitate the identification of records relating to you. Without your social security number, the Department may be unable to locate any or all records pertaining to you.
[4] Signature of individual who is the subject of the record sought.

FORM APPROVED OMB NO. 1103-0016

IN THE UNITED STATES DISTRICT COURT
THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| TIMOTHY DEMITRI BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-1931(RWR) |
| | ) | |
| FEDERAL BUREAU OF INVESTIGATION, | ) | |
| <u>et al</u>, | ) | |
| Defendant. | ) | |

# EXHIBIT J

Timothy Demitri Brown *app.*
#10979~035
P.O. BOX 26030
Beaumont, Texas 77720

November 25, 2006

FOIA Appeals
Office of Privacy
Dept. of Justice
Flag Building
Suite 570
Washington, DC 20530

RE: Appeal from request to the FBI

Dear Sir or Madam:

This is an appeal from the non-response to FOIA request.

The attached FOIA request was submitted to the FBI and as of
this date non-response has been received.

Please request that the information be forwarded as soon as
possible from the agency.

Sincerely

Timothy Demitri Brown

Timothy Demitri Brown

U. S. Penitentiary
#10979-035
P.O. BOX 26030
Beaumont, Texas 77720

November 9, 2006

Federal Bureau of Investigation
Department of Justice
950 Pennsylvania Avenue
Washington, DC 20530

Dear Sir, Madam:

This is a request under the Freedom of Information Act as amended
(USC Title 5 § 552) in conjunction with the Privacy Act.

I am writing to request a copy of the following information:

1. The return of any and all copies of my book (tyrant
   Wanted), in the possession of FBI agent Tim Brewer or
   any other agent of the FBI.

2. A copy of the entire file concerning the investigation
   of the book (Tyrant Wanted).

3. A copy of the written authorization for the thief of
   the book by Federal Bureau of Prison employee.

4. A copy of any and all reports, documents, tapes, video,
   audio or otherwise concerning the interrogation of
   Timothy Demitri Brown about the book (Tyrant Wanted).

The  FOIA also provides that if only a portion of  a file are
exempted from release, the remainder must be released.  I therefore
request that I be provided with all nonexempt portions which
are reasonably segregated.

If you have any questions regarding this request, please write
me at the address above.  Please comply with all requirements
of the FOIA.

Sincerely Requested,


Timothy Demitri Brown

IN THE UNITED STATES DISTRICT COURT
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TIMOTHY DEMITRI BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 07-1931(RWR) |
| | ) |
| FEDERAL BUREAU OF INVESTIGATION, | ) |
| et al, | ) |
| Defendant. | ) |

# EXHIBIT K





**U.S. Department of Justice**

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

February 23, 2007

MR. TIMOTHY DEMITRI BROWN
**10979-035
UNITED STATES PENITENTIARY
POST OFFICE BOX 26030
BEAUMONT, TX 77720

Request No.: 1070533- 000
Subject: BROWN, TIMOTHY DEMITRI

Dear Requester:

This is in response to your Freedom of Information-Privacy Acts (FOIPA) request noted above.

To promptly respond to requests, we concentrate on identifying main files in the central records system at FBI Headquarters. No records responsive to your FOIPA request were located by a search of the automated indices.

You may file an administrative appeal by writing to the Director, Office of Information and Privacy, United States Department of Justice, 1425 New York Ave., NW, Suite 11050, Washington, D.C. 20530-0001, within sixty days from the date of this letter. The envelope and the letter should be clearly marked "Freedom of Information Appeal" or "Information Appeal." Please cite the FOIPA number assigned to your request so that it may be easily identified.

Enclosed for your information is a copy of the FBI File Fact Sheet.

Sincerely yours,

David M. Hardy
Section Chief,
Record/Information
  Dissemination Section
Records Management Division

Enclosure

# FBI FILE FACT SHEET

- The primary function of the FBI is law enforcement.
  **The FBI does not keep a file on every citizen of the United States.**

- **The FBI was not established until 1908 and we have very few records prior to the 1920's.**

- **FBI files generally contain reports** of FBI investigations of a wide range of matters, including counterterrorism, foreign counter-intelligence, organized crime/drugs, violent crime, white-collar crime, applicants, and civil rights.

- **The FBI does not issue clearances or nonclearances for anyone other than its own personnel or persons having access to FBI facilities.** Background investigations for security clearances are conducted by many different Government agencies. Persons who received a clearance while in the military or employed with some other government agency should write directly to that entity.

- **An FBI identification record or "rap sheet" is NOT the same as an FBI "file"** - it is simply a listing of information taken from fingerprint cards submitted to the FBI in connection with arrests, federal employment, naturalization, or military service. The subject of a "rap sheet" may obtain a copy by submitting a written request to FBI, CJIS Division, Attn: SCU, Mod. D-2, 1000 Custer Hollow Road, Clarksburg, West Virginia 26306. Each request must have proof of identity which shall consist of **name, date and place of birth and a set of rolled-ink fingerprint impressions** placed upon fingerprint cards or forms commonly utilized for applicant or law enforcement purposes by law enforcement agencies, plus **payment of $18.00** in the form of a certified check or money order, payable to the Treasury of the United States.

- **The National Name Check Program (NNCP)** conducts a search of the FBI's Universal Index to identify **any** information contained in FBI records that may be associated with an individual and provides the results of that search to the requesting Federal, State or local agency. For the NNCP, a name is searched in a multitude of combinations and phonetic spellings to ensure all records are located. The NNCP also searches for both "main" and "cross reference" files. A main file is an entry that carries the name corresponding to the subject of a file while a cross reference is merely a mention of an individual contained in a file. The results from a search of this magnitude can result in several "hits" and "idents" on an individual. In each instance where UNI has identified a name variation or reference, information must be reviewed to determine whether it is applicable to the individual in question.

- **The Record/Information Dissemination Section/Freedom of Information-Privacy Acts (FOIPA)** search for records provides copies of FBI files relevant to a FOIPA request for information. FOIPA provides responsive documents to requesters seeking "reasonably described information." For a FOIPA search, the subject name, event, activity, business, or event is searched to determine whether there is an investigative file associated with the subject. This is called a "main file search" and differs from The **NNCP** search.

**FOR GENERAL INFORMATION ABOUT THE FBI,**
**CHECK OUT OUR WEBSITE AT**
**http://www.fbi.gov**

3-23-04

IN THE UNITED STATES DISTRICT COURT
THE DISTRICT OF COLUMBIA

TIMOTHY DEMITRI BROWN,           )
                                 )
        Plaintiff,               )
                                 )
        v.                       )  Civil Action No. 07-1931(RWR)
                                 )
FEDERAL BUREAU OF INVESTIGATION, )
et al,                           )
        Defendant.               )
                                 )

# EXHIBIT L



**U.S. Department of Justice**

Office of Information and Privacy

_Telephone: (202) 514-3642_                    _Washington, D.C. 20530_

Mr. Timothy D. Brown                    **APR 2 0 2007**
Register No. 10979-035
United States Penitentiary
P.O. Box 26030
Beaumont, TX  77720

      Re:  Request No. 1070533

Dear Mr. Brown:

      This is to advise you that your administrative appeal from the action of the Federal Bureau of Investigation was received by this Office on April 6, 2007.

      The Office of Information and Privacy, which has the responsibility of adjudicating such appeals, has a substantial backlog of pending appeals received prior to yours.  In an attempt to afford each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals in the approximate order of receipt.  Your appeal has been assigned number **07-1096.**  Please mention this number in any future correspondence to this Office regarding this matter.

      We will notify you of the decision on your appeal as soon as we can.  We regret the necessity of this delay and appreciate your continued patience.

                  Sincerely,

                  Priscilla Jones
                  Supervisory Administrative Specialist

FB1

IN THE UNITED STATES DISTRICT COURT
THE DISTRICT OF COLUMBIA

|                                          |   |                              |
|------------------------------------------|---|------------------------------|
| TIMOTHY DEMITRI BROWN,                   | ) |                              |
|                                          | ) |                              |
|     Plaintiff,       | ) |                              |
|                                          | ) |                              |
|     v.               | ) | Civil Action No. 07-1931(RWR)|
|                                          | ) |                              |
| FEDERAL BUREAU OF INVESTIGATION,         | ) |                              |
| et al,                                   | ) |                              |
|     Defendant.       | ) |                              |
|                                          | ) |                              |

# EXHIBIT M



**U.S. Department of Justice**

Office of Information and Privacy

---

*Telephone: (202) 514-3642*                    *Washington, D.C. 20530*

JUL 0 3 2007

Mr. Timothy D. Brown
Register No. 10979-035
United States Penitentiary                    Re:   Appeal No. 07-1096
Post Office Box 24550                                Request No. 1070533
Tucson, AZ  85734                                    MJS:CL

Dear Mr. Brown:

     You appealed from the action of the Headquarters Office of the Federal Bureau of Investigation on your request for access to records pertaining to your book, *Tyrant Wanted*.

     After carefully considering your appeal, I am affirming the FBI's action on your request. The FBI informed you that it could locate no records responsive to your request. I have determined that the FBI's response was correct.

     Although the FBI could locate no records responsive to your request at its Headquarters Office, my staff has looked into this and found that the Houston and the New Orleans Field Offices might have records responsive to your request. If you have not done so already, I suggest that you submit new requests directly to the Houston and New Orleans Field Offices. See 28 C.F.R. §§ 16.3(a), 16.41(a) (2006) (requests for records held by FBI field offices must be submitted to the field offices directly). You may appeal any future adverse determination made by the FBI. The addresses for the Houston and New Orleans Field Offices are:

                   Federal Bureau of Investigation
                   Houston Field Office
                   2500 East TC Jester
                   Houston, TX  77008-1300

                   Federal Bureau of Investigation
                   New Orleans Field Office
                   2901 Leon C. Simon Drive
                   New Orleans, LA  70126

-2-

If you are dissatisfied with my action on your appeal, you may seek judicial review in accordance with 5 U.S.C. § 552(a)(4)(B).

Sincerely,

Janice Galli McLeod
Associate Director

IN THE UNITED STATES DISTRICT COURT
THE DISTRICT OF COLUMBIA

TIMOTHY DEMITRI BROWN,                )
                                      )
           Plaintiff,                 )
                                      )
           v.                         )   Civil Action No. 07-1931(RWR)
                                      )
FEDERAL BUREAU OF INVESTIGATION,      )
et al,                                )
           Defendant.                 )
                                      )

# EXHIBIT N

AUGUST 21, 2007

FBI

RECORD/INFORMATION DISSEMINATION SECTION

935 PENNSYLVANIA AVENUE, NW

ROOM 6296

WASHINGTON, DC 20535


RE: FOIA Request as to Timothy Demitri Brown


TO WHOM THIS MAY CONCERN:

I am hereby requesting a copy of all records contained in your

files and/or outside agent files and/or related files which

contain and/or pertain to the following:

1.      Timothy Demitri Brown, 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, 09-07-67.

2.      Operation Disturb The Peace.

3.      BLSB (LA) Inc.

The Freedom of Information Act allows 20 days for your

response.

Graciously,

Timothy Demitri Brown

P.O. Box 24550

#10979-035

Tucson, AZ 85734

Timothy Demitri Brown
U.S.P. Tucson
#10979-035
P.O. Box 24550
Tucson, AZ 85734



TUCSON AZ 857

22 AUG 2007 PM 2 T

Opened & Inspected

AUG 8 07

Mail Services #23

20535+0000

Record/Information Dissemination
935 Pennsylvania Ave, NW
Room 6296
Washington, DC 20535

IN THE UNITED STATES DISTRICT COURT
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TIMOTHY DEMITRI BROWN,<br><br>    Plaintiff,<br><br>        v.<br><br>FEDERAL BUREAU OF INVESTIGATION,<br>et al,<br>    Defendant. | Civil Action No. 07-1931(RWR) |

# EXHIBIT O



**U.S. Department of Justice**

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

September 5, 2007

Mr. Timothy Demitri Brown
Post Office Box 24550
Tucson, AZ 85734

Dear Requester:

Your Freedom of Information-Privacy Acts (FOIPA) request is being returned. Your letter did not contain sufficient information to conduct an accurate search of the central records system at FBI Headquarters. The following information is necessary:

Full Name: *Timothy Demitri Brown*

Current Address: *P.O. Box 24550, # 10779-035, Tucson, AZ 85734*

Date of Birth: *09-07-62*   Place of Birth: *Pineville, Louisiana*

Daytime Telephone Number: *Incarcerated (520) 663-5000*

You may also wish to provide prior addresses, employments, aliases, etc., which you believe may assist the FBI in locating the information you seek. *3708 3rd Street, Alexandria, Louisiana*

*3829 Aguilland, Alexandria, Louisiana*

Under penalty of perjury, I hereby declare that I am the person named above and I understand that any falsification of this statement is punishable under the provisions of Title 18, United States Code (U.S.C.), Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years, or both; and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of Title 5, U.S.C., Section 552a(i)(3) as a misdemeanor and by a fine of not more than $5,000. **All signatures under the penalty of perjury statement must be original and legible, as the FBI is no longer accepting faxed signatures.**

Signature *Timothy Demitri B____*   Date *9-13-07*

To initiate your FOIPA request, please return the original request letter with the requested information. Please note that mail addressed to the FBI is delayed several weeks due to increased security procedures now in place. **You must mail your request with your original, legible signature.**

Sincerely yours,

David M. Hardy
Section Chief
Record/Information
Dissemination Section
Records Management Division

AUGUST 21, 2007

FBI

RECORD/INFORMATION DISSEMINATION SECTION

935 PENNSYLVANIA AVENUE, NW

ROOM 6296

WASHINGTON, DC 20535


RE: FOIA Request as to Timothy Demitri Brown


TO WHOM THIS MAY CONCERN:

I am hereby requesting a copy of all records contained in your

files and/or outside agent files and/or related files which

contain and/or pertain to the following:

1.      Timothy Demitri Brown, 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, 09-07-67.

2.      ~~Operation Disturb The Peace~~.

3.      ~~BLSS (DA) Inc~~.

The Freedom of Information Act allows 20 days for your

response.

Graciously,

Timothy Demitri Brown

P.O. Box 24550

#10979-035

Tucson, AZ 85734

Timothy Demitri Brown
P.O. Box 24550
U.S.P. Tucson
#10979-035
Tucson, AZ 85734



Federal Bureau of Investigation
Record / Information Dissemination
Section
170 Marcel Drive
Winchester, VA 22602-4843

22602+4843

IN THE UNITED STATES DISTRICT COURT
THE DISTRICT OF COLUMBIA

TIMOTHY DEMITRI BROWN,            )
                                  )
          Plaintiff,              )
                                  )
     v.                           )   Civil Action No. 07-1931(RWR)
                                  )
FEDERAL BUREAU OF INVESTIGATION,  )
et al,                            )
          Defendant.              )
                                  )

# EXHIBIT P



**U.S. Department of Justice**

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

September 17, 2007

MR. TIMOTHY DEMITRI BROWN
**10979-035
UNITED STATES PENITENTIARY TUCSON
POST OFFICE BOX 24550
TUCSON, AZ 85734

Request No.: 1091943- 000
Subject: BROWN, TIMOTHY DEMITRI

Dear Requester:

This is in response to your Freedom of Information-Privacy Acts (FOIPA) request noted above.

To promptly respond to requests, we concentrate on identifying main files in the central records system at FBI Headquarters. No records responsive to your FOIPA request were located by a search of the automated indices.

You may file an administrative appeal by writing to the Director, Office of Information and Privacy, United States Department of Justice, 1425 New York Ave., NW, Suite 11050, Washington, D.C. 20530-0001, within sixty days from the date of this letter. The envelope and the letter should be clearly marked "Freedom of Information Appeal" or "Information Appeal." Please cite the FOIPA number assigned to your request so that it may be easily identified.

Enclosed for your information is a copy of the FBI File Fact Sheet.

Sincerely yours,

David M. Hardy
Section Chief,
Record/Information
  Dissemination Section
Records Management Division

Enclosure

# FBI FILE FACT SHEET

- The primary function of the FBI is law enforcement.
  **The FBI does not keep a file on every citizen of the United States.**

- **The FBI was not established until 1908 and we have very few records prior to the 1920's.**

- **FBI files generally contain reports** of FBI investigations of a wide range of matters, including counterterrorism, foreign counter-intelligence, organized crime/drugs, violent crime, white-collar crime, applicants, and civil rights.

- **The FBI does not issue clearances or nonclearances for anyone other than its own personnel or persons having access to FBI facilities.** Background investigations for security clearances are conducted by many different Government agencies. Persons who received a clearance while in the military or employed with some other government agency should write directly to that entity.

- **An FBI identification record or "rap sheet" is NOT the same as an FBI "file"** - it is simply a listing of information taken from fingerprint cards submitted to the FBI in connection with arrests, federal employment, naturalization, or military service. The subject of a "rap sheet" may obtain a copy by submitting a written request to FBI, CJIS Division, Attn: SCU, Mod. D-2, 1000 Custer Hollow Road, Clarksburg, West Virginia 26306. Each request must have proof of identity which shall consist of **name, date and place of birth and a set of rolled-ink fingerprint impressions** placed upon fingerprint cards or forms commonly utilized for applicant or law enforcement purposes by law enforcement agencies, plus **payment of $18.00** in the form of a certified check or money order, payable to the Treasury of the United States.

- **The National Name Check Program (NNCP)** conducts a search of the FBI's Universal Index to identify <u>any</u> information contained in FBI records that may be associated with an individual and provides the results of that search to the requesting Federal, State or local agency. For the NNCP, a name is searched in a multitude of combinations and phonetic spellings to ensure all records are located. The NNCP also searches for both "main" and "cross reference" files. A main file is an entry that carries the name corresponding to the subject of a file while a cross reference is merely a mention of an individual contained in a file. The results from a search of this magnitude can result in several "hits" and "idents" on an individual. In each instance where UNI has identified a name variation or reference, information must be reviewed to determine whether it is applicable to the individual in question.

- **The Record/Information Dissemination Section/Freedom of Information-Privacy Acts (FOIPA)** search for records provides copies of FBI files relevant to a FOIPA request for information. FOIPA provides responsive documents to requesters seeking "reasonably described information." For a FOIPA search, the subject name, event, activity, business, or event is searched to determine whether there is an investigative file associated with the subject. This is called a "main file search" and differs from The NNCP search.

**FOR GENERAL INFORMATION ABOUT THE FBI,**
**CHECK OUT OUR WEBSITE AT**
**http://www.fbi.gov**

3-23-04

IN THE UNITED STATES DISTRICT COURT
THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| TIMOTHY DEMITRI BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-1931(RWR) |
| | ) | |
| FEDERAL BUREAU OF INVESTIGATION, | ) | |
| et al, | ) | |
| Defendant. | ) | |

# EXHIBIT Q

September 21, 2007

Director, Office of Information and Privacy

United States Department of Justice

1425 New York Ave., NW, Suite 11050

Washington, D.C. 20530-0001

RE: FOIPA NUMBER 1091943-000

Dear Director:

Accept this as a formal appeal to the denial of the above referred Freedom of Information Act Request. I am sure that their are records concerning my unlawful detention, or is it true that Ken Kloche is not a FBI Agent, or that he is acting outside of the constitutional granted jurisdiction of the federal government, or he just kidnapping state citizens on his on whim.

The agency claimed it searched "main files in the central records system at FBI Headquarters." My request asked that they search "all files at any location." Evidently this is part of the game that they play with individuals' lives.

I hereby appeal this denial and request that you order the agency to turn over all information including but not limited to the tapes, audio and video, of the alleged incidents as testified to by "FBI Agent Ken Klocke at my trial in the Western District of Louisiana, 01-10012." The withholding of these tapes is causing me to be incarcerated unlawful.

Graciously Submitted,

Timothy Demitri Brown

AUGUST 21, 2007

FBI

RECORD/INFORMATION DISSEMINATION SECTION

935 PENNSYLVANIA AVENUE, NW

ROOM 6296

WASHINGTON, DC 20535


RE: FOIA Request as to Timothy Demitri Brown


TO WHOM THIS MAY CONCERN:

I am hereby requesting a copy of all records contained in your
files and/or outside agent files and/or related files which
contain and/or pertain to the following:

1.      Timothy Demitri Brown, 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, 09-07-67.

2.      Operation Disturb The Peace.

3.      BLSB (LA) Inc.

The Freedom of Information Act allows 20 days for your
response.

Graciously,

Timothy Demitri Brown

P.O. Box 24550

#10979-035

Tucson, AZ 85734

Timothy Demitri Brown
U.S.P. Tucson
#10979-035
P.O. Box 24550
Tucson, AZ 85734

TUCSON AZ 857

27 AUG 2007 PM 2 T



Opened & Inspected

AUG 1 8 007

Mail Services #23

20535+0000

Record/Information Dissemination
935 Pennsylvania Ave, NW
Room 6296
Washington, DC 20535

IN THE UNITED STATES DISTRICT COURT
THE DISTRICT OF COLUMBIA

TIMOTHY DEMITRI BROWN,          )
                                     )
    Plaintiff,                 )
                                     )
       v.                  )  Civil Action No. 07-1931(RWR)
                                   )
FEDERAL BUREAU OF INVESTIGATION,   )
et al,                       )
    Defendant.              )
                                   )

# EXHIBIT R



**U.S. Department of Justice**

Office of Information and Privacy

_Telephone: (202) 514-3642_                     _Washington, D.C. 20530_

OCT 1 0 2007

Mr. Timothy Demitri Brown
Register No. 10979-035
United States Penitentiary
P.O. Box 24550
Tucson, AZ 85734

     Re: Request No. 1091943

Dear Mr. Brown:

     This is to advise you that your administrative appeal from the action of the Federal Bureau of Investigation was received by this Office on October 4, 2007.

     The Office of Information and Privacy, which has the responsibility of adjudicating such appeals, has a substantial backlog of pending appeals received prior to yours. In an attempt to afford each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals in the approximate order of receipt. Your appeal has been assigned number **08-0034**. Please mention this number in any future correspondence to this Office regarding this matter.

     We will notify you of the decision on your appeal as soon as we can. We regret the necessity of this delay and appreciate your continued patience.

                       Sincerely,

                       Priscilla Jones
                       Supervisory Administrative Specialist

IN THE UNITED STATES DISTRICT COURT
THE DISTRICT OF COLUMBIA

TIMOTHY DEMITRI BROWN,                    )
                                          )
              Plaintiff,                  )
                                          )
                    v.                    )    Civil Action No. 07-1931(RWR)
                                          )
FEDERAL BUREAU OF INVESTIGATION,          )
et al,                                    )
              Defendant.                  )
                                          )

# EXHIBIT S



U.S. Department of Justice

Office of Information and Privacy

_____

*Telephone: (202) 514-3642*                    *Washington, D.C. 20530*

OCT 2 5 2007

Mr. Timothy D. Brown
Register No. 10979-035
United States Penitentiary          Re:    Appeal No. 08-0034
Post Office Box 24550                       Request No. 1091943
Tucson, AZ 85734                            ADW:CAS

Dear Mr. Brown:

    You appealed from the action of the Headquarters Office of the Federal Bureau of
Investigation on your request for access to records pertaining to yourself.

    After carefully considering your appeal, I am affirming the FBI's action on your request.
The FBI informed you that it could locate no records responsive to your request in its automated
indices. I have determined that the FBI's response was correct.

    Although the FBI could locate no main files responsive to your request at its
Headquarters Office, my staff has looked into this and found that the Houston and New Orleans
Field Offices might have records responsive to your request. If you have not done so already, I
suggest that you submit new requests directly to these offices. See 28 C.F.R. §§ 16.3(a), 16.41(a)
(2007) (requests for records held by FBI field offices must be submitted to the field offices
directly). You may appeal any future adverse determination made by the FBI. The addresses for
the Houston and New Orleans Field Offices are:

                    Federal Bureau of Investigation
                    Houston Field Office
                    2500 East TC Jester
                    Houston, TX 77008-1300

                    Federal Bureau of Investigation
                    New Orleans Field Office
                    2901 Leon C. Simon Drive
                    New Orleans, LA 70126

-2-

If you are dissatisfied with my action on your appeal, you may seek judicial review in accordance with 5 U.S.C. § 552(a)(4)(B).

Sincerely,

Janice Galli McLeod
Associate Director

IN THE UNITED STATES DISTRICT COURT
THE DISTRICT OF COLUMBIA

TIMOTHY DEMITRI BROWN,                    )
                                          )
        Plaintiff,                        )
                                          )
            v.                            )   Civil Action No. 07-1931(RWR)
                                          )
FEDERAL BUREAU OF INVESTIGATION,          )
et al,                                    )
        Defendant.                        )
                                          )

# EXHIBIT T



**U.S. Department of Justice**

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

September 17, 2007

MR. TIMOTHY DEMITRI BROWN
**10979-035
UNITED STATES PENITENTIARY TUCSON
POST OFFICE BOX 24550
TUCSON, AZ 85734

Request No.: 1092350- 000
Subject: OPERATION DISTURB THE PEACE

Dear Requester:

This is in response to your Freedom of Information-Privacy Acts (FOIPA) request noted above.

To promptly respond to requests, we concentrate on identifying main files in the central records system at FBI Headquarters. No records responsive to your FOIPA request were located by a search of the automated indices.

You may file an administrative appeal by writing to the Director, Office of Information and Privacy, United States Department of Justice, 1425 New York Ave., NW, Suite 11050, Washington, D.C. 20530-0001, within sixty days from the date of this letter. The envelope and the letter should be clearly marked "Freedom of Information Appeal" or "Information Appeal." Please cite the FOIPA number assigned to your request so that it may be easily identified.

Enclosed for your information is a copy of the FBI File Fact Sheet.

Sincerely yours,

David M. Hardy
Section Chief,
Record/Information
  Dissemination Section
Records Management Division

Enclosure

# FBI FILE FACT SHEET

- The primary function of the FBI is law enforcement.
  **The FBI does not keep a file on every citizen of the United States.**

- **The FBI was not established until 1908 and we have very few records prior to the 1920's.**

- **FBI files generally contain reports** of FBI investigations of a wide range of matters, including counterterrorism, foreign counter-intelligence, organized crime/drugs, violent crime, white-collar crime, applicants, and civil rights.

- **The FBI does not issue clearances or nonclearances for anyone other than its own personnel or persons having access to FBI facilities.** Background investigations for security clearances are conducted by many different Government agencies. Persons who received a clearance while in the military or employed with some other government agency should write directly to that entity.

- **An FBI identification record or "rap sheet" is NOT the same as an FBI "file"** - it is simply a listing of information taken from fingerprint cards submitted to the FBI in connection with arrests, federal employment, naturalization, or military service. The subject of a "rap sheet" may obtain a copy by submitting a written request to FBI, CJIS Division, Attn: SCU, Mod. D-2, 1000 Custer Hollow Road, Clarksburg, West Virginia 26306. Each request must have proof of identity which shall consist of **name, date and place of birth and a set of rolled-ink fingerprint impressions** placed upon fingerprint cards or forms commonly utilized for applicant or law enforcement purposes by law enforcement agencies, plus **payment of $18.00** in the form of a certified check or money order, payable to the Treasury of the United States.

- **The National Name Check Program (NNCP)** conducts a search of the FBI's Universal Index to identify <u>any</u> information contained in FBI records that may be associated with an individual and provides the results of that search to the requesting Federal, State or local agency. For the NNCP, a name is searched in a multitude of combinations and phonetic spellings to ensure all records are located. The NNCP also searches for both "main" and "cross reference" files. A main file is an entry that carries the name corresponding to the subject of a file while a cross reference is merely a mention of an individual contained in a file. The results from a search of this magnitude can result in several "hits" and "idents" on an individual. In each instance where UNI has identified a name variation or reference, information must be reviewed to determine whether it is applicable to the individual in question.

- **The Record/Information Dissemination Section/Freedom of Information-Privacy Acts (FOIPA)** search for records provides copies of FBI files relevant to a FOIPA request for information. FOIPA provides responsive documents to requesters seeking "reasonably described information." For a FOIPA search, the subject name, event, activity, business, or event is searched to determine whether there is an investigative file associated with the subject. This is called a "main file search" and differs from The **NNCP** search.

**FOR GENERAL INFORMATION ABOUT THE FBI,
CHECK OUT OUR WEBSITE AT
http://www.fbi.gov**

3-23-04

IN THE UNITED STATES DISTRICT COURT
THE DISTRICT OF COLUMBIA

TIMOTHY DEMITRI BROWN,                     )
                                           )
        Plaintiff,                         )
                                           )
        v.                                 )   Civil Action No. 07-1931(RWR)
                                           )
FEDERAL BUREAU OF INVESTIGATION,           )
et al,                                     )
        Defendant.                         )
                                           )

# EXHIBIT U



U.S. Department of Justice

Federal Bureau of Investigation

*Washington, D.C. 20535*

September 17, 2007

MR. TIMOTHY DEMITRI BROWN
**10979-035
UNITED STATES PENITENTIARY TUCSON
POST OFFICE BOX 24550
TUCSON, AZ 85734

Request No.: 1092351- 000
Subject: BLSB (LA) INC.

Dear Requester:

This is in response to your Freedom of Information-Privacy Acts (FOIPA) request noted above.

To promptly respond to requests, we concentrate on identifying main files in the central records system at FBI Headquarters. No records responsive to your FOIPA request were located by a search of the automated indices.

You may file an administrative appeal by writing to the Director, Office of Information and Privacy, United States Department of Justice, 1425 New York Ave., NW, Suite 11050, Washington, D.C. 20530-0001, within sixty days from the date of this letter. The envelope and the letter should be clearly marked "Freedom of Information Appeal" or "Information Appeal." Please cite the FOIPA number assigned to your request so that it may be easily identified.

Enclosed for your information is a copy of the FBI File Fact Sheet.

Sincerely yours,

David M. Hardy
Section Chief,
Record/Information
  Dissemination Section
Records Management Division

Enclosure

# FBI FILE FACT SHEET

- The primary function of the FBI is law enforcement.
  **The FBI does not keep a file on every citizen of the United States.**

- **The FBI was not established until 1908 and we have very few records prior to the 1920's.**

- **FBI files generally contain reports** of FBI investigations of a wide range of matters, including counterterrorism, foreign counter-intelligence, organized crime/drugs, violent crime, white-collar crime, applicants, and civil rights.

- **The FBI does not issue clearances or nonclearances for anyone other than its own personnel or persons having access to FBI facilities.** Background investigations for security clearances are conducted by many different Government agencies. Persons who received a clearance while in the military or employed with some other government agency should write directly to that entity.

- **An FBI identification record or "rap sheet" is NOT the same as an FBI "file"** - it is simply a listing of information taken from fingerprint cards submitted to the FBI in connection with arrests, federal employment, naturalization, or military service. The subject of a "rap sheet" may obtain a copy by submitting a written request to FBI, CJIS Division, Attn: SCU, Mod. D-2, 1000 Custer Hollow Road, Clarksburg, West Virginia 26306. Each request must have proof of identity which shall consist of **name, date and place of birth and a set of rolled-ink fingerprint impressions** placed upon fingerprint cards or forms commonly utilized for applicant or law enforcement purposes by law enforcement agencies, plus **payment of $18.00** in the form of a certified check or money order, payable to the Treasury of the United States.

- **The National Name Check Program (NNCP)** conducts a search of the FBI's Universal Index to identify **any** information contained in FBI records that may be associated with an individual and provides the results of that search to the requesting Federal, State or local agency. For the NNCP, a name is searched in a multitude of combinations and phonetic spellings to ensure all records are located. The NNCP also searches for both "main" and "cross reference" files. A main file is an entry that carries the name corresponding to the subject of a file while a cross reference is merely a mention of an individual contained in a file. The results from a search of this magnitude can result in several "hits" and "idents" on an individual. In each instance where UNI has identified a name variation or reference, information must be reviewed to determine whether it is applicable to the individual in question.

- **The Record/Information Dissemination Section/Freedom of Information-Privacy Acts (FOIPA)** search for records provides copies of FBI files relevant to a FOIPA request for information. FOIPA provides responsive documents to requesters seeking "reasonably described information." For a FOIPA search, the subject name, event, activity, business, or event is searched to determine whether there is an investigative file associated with the subject. This is called a "main file search" and differs from The **NNCP** search.

**FOR GENERAL INFORMATION ABOUT THE FBI,**
**CHECK OUT OUR WEBSITE AT**
**http://www.fbi.gov**

3-23-04

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Timothy Demitri Brown          )
    Plaintiff,          )
                 )
    v.          )     Civil Number 1:07-CV-1931 (RWR)
                 )
Federal Bureau of          )
Investigation, et al.,          )
    Defendant.          )
_____          )

DECLARATION OF KAREN SUMMERS

    I, Karen Summers, hereby declare the following to be a true and correct statement of facts:

    1.   I am a Paralegal Specialist for the United States Department of Justice, Federal Bureau of Prisons (BOP), South Central Regional Office (SCRO) in Dallas Texas. I have held this position since 1995.

    2.   Pursuant to my official responsibilities involving review and research of inmate civil legal matters, I have access to records maintained in the ordinary course of business by the Federal Bureau of Prisons, including, but not limited to, an inmate's medical and central file, investigative records, and the BOP's SENTRY computer database. In furtherance of my responsibilities, I am familiar with the policies and procedures for processing requests submitted under the Freedom of Information and Privacy Act.

1

3.    Prior to executing this declaration, I reviewed the relevant BOP records of plaintiff, federal inmate Timothy Demitri Brown, Register Number 10979-035, who is currently incarcerated at the United States Penitentiary in Tucson, Arizona.  He has been at that facility since April 13, 2007.

4.    At all times relevant to plaintiff's civil action, he was incarcerated at the Federal Correctional Complex (FCC), United States Penitentiary (USP) in Beaumont, Texas, from March 2, 2004 through April 12, 2007.  USP Beaumont is located within the BOP's South Central Region.

5.    Plaintiff filed a civil action, Case Number 07-1931-RWR, alleging the BOP removed and failed to return a book entitled, <u>Tyrant Wanted</u>, from his personal property.  He further alleges he was interrogated by a Federal Bureau of Investigation (FBI) agent and an unknown white female regarding the "theft" of his book by a BOP female employee.

<u>PLAINTIFF'S REQUEST FOR RECORDS</u>

6.    On or about November 16, 2006, plaintiff submitted a "FOIA Request" dated November 9, 2006, to the BOP's South Central Regional Office, in error.[1]  Plaintiff sought copies of USP Beaumont's Visitor Log Book for the date of October 17, 2006.

---

[1] A FOIA Request must be first submitted to the Director of the Federal Bureau of Prisons in Washington, D.C. Title 28, Code of Federal Regulations, Section 16.3.

2

Additionally, plaintiff sought the "agent names and signatures for the interrogation" of himself and another individual. Additionally, plaintiff requested the return of his book, <u>Tyrant Wanted</u>; a copy of any document, tape, or video recording concerning the "theft" of his property; and a copy of the authorization from the USP Beaumont Warden or supervisor who authorized the "theft" of his book. A true and correct copy of plaintiff's FOIA Request for records dated November 9, 2006, to the BOP's regional office is provided as Exhibit 1.

7.   By letter dated December 4, 2006, the SCRO advised plaintiff that he must first submit his request to the Director of the Bureau of Prisons in Washington, D.C., with instructions to clearly identify the envelope and correspondence as a Freedom of Information Act Request. A true and correct copy of the BOP's regional office response dated December 4, 2006, is provided as Exhibit 2.

<u>FOIA REQUEST NUMBER 2007-02218</u>

8.   Plaintiff's request, dated November 9, 2006, was received in December 2006 by the Freedom of Information and Privacy Act (FOIA/PA) Section of the BOP's Central Office in Washington, D.C. The FOIA Request, assigned number 2007-02218, was forwarded on January 3, 2007, to  the BOP's SCRO for processing and response. <u>See</u> Exhibit 1.

9.    The SCRO forwarded an electronic e-mail to FCC Beaumont directing staff to conduct a search pursuant to plaintiff's FOIA Request and forward any responsive records the SCRO.    A true and correct copy of the e-mail from the regional office to FCC Beaumont is provided as Exhibit 3.

10.    On or about December 2006, the FOIA/PA Section of the BOP's Central Office received correspondence from plaintiff, addressed to "FOIA Appeals, Office of Privacy" dated November 25, 2006; however, he did not provide a FOIA Request Number that he was attempting to appeal.[2]  Attached to the correspondence was a copy of his initial FOIA Request dated November 9, 2006, that he had initially forwarded to the SCRO in error and then appropriately to the BOP's FOIA/PA Section in Washington D.C. This correspondence was not considered an appeal of FOIA Request Number 2007-02218.  The FOIA/PA Section forwarded a copy of plaintiff's correspondence to the SCRO on January 25, 2007.  A true and correct copy of plaintiff's correspondence dated November 25, 2006, is provided as Exhibit 4.

11.    By letter dated January 29, 2007, the SCRO sent an acknowledgment letter to plaintiff indicating his FOIA Request would be processed in chronological order based on the date of

_____

[2]It appears that plaintiff did not use the correct address when he attempted to mail his correspondence to the Office of Information and Privacy, and his correspondence was received in the BOP's FOIA/PA Section in Central Office.

receipt.  A true and correct copy of the BOP's regional office
response is provided as Exhibit 5.

12.  FCC Beaumont staff forwarded the SCRO a copy of two
pages from the USP Visitor Log, pursuant to plaintiff's FOIA
Request.  However, staff could not locate a book, <u>Tyrant Wanted</u>,
nor is there any evidence staff are in possession of his book.

13.  By letter dated January 30, 2007, the SCRO responded
to plaintiff's FOIA Request Number 2007-02218, and informed him
that two pages of the Visitor Log Book were located for the date
of October 17, 2006, pursuant to his request.  However,
plaintiff's book, <u>Tyrant Wanted</u>, was not in the possession of the
BOP.  The document was redacted, in part, pursuant to Title 5,
United States Code § 522(b)(7)(C), because release of the
information which is compiled for law enforcement purposes would
constitute an unwarranted invasion of the personal privacy of
other individuals.  Plaintiff was further informed that he could
file an appeal with OIP within sixty days of the date of the BOP
response.  A true and correct copy of the response by the BOP
Regional Counsel, along with the documents provided to plaintiff
are provided as Exhibit 6.

14.  No reasonably segregable non-exempt portions of the
documents were withheld from plaintiff.  Accordingly, the
redacted information was exempt from disclosure pursuant to a
FOIA exemption or was not reasonably segregable because its
release would have revealed the underlying protected material.

5

<u>JUSTIFICATION FOR NON-DISCLOSURE UNDER THE FOIA</u>
<u>EXEMPTION 5 U.S.C. § 552(b)(7)(C)</u>

15.    To invoke Exemption (b)(7), the BOP must be able to demonstrate that records were compiled for law enforcement purposes.  In this case, the records at issue were compiled for law enforcement purposes during the course of BOP's performance of its law enforcement function of protecting inmates, staff and the community.[3]  The term, "law enforcement officer" is defined by statute as "an employee of the Bureau of Prisons or Federal Prison Industries, Inc."  <u>See</u>, <u>e.g.</u>, 5 U.S.C. § 8401(17)(D)(I).

16.    Exemption (b)(7)© of the FOIA exempts from mandatory release of records or information compiled for law enforcement purposes if such release could reasonably be expected to constitute an unwarranted invasion of the personal privacy of third parties.  The information withheld, in part, from plaintiff, purely pursuant to Exemption (b)(7)(C), consists of names and signatures of a third parties, as well as the purpose of the visit.

17.    In deciding to withhold this material, the privacy interests of these individuals were balanced against the public

---

[3] 18 U.S.C. § 4042 sets out the BOP's general authority: "The Bureau of Prisons, under the direction of the Attorney General, shall (1) have charge of the management and regulation of all Federal penal and correctional institutions; (2) provide suitable quarters and provide for the safekeeping, care, and subsistence of all persons charged with or convicted of offenses against the United States, or held as witnesses or otherwise; (3) provide for the protection, instruction, and discipline of all persons charged with or convicted of offenses against the United States."

interest in the information.  BOP determined that there was no
public interest in the release of this information because
dissemination of the information would not help explain the
activities and operations of the BOP.  A privacy interest exists
relating to information about other individuals, in this case
other inmates and official visitors, that is maintained in a
federal law enforcement file.  The only interest that would be
served by release of the information would be plaintiff's
personal interest.

### CONCLUSION

18.   Each step in the handling of plaintiff's request has
been entirely consistent with the Bureau of Prisons and the
Department of Justice procedures which were adopted to insure
equitable responses to all persons seeking access to records
under FOIA/Privacy Act.

19.   Plaintiff has been provided with responsive records
pursuant to his request.  Where appropriate, the BOP asserted
FOIA exemptions for documents compiled for law enforcement
purposes and were evaluated for segregability during the
administrative process.  The information withheld cannot be
further segregated without disclosing the identities and
identifying factors of third parties.

20.   Plaintiff was provided information to file an appeal with OIP within sixty days of the date of the BOP response to FOIA Request Number 2007-02218, dated January 30, 2007.  A review of plaintiff's FOIA file maintained by the BOP indicates he failed to file an appeal, as no appeal documents were located. Moreover, I contacted OIP staff in March, and again in August 2008, and they confirmed plaintiff has not filed an appeal regarding the BOP's response to his FOIA Request Number 2007-02218.


I declare under a penalty of perjury that the information provided is true and correct to the best of my information, knowledge, and belief.


Executed this 11th day of August 2008.

Karen Summers
Paralegal Specialist
Bureau of Prisons
South Central Regional Office
Dallas, Texas

BOP Declaration

EXHIBIT 1

(Plaintiff's FOIA Request dated 11/09/06)

Timothy Demitri Brown

U. S. Penitentiary
#10979-035
P.O. BOX 26030
Beaumont, Texas 77720

November 9, 2006

Bureau of Prison
4211 Cedar Springs Road
Suite 300
Dallas, Texas 75219

Dear Sir, Madam:

This is a request under the Freedom of Information Act as amended(USC Title 5 § 552) in conjunction with the Privacy Act.

I am writing to request a copy of the following information:

1. A copy of the visitors sign in log book or equivalent for the date of October 17, 2006. Particularly the agents names and signatures for the interrogation of Timothy Demitri Brown and Christopher M. Brown.

2. The return of my property(book: "Tyrant Wanted") any and all copies in your possession or the possession of any employee, agent or independent contractor.

3. A copy of all papers, documents, tapes, video or otherwise concerning the thief of my property(book: "Tyrant Wanted") by Bureau of Prison employee.

4. A copy of the authorization by Warden Outlaw or other supervisor approving the thief of the book.

The FOIA also provides that if only a portion of a file are exempted from release, the remainder must be released. I therefore request the I be provided with all nonexempt portions which are reasonably segregated.

If you have any questions regarding this request, please write me at the address above. Please comply with all requirements of the FOIA.

Sincerely Requested,

Timothy Demitri Brown

RECEIVED
NOV 16 2006
SCRO Rcvd

SCRO Rcvd fm C.O.
1-3-07

U.S. Department of Justice

## Certification of Identity



**Privacy Act Statement.** In accordance with 28 CFR Section 16.41(d) personal data sufficient to identify the individuals submitting requests by mail under the Privacy Act of 1974, 5 U.S.C. Section 552a, is required. The purpose of this solicitation is to ensure that the records of individuals who are the subject of U.S. Department of Justice systems of records are not wrongfully disclosed by the Department. Failure to furnish this information will result in no action being taken on the request. False information on this form may subject the requester to criminal penalties under 18 U.S.C. Section 1001 and/or 5 U.S.C. Section 552a(i)(3).

Public reporting burden for this collection of information is estimated to average 0.50 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Suggestions for reducing this burden may be submitted to Director, Facilities and Administrative Services Staff, Justice Management Division, U.S. Department of Justice, Washington, DC 20530 and the Office of Information and Regulatory Affairs, Office of Management and Budget, Public Use Reports Project (1103-0016), Washington, DC 20503.

Full Name of Requester [1]  **Timothy Demitri Brown**

Citizenship Status [2] **State of Louisiana**     Social Security Number [3] **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**

Current Address **#10979-035    P.O. BOX 26030   Beaumont, Texas 77720**

Date of Birth **09-07-67**                Place of Birth **Pineville, LOuisiana**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am the person named above, and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years or both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C. 552a(i)(3) by a fine of not more than $5,000.

Signature [4] *Timothy Demitri Brown* _____ Date **11-09-06**

## OPTIONAL: Authorization to Release Information to Another Person

This form is also to be completed by a requester who is authorizing information relating to himself or herself to be released to another person.

Further, pursuant to 5 U.S.C. Section 552a(b), I authorize the U.S. Department of Justice to release any and all information relating to me to:

_____

Print or Type Name

[1] Name of individual who is the subject of the record sought.
[2] Individual submitting a request under the Privacy Act of 1974 must be either "a citizen of the United States or an Alien lawfully admitted for permanent residence," pursuant to 5 U.S.C. Section 552a(a)(2). Requests will be processed as Freedom of Information Act requests pursuant to 5 U.S.C. Section 552, rather than Privacy Act requests, for individuals who are not United States citizens or aliens lawfully admitted for permanent residence.
[3] Providing your social security number is voluntary. You are asked to provide your social security number only to facilitate the identification of records relating to you. Without your social security number, the Department may be unable to locate any or all records pertaining to you.
[4] Signature of individual who is the subject of the record sought.

BOP Declaration

EXHIBIT 2

(BOP's response on 12/04/06 to Plaintiff's correspondence)



**U.S. Department of Justice**

Federal Bureau of Prisons

*South Central Regional Office*

---

*4211 Cedar Springs Road, Suite 300*
*Dallas, Texas 75219*

December 4, 2006

Timothy Demitri Brown
Register Number 10979-035
United States Penitentiary
Post Office Box 26030
Beaumont, Texas 77720

RE: Correspondence

Dear Mr. Brown:

This is in response to your letter dated November 9, 2006, in which you request a copy of a visitors log book for October 17, 2006, and of records related to a possible confiscation of a book from you.

In accordance with Title 28, Code of Federal Regulations, Sections 16.3, please direct your correspondence to:

    Director
    Federal Bureau of Prisons
    320 First Street, N.W.
    Room 841
    Washington, D.C.  20534

Please ensure your correspondence and the envelope are clearly marked "FREEDOM OF INFORMATION REQUEST."  Additional information is provided at Title 28, Code of Federal Regulations, Section 513.50, et. seq.

Sincerely,

Michael D. Hood
Regional Counsel

lc

SENSITIVE - LIMITED OFFICIAL USE

BOP Declaration

EXHIBIT 3

(BOP SCRO e-mail directing institution staff to search for Plaintiff's records)

**From:**      Larry Collins
**To:**        Long, Sandra
**Date:**      1/4/2007 9:30:13 AM
**Subject:**   FOIA Req No 2007-02218 - BROWN, Timothy 10979-035

Sandra,

We received a request from inmate Timothy Brown for a copy of the following:

1. Visitors sign in log for 10/17/06 reflecting the names and signatures of agents wo interrogated inmate Brown.

2. His book: "Tyrant Wanted' (possibly confiscated)

3. all papers, documents, tapes, video concerning the theft of his property (book: "Tyrant Wanted") by BOP employee.

4. The authorization by Warden Outlaw or other supervisor authorizing the "theif of the book".

Please ensure a copy of the responsive records is forwarded to this office by January 18, 2007.

If any of the responsive records are subject to an ongoing investigation or prosecution just let us know and we will not need a copy of those documents at this time.

Thanks,

Larry Collins, FOIA LIE
South Central Regional Office
Regional Counsel's Office
4211 Cedar Springs Rd, Suite 300
Dallas, Texas 75219

SENSITIVE/PRIVILEGED COMMUNICATION
The information contained in this electronic message and any and all accompanying documents constitutes sensitive information. This information is the property of the U.S. Department of Justice. If you are not the intended recipient of this information, any disclosure, copying, distribution, or the taking of any action in reliance on this information is strictly prohibited. If you received this message in error, please notify us immediately at the above number to make arrangements for its return to us.

BOP Declaration

EXHIBIT 4

(Plaintiff's correspondence dated 11/25/06 - forwarded to BOP SCRO)

SCRO
2007-02218 12/6/06                                                PA
                                                                   F
                                                                  BOP

Timothy Demitri Brown
#10979-035
P.O. BOX 26030
Beaumont, Texas 77720

November 25, 2006

No request
# listed

FOIA Appeals
Office of Privacy
Dept. of Justice
Flag Building
Suite 570
Washington, DC 20530

RE: Appeal from request to the Bureau of Prison, Dallas, Texas

Dear Sir or Madam:

This is an appeal from the non-response to FOIA request.

The attached FOIA request was submitted to the BOP and as of
this date no response has been received.

Please request that he information be forwarded as soon as
possible from the agency.

Sincerely,

Timothy Demitri Brown

RECEIVED
JAN
— No appeal

SCRO Rcv'd from
C.O. 1-25-07

Timothy Demitri Brown

U. S. Penitentiary
#10979-035
P.O. BOX 26030
Beaumont, Texas 77720

November 9, 2006

Bureau of Prison
4211 cedar Springs Road
Suite 300
Dallas, Texas 75219

Dear Sir, Madam:

This is a request under the Freedom of Information Act as
amended(USC Title 5 § 552) in conjunction with the Privacy Act.

    I am writing to request a copy of the following information:

    1. A copy of the visitors sign in log book or equivalent
       for the date of *October 17,2006* . Particular the agents
       names and signatures for the interrogation of Timothy
       Demitri Brown and Christopher M. Brown.

    2. The return of my property(book: "Tyrant Wanted") any
       and all copies in your possession or the possession
       of any employee, agent or independent contractor.

    3. A copy of all papers, documents, tapes, video or otherwise
       concerning the thief of my property(book: "Tyrant Wanted")
       by Bureau of Prison employee.

    4. A copy of the authorization by Warden or other supervisor
       approving the thief of the book.

The FOIA also provides that if only a portion of a file are
exempted from release, the remainder must be released.  I therefore
request that I be provided with all nonexempt portions which
are reasonably segregated.

If you have any questions regarding this request, please write
me at the address above.  Please comply with all requirements
of the FOIA.

Sincerely Requested,

_____
Timothy Demitri Brown

BOP Declaration

EXHIBIT 5

(BOP SCRO Acknowledgment Letter 1/29/07 of Plaintiff's FOIA Request)

FOIA No. 2007-02218



**U.S. Department of Justice**

Federal Bureau of Prisons

*South Central Regional Office*

---

*4211 Cedar Springs Road, Suite 300*
*Dallas, Texas 75219*

JAN 2 9 2007

Timothy Brown
Register Number 10979-035
United States Penitentiary
Post Office Box 26030
Beaumont, Texas 77720

Re:   Freedom of Information Request Number 2007-02218

Dear Mr. Brown:

This is in response to your recent request for a copy of specific
Federal Bureau of Prisons records pertaining to you.  You request a
copy of the visitors sign in log for at the United States
Penitentiary in Beaumont, Texas, for October 17, 2006; a book titled
"Tyrant Wanted" which you claim to be your property; all records
related to the alleged theft of the book by a Bureau of Prisons
employee; and the authorization by the warden or supervisor approving
the alleged theft of the book.

Due to the large number of requests received by the BOP for
disclosure of records pursuant to the Freedom of Information and
Privacy Acts, and due to the limited resources available to process
such requests, the BOP has adopted a "first-in, first-out" practice
of processing all incoming requests.

Your request has been placed in chronological order based on the date
of receipt and will be handled as expeditiously as possible when it
is assigned for processing.

Please be advised that in accordance with Title 28, Code of Federal
Regulations, Section 16.3(c), this request constitutes an agreement
by you to pay all applicable fees up to $25.00.  Please do not
forward payment at this time.  You will be advised of the applicable
fees, if any.

Sincerely,

Michael D. Hood
Regional Counsel

lc

**SENSITIVE BUT UNCLASSIFIED**

BOP Declaration

EXHIBIT 6

(BOP SCRO 1/30/07- response/records release/notice of appeal to Plaintiff)

FOIA No. 2007-02218



U.S. Department of Justice

Federal Bureau of Prisons

*South Central Regional Office*

---

*4211 Cedar Springs Road, Suite 300*
*Dallas, Texas 75219*

JAN 3 1 2007

Timothy Brown
Register Number 10979-035
United States Penitentiary
Post Office Box 26030
Beaumont, Texas 77720

Re:  Freedom of Information Request Number 2007-02218

Dear Mr. Brown:

This is in response to your recent request for a copy of specific
Federal Bureau of Prisons records pertaining to you.  You request
a copy of the visitors sign in log for at the United States
Penitentiary in Beaumont, Texas, for October 17, 2006; a book
titled "Tyrant Wanted" which you claim to be your property; all
records related to the alleged theft of the book by a Bureau of
Prisons employee; and the authorization by the warden or
supervisor approving the alleged theft of the book.

In response to your request for a copy of the visitors sign in
log for October 17, 2006, enclosed is a two (2) page excerpt from
the Official Visitor's Log at USP Beaumont.  The documents have
been reviewed and both pages are being released with certain
information excised pursuant to Title 5, United States Code
Section 552(b)(7)(C), because release of the information which is
compiled for law enforcement purposes would constitute an
unwarranted invasion of the personal privacy of individuals.

In response to your request for documents related to the alleged
theft of a book titled "Tyrant Wanted," staff at USP Beaumont
have conducted a thorough search and no records were located in
response to your request.

SENSITIVE BUT UNCLASSIFIED

FOIA Req. No. 2007-02218
Timothy Brown; Reg. No. 10979-035
Page 2

Pursuant to Title 28, Code of Federal Regulations, Section 16.9,
this action may be appealed to the Attorney General within sixty
(60) days of the date of this letter by writing to the Office of
Information and Privacy, Department of Justice, 1425 New York
Avenue, Suite 11050, Washington, DC  20530-0001.  Please ensure
that the envelope and request are clearly marked "FOIA Request
Appeal."

Sincerely,

Michael D. Hood
Regional Counsel

Enclosure: 2 pages

lc

SENSITIVE BUT UNCLASSIFIED

F2899,8012nk
Page 6 of 240

# OFFICIAL VISITOR'S LOG

| Date | Printed Name | Signature | Time In | Purpose of Visit |
|------|--------------|-----------|---------|------------------|
| 1/19 | | | | |
| 7-20- | | | | |
| 7/20/0 | | | | |
| 7-21-08 | | | | |
| 8-21-06 | | | | |
| 9-02-06 | | | | |
| 9-22-06 | | | | |
| 9/26/06 | | | | |
| " | | | | |
| " | | | | |
| 9/26 | | | | |
| 9/26 | | | | |
| 9-27 | | | | |
| 9-27 | | | | |
| 9-27 | | | | |
| 9-27 | | | | |
| 9-27 | | | | |
| 9-27 | | | | |
| 9-28 | | | | |
| 9/28 | | | | |
| 9/28 | | | | |
| 9/28 | | | | |
| 9-28 | | | | |
| 10-5 | | | | |
| 10/5 | | | | |
| 10/5 | | | | |
| 10/9 | | | | |
| 10/11 | | | | |
| 10/11 | | | | |
| 10/11 | | | | |
| 10/12 | | | | |
| 10/12 | | | | |
| 10/13 | | | 9:00 | |
| 10/17 | (b)(7)c | | | |

FCOVI

F2899,8012ak
Page 7 of 240

# OFFICIAL VISITOR'S LOG

| Date | Printed Name | Signature | Time In | Purpose of Visit |
|---|---|---|---|---|
| 10/17/06 | (b)(7)c | | 10:25 | VISIT |
| 10/17 | | | 10:25 | VISIT |
| 10/20 | | | | |
| 10/20 | | | | |
| 10/20/06 | | | | |
| 10/20/06 | | | | |
| 10/20/06 | | | | |
| 10/20/06 | | | | |
| 10/20/06 | | | | |
| 10/23/06 | | | | |
| 10/23/06 | | | | |
| 10/23/06 | | | | |
| 10/23/06 | | | | |
| 10/25/06 | | | | |
| 10/26/06 | | | | |
| 10/26/06 | | | | |
| 10/26/06 | | | | |
| 10/26/06 | | | | |
| 10/26/06 | | | | |
| 10-26 | | | | |
| 24/26 | | | | |
| 10/26 | | | | |
| 10/31 | | | | |
| 10/31 | | | | |
| 10/31 | | | | |
| 10-31 | | | | |
| 10/31 | | | | |
| 10/31 | | | | |
| 10-31 | | | | |
| 10-31 | | | | |
| 10-31 | | | | |
| 10/31 | | | | |
| 10/31 | | | | |
| 10/31 | | | | |
| 10/31 | | | | |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TIMOTHY DEMITRI BROWN,     ) | |
|     ) | |
| Plaintiff,     ) | |
|     ) | |
| v.     ) | Civil Action No. 07-1931 (RWR) |
|     ) | |
| FEDERAL BUREAU     ) | |
| OF INVESTIGATION, <u>et al.</u>     ) | |
|     ) | |
| Defendants.     ) | |
|     ) | |

<u>DECLARATION OF MELANIE ANN PUSTAY</u>

I, Melanie Ann Pustay, declare the following to be true and correct:

1) I am the Director of the Office of Information and Privacy (OIP), United States Department of Justice. In this capacity, I am responsible for overseeing the actions of the Initial Request (IR) Staff. The IR Staff is responsible for searching for and reviewing records within OIP and the senior leadership offices of the Department of Justice, including the Office of the Attorney General, in response to requests made under the Freedom of Information Act (FOIA), 5 U.S.C. § 552 (2000 and Supp. IV 2004). The IR Staff determines whether records responsive to access requests exist and, if so, whether they can be released in accordance with the FOIA. In processing such requests, the IR Staff consults with personnel in the senior leadership offices and, when appropriate, with other components within the Department of Justice as well as with other Executive Branch agencies.

2) I make the statements herein based on my personal knowledge, as well as on information that I acquired while performing my official duties.

2

3)  By letter dated April 1, 2004, plaintiff submitted a FOIA request to OIP for a copy of the "letter of authorization to act on behalf of the United States, to [Assistant United States Attorney] James Cowles, Jr., [United States Attorney] Richard Willis to prosecute state activities in the United States District Court, Western District of Louisiana, Alexandria Division, Case No. CR 01-10012, against Timothy D. Brown." In this same letter, plaintiff also requested a "copy of cession from the State of Louisiana to the United States of exclusive legislative jurisdiction over the land commonly known as 3708 3rd Street, Alexandria, Louisiana." This request was received by OIP on April 12, 2004. The second portion of this request is referenced within Item 5 of plaintiff's complaint. (A copy of plaintiff's April 1, 2004 request is attached hereto as Exhibit A.)

4)  By letter dated April 15, 2004, OIP responded to plaintiff's April 1, 2004 request. As to item one, OIP provided plaintiff general information about the authority of United States Attorneys and advised him to direct his request for information regarding his criminal case to the Executive Office for United States Attorneys. As to item two, OIP advised plaintiff that OIP maintains FOIA request files for itself and seven specified senior management offices of the Department of Justice and that OIP would not maintain the records he was seeking. Plaintiff was provided with a list of Department components describing the types of records each component maintains and providing the addresses to be used in submitting FOIA requests to those components. Lastly, plaintiff was provided with information on how to appeal the action of OIP if he considered our response to be a denial. (A copy of OIP's April 15, 2004 letter is attached hereto as Exhibit B.)

5)  By letter dated July 7, 2007, plaintiff submitted a letter addressed to the Office of the Attorney General asking that the Attorney General issue an opinion on the legal status of 21

3

U.S.C. § 841 and § 846 and various related issues.  This letter was not received by OIP until January 7, 2008.  This letter is referenced within Item 7 of plaintiff's complaint.  (A copy of plaintiff's July 7, 2007 request is attached hereto as Exhibit C.)

6)  By letter dated February 4, 2008, OIP responded to plaintiff's July 7, 2007 letter, advising him that the FOIA provides a right of access to federal agency records that exist and can be located in agency files.  As such, plaintiff was further advised that the FOIA does not require federal agencies to compile information, conduct research, answer questions or create new documents in response to FOIA requests.  Lastly, plaintiff was provided with information on how to appeal the action of OIP.  (A copy of OIP's February 4, 2008 letter is attached hereto as Exhibit D.)

7)  Plaintiff alleges that he properly appealed the denial of the requests discussed in his complaint, which would, presumably, include the April 1, 2004 and July 7, 2007 requests described above.  In order to track and monitor all initial FOIA and Privacy Act requests and administrative appeals received by OIP, OIP uses an electronic database called Oracle.  As mentioned above, OIP handles initial requests for records in the Office of the Attorney General and other senior management offices.  OIP also handles administrative appeals arising from any Department of Justice component response to a FOIA request.  Upon receipt of an initial request or an administrative appeal, OIP personnel log the request or appeal into the Oracle database.  Thus, a search of Oracle would reveal any administrative appeal made from an action by a Department of Justice component.

8)  On March 11, 2008, OIP conducted a thorough keyword search of Oracle to locate any administrative appeals from plaintiff using the search term "Brown."  OIP located six

administrative appeals filed by plaintiff.  These appeals concern initial requests plaintiff

previously submitted to the Executive Office for United States Attorneys, the Federal Bureau of

Investigation, and the Criminal Division of the Department of Justice.  OIP has no record of ever

receiving an administrative appeal from plaintiff with regard to any of his initial requests

submitted to OIP.

      I declare under penalty of perjury that the foregoing is true and correct.


                                     Melanie Ann Pustay

Executed this 25 day of March 2008.

4

# EXHIBIT A

04-01-04

*DRH*
*OIP/04-R0758*

DEPUTY DIRECTOR
OFFICE OF INFORMATION AND PRIVACY
DEPARTMENT OF JUSTICE
SUITE 570, FLAG BUILDING
WASHINGTON, D.C. 20530-0001

RE: Freedom of Information and Privacy Act Request
    Pursuant to Title 5 U.S.C. § 552, § 552(a) (FOIA/PA)

Please consider this a formal request under the FOIA/PA. Your immediate and strict compliance with this request is fully expected, pursuant to section 552(a)(6)(A)(i). There is an exceptional need and urgency for the information sought, I expect the response to this request within ten(10) working day period provided under the law. The requested information, when disclosed, will relieve the requester of constitutional deprivations. The requester ask that this FOIA/PA request for personal use, be immediately completed and the information returned to requester at the address below. Disclosure of the requested information is in the public interest and will help deter criminal behavior.

The information and documentation being requested is as followed:

1. Copy of letter of authorization to act on behalf of the United States, to James Cowles, Jr., Richard Willis to prosecute state activities in the United States District Court, Western District of Louisiana, Alexandria Division, Case No. CR 01-10012, against Timothy D. Brown.

2. Copy of cession from the State of Louisiana to the United States of exclusive legislative jurisdiction over land commonly known as 3708 3rd Street, Alexandria, Louisiana
   303 Willow Glen River Road, Alexandria, Louisiana

If no such cession exist, than a certified acknowledgment to that effect.

This request should include all local records, national records, as well as records stored or filed at any Office of the Agency responsible for keeping such records.

Sincerely,

Timothy D. Brown

U.S. Penitentiary
#10979-035
P.O. Box 26030
Beaumont, Tx. 77720-6030

Personal Information: 

OFFICE OF INFORMATION
AND PRIVACY

APR 1 2 2004

RECEIVED

# EXHIBIT B



**U.S. Department of Justice**

Office of Information and Privacy

---

*Telephone: (202) 514-3642*                 *Washington, D.C. 20530*

APR 15 2004

Mr. Timothy D. Brown
Reg. No. 10979-0.35
P.O. Box 26030                 Re:   OIP/04-R0758
Beaumont, TX 77720-6030               MAP:CLM:DRH

Dear Mr. Brown:

This responds to your letter dated April 1, 2004, and received in this Office on April 12, 2004, in which you requested (1) a copy of the Attorney General's delegation of authority to United States Attorney Richard Willis and to Assistant United States Attorney James Cowles, and (2) a "copy of cession from the State of Louisiana to the United States of exclusive legislative jurisdiction over land commonly known as 3708 3rd Street, Alexandria, Louisiana." This response is being made on behalf of the Office of Information and Privacy.

Concerning item 1 of your request, please be advised that each United States Attorney has authority to prosecute criminal cases within his/her district pursuant to statute, specifically 28 U.S.C. § 547. I have enclosed a copy of this statute as well as Section 3.2 from the United States Attorneys Manual which describes, among other things, the authority and functions of the United States Attorneys and Assistant United States Attorneys. Accordingly, if you are interested in records pertaining to your criminal case, I would suggest you contact the Executive Office for United States Attorneys directly as that office is the more likely repository for the records you seek. Their FOIA contact information is provided below:

> Marie A. O'Rourke, Assistant Director
> FOIA/Privacy Unit
> Executive Office for United States Attorneys
> Room 7300, 600 E Street, N.W.
> Washington, DC 20530-0001

Concerning item 2 of your request, please be advised that the Freedom of Information Act (FOIA) provides a right of access to federal agency records that exist and can be located in agency files, and does not require agencies to answer questions, compile information or conduct research. For your information, this Office maintains initial request files of FOIA and Privacy Act requests for records that may be located in the Offices of the Attorney General, Deputy Attorney General, Associate Attorney General, Legal Policy, Legislative Affairs, Intergovernmental and Public Liaison, and Public Affairs. Additionally, this Offices maintains files of administrative appeals of denials of Department of Justice FOIA and Privacy Act requests. Therefore, this Office would not maintain the type of information you have requested.

-2-

To the extent that you are seeking federal agency records that you believe may be maintained by a Department of Justice component, you can write to that particular component, providing as much detailed information as possible about the records you are seeking, such as the subject matter, dates, authors, and/or recipients of specific documents. To be of assistance, I have enclosed a list of Department components which describes the types of records each component maintains and provides the addresses to be used in making a FOIA or Privacy Act request to these components. Please review the list to determine which components you believe are most likely to maintain the records you seek.

Finally, in an effort to be of further assistance, I have also enclosed a copy of <u>Your Right to Federal Records</u> which provides basic information on the FOIA and the Privacy Act of 1974. I hope you find this information useful.

If you consider my response to be a denial of your request, you may administratively appeal by writing to the Co-Director, Office of Information and Privacy, United States Department of Justice, Flag Building, Suite 570, Washington, D.C. 20530-0001, within sixty days from the date of this letter. Both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

Sincerely,

Melanie Ann Pustay
Deputy Director

Enclosures

**C** 28 USCA § 547
s 547. Duties
Current through P.L. 108-80, approved 09-17-03

28 U.S.C.A. § 547

UNITED STATES CODE ANNOTATED
TITLE 28. JUDICIARY AND JUDICIAL PROCEDURE
PART II--DEPARTMENT OF JUSTICE
**CHAPTER 35--UNITED STATES ATTORNEYS**
§ 547. Duties

Except as otherwise provided by law, each United States attorney, within his district, shall--

(1) prosecute for all offenses against the United States;
(2) prosecute or defend, for the Government, all civil actions, suits or proceedings in which the United States is concerned;
(3) appear in behalf of the defendants in all civil actions, suits or proceedings pending in his district against collectors, or other officers of the revenue or customs for any act done by them or for the recovery of any money exacted by or paid to these officers, and by them paid into the Treasury;
(4) institute and prosecute proceedings for the collection of fines, penalties, and forfeitures incurred for violation of any revenue law, unless satisfied on investigation that justice does not require the proceedings; and
(5) make such reports as the Attorney General may direct.

CREDIT(S)

(Added Pub.L. 89-554, § 4(c), Sept. 6, 1966, 80 Stat. 618.)

<General Materials (GM) - References, Annotations, or Tables>

HISTORICAL AND STATUTORY NOTES

Revision Notes and Legislative Reports

**1948 Acts. Prior Section 507.**-- Based on sections 312, 317, 323, 324, 327, 329, 330, 331 of Title 5, U.S.C., 1940 ed., Executive Departments and Government Officers and Employees; second paragraph of section 305e of Title 25, U.S.C., 1940 ed., Indians; and Title 28, U.S.C., 1940 ed., sections 485, 486, 487, 488, 489 (R.S. §§ 362, 363, 373, 374, 377, 379-381, 771-775, 838; Feb. 27, 1877, c. 69, § 1, 19 Stat. 241; Apr. 9, 1910, c. 152, 36 Stat. 294; Mar. 3, 1911, c. 231, § 291, 36 Stat. 1167; May 10, 1934, c. 277, § 512, 48 Stat. 758; Aug. 27, 1935, c. 748, § 6, 49 Stat. 893).

This section consolidates provisions of the sections enumerated above.

Other provisions of section 312 of Title 5, U.S.C., 1940 ed., are incorporated in sections 503 [now 543] and 508 [now 548] of this title.

All requirements in said sections for reports to officers other than the Attorney General are omitted as unnecessary and are simplified in subsection (a)(5) of this section. The Attorney General directs the course of litigation in government cases and makes appropriate rules for furnishing information promptly to the Departments interested.

Specific duties fixed by sections 485-489 of Title 28, U.S.C., 1940 ed., and the second paragraph of section 305e of Title 25, U.S.C., 1940 ed., to prosecute and defend both civil and criminal proceedings,

are covered in subsections (a)(1)-(4) of this section.

Use of "revenue law" in subsection (a)(4) in this section, which is based on section 486 of Title 28, U.S.C., 1940 ed., obviates repetition of provisions relating to customs and revenue laws as both are covered by the term. For discussion of this point, see reviser's note under section 3283 in House Report 152, to accompany H.R. 1600 Eightieth Congress, for revision of the Criminal Code.

The following sections of said Title 5, U.S.C., 1940 ed., are superseded by, covered by, or inconsistent with subsection (a)(2)(5) of this section, subsection (b) of this section [now section 519 of this title], and section 5 of Executive Order No. 6166 of June 10, 1933, transferring to the Department of Justice the function of supervising the work of United States attorneys in connection with suits by or against the United States exercised by any agency or officer:

Section 323 requiring the General Counsel of the Treasury to make entries of bonds delivered to United States attorneys by collectors for suit until the amounts have been paid or judgments secured;

Section 324 requiring said General Counsel to examine and compare the reports made by collectors of bonds delivered by them to United States attorneys for suit, and of the returns of such bonds;

Section 329 authorizing said General Counsel to instruct United States attorneys, marshals and clerks in all matters relating to suits, except for taxes, forfeitures and penalties, and to require them to make such reports to him as he may direct. The first provision of section 329 of Title 5, U.S.C, 1940 ed., is covered by the last paragraph of this section [now section 519 of this title], under which the Attorney General exercises supervision of the duties of United States attorneys. The Director of the Administrative Office of the United States Courts supervises the duties of clerks under chapter 41 of this title. The provision for authority of said General Counsel over marshals, also contained in section 329, is incorporated in section 547 [see Prior Provisions note under this section] of this title in which such authority is vested in the Attorney General.

Section 327 of Title 5, U.S.C, 1940 ed., authorized said General Counsel to establish regulations, subject to approval by the Attorney General, to be observed by United States attorneys and marshals in which the United States is a party. The provision as to United States attorneys is also covered by the last paragraph of this section [now section 519 of this title], and that as to marshals is covered by section 547 [see Prior Provisions note under this section] of this title.

Provisions of section 327 of Title 5, U.S.C., 1940 ed., relating to establishment of regulations for the observance of collectors of the customs, by the General Counsel for the Department of the Treasury, with the approbation of the Secretary of the Treasury, was omitted and recommended for repeal as covered by section 66 of Title 19, U.S.C., 1940 ed., Customs Duties.

The last paragraph of this section [now section 519 of this title], is based on the first clause of section 317 of Title 5, U.S.C., 1940 ed.; see also section 309 of Title 5. The second clause of said section 317 is covered by subsection (a)(5) of this section. The authority of the Attorney General over marshals and the requirement that they shall report to him the conduct and state of their offices, contained also in said section 317, is incorporated in section 547 [see Prior Provisions note under this section] of this title.

Section 330 of Title 5, U.S.C., 1940 ed., which required that United States attorneys should conduct, under direction of the General Counsel of the Treasury, all suits and proceedings involving the United States under the laws governing national banking associations is covered by subsection (a)(2) of this section.

Section 331 of Title 5, U.S.C., 1940 ed., requiring United States attorneys to obey directions of the Department of Justice in suits for money due the Post Office Department, is covered also by subsection (a)(2) of this section.

Changes in arrangement and phraseology were made. 80th Congress House Report No. 308.

1966 Acts

```
----------------------------------------------------------------
Derivation: United States Code Revised Statutes
and Statutes at
Large
----------------------------------------------------------------
28 U.S.C. 507(a) [None]
----------------------------------------------------------------
```

The word "shall" is substituted for "it shall be the duty of".

Prior Provisions

A prior section 547, Acts June 25, 1948, c. 646, 62 Stat. 912; Oct. 18, 1962, Pub.L. 87-845, § 8, 76A Stat. 699, which related to powers and duties of marshals, was repealed by Pub.L. 89-554, § 8(a), Sept. 6, 1966, 80 Stat. 632, and reenacted in section 569 of this title, by section 4(c) of Pub.L. 89-554.

CROSS REFERENCES

Applicability of this section to the powers and duties of the CEO of the Corporation for National and Community Service, see 42 USCA § 12651d.
Bankruptcy offenses, duties of United States attorneys, see 18 USCA § 3057.
Exceptions from application of this section to proceedings--
Stafford student loan program, see 20 USCA § 1082.
Technical and financial assistance to firms, see 19 USCA § 2350.
Representation of United States by private counsel for purposes of--
Actions against persons committing bank fraud crimes, see 12 USCA § 4243.
Claims of indebtedness owed to United States, see 31 USCA § 3718.

LIBRARY REFERENCES

American Digest System

District and Prosecuting Attorneys ⊂=8.
Key Number System Topic No. 131.

Encyclopedias

District and Prosecuting Attorneys, see C.J.S. § 10 et seq.
Customs Duties, 21A Am. Jur. 2d § 106.
Prosecuting Attorneys, 63A Am. Jur. 2d §§ 43, 44, 45, 46.
Public Officers and Employees, 63A Am. Jur. 2d § 634.
Sheriffs, Police, and Constables, 70 Am. Jur. 2d § 57.

Forms

Federal Practice and Procedure, 11A Am. Jur. Pl. & Pr. Forms (Rev), Form 1881.

Texts and Treatises

Authority of Marshal to serve process, see Wright, Federal Practice and Procedure: Criminal 2d § 53.

Requirement that United States Attorney must prosecute within his district for all offenses against

United States, see Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction § 3544.

Contempt, 7A Fed. Proc. L Ed § 17:13.
Farms, Ranches, and Agricultural Products, Fed. Proc. L Ed § 34:711.
Government Officers and Employers, Fed. Proc. L Ed § 40:630.
Internal Revenue, Fed. Proc. L Ed § 48:1286.

NOTES OF DECISIONS

I. GENERALLY 1-30
II. CRIMINAL CASES 31-END

<For Detailed Alphabetical Note Index, see the Various Subdivisions.>

I. GENERALLY

<Subdivision Index>

Generally 2
Absolute immunity, liability 10
Agents of federal government, civil actions 5
Civil actions
Civil actions - Generally 3
Civil actions - Agents of federal government 5
Civil actions - Officers and employees of federal government 4
Construction 1
Extradition proceedings 7
Failure to prosecute, liability 12
Forfeiture proceedings 6
Inmates, persons entitled to institute prosecution 14
Liability
Liability - Generally 9
Liability - Absolute immunity 10
Liability - Failure to prosecute 12
Liability - Qualified immunity 11
Officers and employees of federal government, civil actions 4
Persons entitled to institute prosecution
Persons entitled to institute prosecution - Generally 13
Persons entitled to institute prosecution - Inmates 14
Qualified immunity, liability 11
Scope of employment 8
Standing 13

1. Construction

1966 amendment substituting "shall" for "it shall be the duty of" worked no substantial change in this section. U. S. v. Glover, D.C.Md.1974, 381 F.Supp. 1139.

2. Generally

United States Attorney, appointed by President and confirmed by Senate, is chief federal law enforcement official for judicial district he serves and is responsible for prosecution of all offenses against United States within his district; assistant United States Attorney is appointed by Attorney General to aid the United States Attorney in carrying out his duties. Nadler v. Mann, C.A.11 (Fla.) 1992, 951 F.2d 301.

United States attorneys have the responsibility to prosecute all offenses against the United States, except as otherwise provided by law. Dresser Industries, Inc. v. U. S., C.A.5 (Tex.) 1979, 596 F.2d 1231, rehearing denied 601 F.2d 586, certiorari denied 100 S.Ct. 731, 444 U.S. 1044, 62 L.Ed.2d 730.

3. Civil actions--Generally

General duty of United States Attorneys to conduct litigation on behalf of United States can be invoked only in absence of statutory directions delineating circumstances under which civil actions can be instituted, that is, except as otherwise provided by law. U. S. v. St. Regis Paper Co., C.A.2 (N.Y.) 1966, 355 F.2d 688.

This section providing that except as otherwise provided by law, each United States Attorney, within his district, shall prosecute or defend, for government, all civil actions, suits or proceedings in which United States is concerned, provides sufficient authority for filing of actions for statutory penalties, unless some other statute provides otherwise. U. S. v. Indiana Harbor Belt R. Co., N.D.Ind.1970, 314 F.Supp. 691.

4. ---- Officers and employees of federal government

Where suit against federal officials arose out of their employment, officials would not be required to hire their own counsel or to represent themselves. Konigsberg v. Hunter, W.D.Mo.1970, 308 F.Supp. 1361.

5. ---- Agents of federal government

With respect to damages action brought by seaman who was injured on vessel owned by the United States and operated by defendant general agent, it was not improper for government attorneys to represent the general agent, since this section provides that the United States Attorney shall defend "all civil actions, suits or proceedings in which the United States is concerned" and which arise in his district. Carter v. American Export Isbrandtsen Lines, Inc., C.A.2 (N.Y.) 1969, 411 F.2d 1185.

6. Forfeiture proceedings

Unless issue of authority for forfeiture proceeding is specifically challenged, government's allegations of authority contained in complaint are sufficient. U.S. v. Twenty-Eight "Mighty Payloader" Coin-Operated Gaming Devices, C.A.8 (Ark.) 1980, 623 F.2d 510.

7. Extradition proceedings

Assistant United States attorney for state in which alleged fugitive was incarcerated was authorized to institute international extradition proceedings on behalf of the United Kingdom, pursuant to extradition treaty between the United States and the United Kingdom, where proper request for extradition was made. Matter of Extradition of Prushinowski, E.D.N.C.1983, 574 F.Supp. 1439.

8. Scope of employment

Notice of grantor's alleged incompetence to an assistant United States attorney, who had allegedly previously stipulated to grantor's insanity in a murder trial, was not imputed to the FmHA since it was not within assistant United States attorney's scope of employment to report possible incompetence of criminal defendants to FmHA for purpose of putting it on notice in future real estate transactions and it was not within FmHA's scope of employment in title clearances and loan closings to check with all employees of the United States Attorney's office as to whether any prior grantor in every real estate transaction had previously been found to be incompetent. Simon v. Marlow, W.D.Va.1981, 515 F.Supp. 947.

9. Liability--Generally

United States attorneys are immune from suit resulting from the exercise of their discretion. Fleetwood v. Thompson, N.D.Ill.1972, 358 F.Supp. 310.

<u>10</u>. ---- Absolute immunity

Where Dyer Act prosecution had only been recessed so that government could obtain presence of witness to testify about his ownership of automobile, and government's failure to prove ownership and interstate transportation of car through witness' testimony and his documentary evidence might have resulted in directed verdict without possibility of retrial, federal prosecutor, in seeking to guarantee witness' presence at trial through material witness warrant, was attempting to prove all elements charged in indictment and thus was afforded absolute immunity as against witness' civil charges arising from his arrest on warrant. Daniels v. Kieser, C.A.7 (Ill.) 1978, 586 F.2d 64, certiorari denied <u>99 S.Ct. 2050, 441 U.S. 931, 60 L.Ed.2d 659</u>.

Federal prosecutor is absolutely immune from civil suit where allegations relate solely to his initiating and presenting a criminal case. Brawer v. Horowitz, C.A.3 (N.J.) 1976, 535 F.2d 830.

<u>11</u>. ---- Qualified immunity

A prosecutor does not have absolute immunity for anything he does once trial has begun; rather, his immunity is absolute only when he is performing "quasi- judicial" functions, and when he is acting in administrative or investigative capacity, his immunity may be only qualified. Daniels v. Kieser, C.A.7 (Ill.) 1978, 586 F.2d 64, certiorari denied <u>99 S.Ct. 2050, 441 U.S. 931, 60 L.Ed.2d 659</u>.

<u>12</u>. ---- Failure to prosecute

Complaint in which accused alleged that witness and prosecutor had committed perjury and that United States attorneys had joined in conspiracy to deprive accused of his civil rights by failing to prosecute witness and prosecutor for the alleged perjury failed to state claim upon which relief could be granted. Fleetwood v. Thompson, N.D.Ill.1972, 358 F.Supp. 310.

<u>13</u>. Persons entitled to institute prosecution--Generally

Generally, private citizens have no authority to institute federal criminal prosecution; criminal statutes can be enforced only by proper authorities of United States government, such as United States attorneys. Martinez v. Ensor, D.Colo.1997, 958 F.Supp. 515. District And Prosecuting Attorneys ⟸ 8

<u>14</u>. ---- Inmates

Inmate lacked standing to initiate federal criminal prosecution. Martinez v. Ensor, D.Colo.1997, 958 F.Supp. 515. District And Prosecuting Attorneys ⟸ 8

<u>II</u>. CRIMINAL CASES

<Subdivision Index>

Attorney General
Attorney General - Generally <u>31</u>
Attorney General - Authorization <u>32</u>
Choice of criminal statutes, discretion of prosecutor <u>35</u>
Civil or criminal proceeding, discretion of prosecutor <u>36</u>
Deportation, plea bargains <u>44</u>
Discouraging witness from cooperating with defense counsel, misconduct of prosecutor <u>49</u>
Discretion of prosecutor
Discretion of prosecutor - Generally <u>33</u>
Discretion of prosecutor - Choice of criminal statutes <u>35</u>
Discretion of prosecutor - Civil or criminal proceeding <u>36</u>

Discretion of prosecutor - Judicial review 39
Discretion of prosecutor - Probable cause 34
Discretion of prosecutor - Selective prosecution 37
Discretion of prosecutor - Vindictive prosecution 38
Enforceability of plea bargains 42
Expression of belief in testimony, misconduct of prosecutor 50
Facts outside record, misconduct of prosecutor 51
Immunity grant 40
Judicial review, discretion of prosecutor 39
Misconduct of prosecutor
Misconduct of prosecutor - Generally 48
Misconduct of prosecutor - Discouraging witness from cooperating with defense
counsel 49
Misconduct of prosecutor - Expression of belief in testimony 50
Misconduct of prosecutor - Facts outside record 51
Misconduct of prosecutor - Miscellaneous misconduct 52
Multiple district plea bargains 43
Place of imprisonment, plea bargains 45
Plea bargains
Plea bargains - Generally 41
Plea bargains - Deportation 44
Plea bargains - Enforceability 42
Plea bargains - Multiple districts 43
Plea bargains - Place of imprisonment 45
Plea bargains - Release of state prisoners 46
Probable cause, discretion of prosecutor 34
Release of state prisoners, plea bargains 46
Selective prosecution, discretion of prosecutor 37
Subpoena power 47
Vindictive prosecution, discretion of prosecutor 38

## 31. Attorney General--Generally

United States Attorney General is not required to personally prosecute every trespass case on property under the control of the Department of Energy. U. S. v. Best, D.C.Colo.1979, 476 F.Supp. 34.

## 32. ---- Authorization

Where federal appellate court was not informed that United States attorney had obtained permission to institute federal charges from Attorney General's office, court would have to assume that authorization was not obtained. U. S. v. Padilla, C.A.10 (N.M.) 1978, 589 F.2d 481.

## 33. Discretion of prosecutor--Generally

Prosecutorial decisions on whether and what to charge are almost completely discretionary. U.S. v. Nance, C.A.9 (Or.) 1992, 962 F.2d 860, as amended.

United States attorney has broad discretion in determining which cases to file. U. S. v. Hall, C.A.9 (Wash.) 1977, 559 F.2d 1160, certiorari denied 98 S.Ct. 1523, 435 U.S. 942, 55 L.Ed.2d 539.

United States attorney must be given wide latitude in determining whether to prosecute. Spillman v. U. S., C.A.9 (Ariz.) 1969, 413 F.2d 527, certiorari denied 90 S.Ct. 265, 396 U.S. 930, 24 L.Ed.2d 228.

Federal crimes are prosecuted by United States attorney who possesses absolute and unreviewable discretion as to what crimes to prosecute. People of State of N. Y. v. Muka, N.D.N.Y.1977, 440 F.Supp. 33.

It is within the sound discretion of the United States attorney to determine which cases shall be brought against which defendant; in absence of overreaching or deceit, it is entirely proper use of that discretion to forego potential prosecution where, in the opinion of the United States attorney, an inculpated party's aid in other matters outweighs benefits of his prosecution. U. S. v. Crisona, S.D.N.Y.1977, 440 F.Supp. 24.

United States attorneys cannot be compelled to investigate or prosecute alleged criminal activity. Fleetwood v. Thompson, N.D.Ill.1972, 358 F.Supp. 310.

United States Attorneys have broad discretion in determining whether to institute legal proceedings. U. S. v. Indiana Harbor Belt R. Co., N.D.Ind.1970, 314 F.Supp. 691.

34. ---- Probable cause

So long as he has probable cause to believe that the accused has committed offense, prosecutor has complete discretion in deciding whether to prosecute and what charge to file. U.S. v. Carter, C.A.5 (Tex.) 1992, 953 F.2d 1449, rehearing denied 959 F.2d 969, certiorari denied 112 S.Ct. 2980, 504 U.S. 990, 119 L.Ed.2d 598.

35. ---- Choice of criminal statutes

That United States may be influenced by array of penalties available under different criminal statutes does not make selection of charges under any one of choices violation of equal protection. U.S. v. Johnson, D.Colo.1991, 765 F.Supp. 658.

36. ---- Civil or criminal proceeding

No authority requires Government to pursue criminal forfeiture when civil forfeiture procedures are available, although some protections available in criminal forfeiture actions are not present in civil forfeiture actions. U.S. v. Real Property Commonly Known as 16899 S.W. Greenbrier, Lake Oswego, Clackamas County, Or., D.Or.1991, 774 F.Supp. 1267.

37. ---- Selective prosecution

Continuing criminal enterprise defendant failed to show that Government was impermissibly selective in seeking death penalty against him, even though two of defendant's alleged coconspirators were indicted for participating in two capital murders with defendant, and Government did not seek death penalty against either one; defendant did not show that alleged coconspirators were similarly situated to himself, as only defendant was charged in indictment as organizer and manager of continuing criminal enterprise, and defendant failed to show that Government's decision to seek death penalty solely against him was based on some impermissible factor, as both defendant and his alleged coconspirators were black and all three exercised their right to trial. U.S. v. Pretlow, D.N.J.1991, 779 F.Supp. 758.

In order to establish selective prosecution as grounds for dismissal of indictment, defendant must show that others similarly situated have not been prosecuted and that decision of Government to prosecute was based on impermissible standard, such as race, religion, political beliefs, or exercise of right protected by Federal Constitution. U.S. v. Rawlins, D.Or.1991, 770 F.Supp. 571.

38. ---- Vindictive prosecution

There was no evidence of vindictive or selected prosecution such as to warrant reversal of defendant's conviction where prosecuting attorney, who in his official capacity had signed indictment returned by grand jury, recused himself from inception of the investigation due to fact that the prosecutor had been member of law firm that had for many years represented an unindicted coconspirator and important government witness. U. S. v. Grande, C.A.4 (Md.) 1980, 620 F.2d 1026, certiorari denied 101 S.Ct. 98, 449 U.S. 830, 66 L.Ed.2d 35, certiorari denied 101 S.Ct. 317, 449 U.S. 919, 66 L.Ed.2d 146.

Though first indictment was dismissed after defendant had already been convicted and had served period of probation, there was no abuse of prosecutorial discretion in securing second indictment, despite claim of prosecutorial vindictiveness. U. S. v. Hall, C.A.9 (Wash.) 1977, 559 F.2d 1160, certiorari denied 98 S.Ct. 1523, 435 U.S. 942, 55 L.Ed.2d 539.

39. ---- Judicial review

United States Attorney has power to prosecute or not to prosecute and his decision is not reviewable by any court. U. S. v. Kysar, C.A.10 (Utah) 1972, 459 F.2d 422.

Court of Appeals cannot inquire into motives of United States attorney in prosecuting defendant. Spillman v. U. S., C.A.9 (Ariz.) 1969, 413 F.2d 527, certiorari denied 90 S.Ct. 265, 396 U.S. 930, 24 L.Ed.2d 228.

Plaintiff was not entitled to an order compelling Department of Justice to initiate criminal proceedings against him or to produce evidence of criminal acts occurring prior to specified date, since initiation of federal criminal prosecution is a discretionary function within the executive branch not subject to judicial compulsion. Ray v. U. S. Dept. of Justice, E.D.Mo.1981, 508 F.Supp. 724, affirmed 658 F.2d 608.

Determination of whether to undertake an investigation or prosecution of particular case is within the absolute discretion of the United States attorney although, in a proper case, court might refer papers to the United States attorney or direct that available evidence be presented to a federal grand jury. Johnson v. McNary, E.D.Mo.1975, 414 F.Supp. 684.

Power of federal courts to formulate and apply proper standards for enforcement of federal criminal law in the criminal courts does not constitute an infringement on nearly unlimited discretion of United States attorneys to determine whether to enter into agreements with potential defendants, how to charge, whether to seek indictment and in general, to prepare for trial. U. S. v. Paiva, D.C.D.C.1969, 294 F.Supp. 742.

40. Immunity grant

Federal prosecutors do not possess authority to grant immunity in absence of statute specifically conferring it. U. S. v. Gorham, C.A.D.C.1975, 523 F.2d 1088, 173 U.S.App.D.C. 139, supplemented 536 F.2d 410, 175 U.S.App.D.C. 383.

41. Plea bargains--Generally

A prosecutor has no power to make assurances of judicial clemency but does have power to make assurances to defendants of not prosecuting. U. S. v. Paiva, D.C.D.C.1969, 294 F.Supp. 742.

42. ---- Enforceability

Even assuming that statements were in fact made, statement of Justice Department official that "As far as I know it looks like there are no criminal charges against you people" and statement of assistant United States attorney that it was his understanding that it was going to be a civil suit against defendants could by no reasonable interpretation be deemed to have constituted a "promise" not to prosecute defendants; rather, such statements indicated mere speculation and a lack of personal knowledge as to the actual status of the case. U. S. v. Greene, C.A.5 (Tex.) 1978, 578 F.2d 648, certiorari denied 99 S.Ct. 1056, 439 U.S. 1133, 59 L.Ed.2d 96.

If it appears that defendant who has entered into agreement with United States with respect to defendant's prosecution performs his part of agreement while United States does not, indictment may be dismissed. U. S. v. Paiva, D.C.D.C.1969, 294 F.Supp. 742.

43. ---- Multiple districts

United States attorney for the Southern District of Florida had no jurisdiction, power, or authority over federal indictment against same defendant in the Eastern District of New York and could not bind United States attorney in latter district to dismiss indictment pending there on basis of defendant's action with respect to indictment in the Southern District of Florida. U. S. v. Boulier, E.D.N.Y.1972, 359 F.Supp. 165, affirmed 476 F.2d 456, certiorari denied 94 S.Ct. 171, 414 U.S. 823, 38 L.Ed.2d 56.

## 44. ---- Deportation

Attorney General was vested with power to promise criminal defendant during plea negotiations that he will not be deported; for United States Attorney to promise nondeportation to criminal defendant, Attorney General must have delegated power to United States Attorney. San Pedro v. U.S., C.A.11 (Fla.) 1996, 79 F.3d 1065, certiorari denied 117 S.Ct. 431, 519 U.S. 980, 136 L.Ed.2d 330. Attorney General ⇔ 6; Criminal Law ⇔ 273.1(2); District And Prosecuting Attorneys ⇔ 8

United States Attorneys' authority to commit government not to oppose motions for deportation by defendant as part of cooperation agreement was implied as incidental to United States Attorneys' authority or prosecute for all offenses against United States under ordinary principles of agency law. Thomas v. I.N.S., C.A.9 1994, 35 F.3d 1332, amended on denial of rehearing. Aliens ⇔ 44

Where, as part of plea bargain, Department of Justice promised accused that it would use its best efforts to see that she was paroled after serving three years of seven-year sentence and that she would not be deported at that time to either France or Switzerland, Department of Justice at least had duty to make strong presentation to Department of State as to what had been promised and likely dangers to accused if Department of State executed order extraditing accused to Switzerland and had duty to advise Parole Board of plea bargain and importance to public interest of its being honored. Geisser v. U. S., C.A.5 (Fla.) 1975, 513 F.2d 862, on remand 414 F.Supp. 49.

## 45. ---- Place of imprisonment

Where neither Justice Department special attorney, nor special agent of Drug Enforcement Administration had power to act for Bureau of Prisons, and Bureau could not confer such authority on them, fact that they promised prisoner, who, along with his family, was receiving protection under witness protection program, that he would be placed in minimum security facility within close proximity to his family's new location was not binding on Bureau, and thus Bureau could place prisoner in medium security facility and sentences. Roe v. U. S. Attorney, E.D.N.Y.1979, 489 F.Supp. 4, affirmed 618 F.2d 980, certiorari denied 101 S.Ct. 152, 449 U.S. 856, 66 L.Ed.2d 70.

## 46. ---- Release of state prisoners

United States attorney would have no authority to bind a state to release state prisoner. Cederbaums v. Harris, S.D.N.Y.1979, 473 F.Supp. 1238, motion granted 484 F.Supp. 125.

## 47. Subpoena power

Under Right to Financial Privacy Act, bank records dealing with transfers of funds from European banks to Texas bank by depositor accused of having hired individuals to assassinate witnesses and federal prosecutors were relevant to legitimate law enforcement inquiry, and were thus subject to subpoena from the bank, all other requirements of the Act having been also met. U.S. v. Wilson, S.D.N.Y.1983, 571 F.Supp. 1417.

Use by United States attorney of a document entitled "Summons", which notified the recipient to appear for an interview in office of United States attorney, was an improper usurpation of judicial power since United States attorney did not possess subpoena power. U. S. v. Thomas, D.C.D.C.1970, 320 F.Supp. 527.

## 48. Misconduct of prosecutor--Generally

The United States Attorney is the representative not of an ordinary party to controversy, but of a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at all and whose interest, therefore, in criminal prosecution is not that it shall win a case, but that justice shall be done, and it is as much his duty to refrain from improper methods calculated to produce a wrongful conviction as it is to use every legitimate means to bring about a just one. U. S. v. Bess, C.A.6 (Ky.) 1979, 593 F.2d 749.

United States attorney in criminal case has greater responsibility than counsel for an individual client, and for purpose of individual case he represents great authority of United States and must exercise that responsibility with the circumspection and dignity that the occasion calls for. U. S. v. LeFevre, C.A.3 (Del.) 1973, 483 F.2d 477.

A federal prosecutor must refrain from improper methods. U. S. v. Dolasco, C.A.3 (N.J.) 1972, 470 F.2d 1297, certiorari denied 93 S.Ct. 1558, 411 U.S. 919, 36 L.Ed.2d 312.

United States attorney is representative of sovereignty whose obligation is to govern impartially and whose interest in criminal prosecution is not that it shall win case, but that justice shall be done. Johnson v. U. S., C.A.8 (S.D.) 1966, 356 F.2d 680, certiorari denied 87 S.Ct. 105, 385 U.S. 857, 17 L.Ed.2d 84.

District court would presume only the highest standards of fair play and ethical conduct on part of United States attorney in criminal prosecution. U. S. v. Paiva, D.C.D.C.1969, 294 F.Supp. 742.

49. ---- Discouraging witness from cooperating with defense counsel

Governmental conduct having the purpose or effect of discouraging witnesses from cooperating with counsel of an accused is not approved; prosecutors and other officials must maintain posture of strict neutrality when advising witnesses of their duties and rights. U. S. v. Rich, C.A.9 (Wash.) 1978, 580 F.2d 929, certiorari denied 99 S.Ct. 330, 439 U.S. 935, 58 L.Ed.2d 331.

50. ---- Expression of belief in testimony

It is unprofessional conduct for prosecutor to express personal belief or opinion as to the truth or falsity of any testimony or evidence or guilt of defendant. U. S. v. LeFevre, C.A.3 (Del.) 1973, 483 F.2d 477.

51. ---- Facts outside record

It is unprofessional conduct for prosecutor intentionally to refer to or argue on basis of facts outside record whether at trial or on appeal unless such facts are matters of common knowledge based on ordinary human experience or matters of which court may take judicial notice. U. S. v. LeFevre, C.A.3 (Del.) 1973, 483 F.2d 477.

52. ---- Miscellaneous misconduct

Act of Assistant United States Attorney in throwing a coat to defendant which he, as a witness, was to examine was not so prejudicial or so fundamental in nature as to deprive defendant of fundamental justice where trial court immediately reprimanded Attorney in presence of jury concerning his conduct even though no objection was then made to it by defense counsel. U. S. v. Dolasco, C.A.3 (N.J.) 1972, 470 F.2d 1297, certiorari denied 93 S.Ct. 1558, 411 U.S. 919, 36 L.Ed.2d 312.

28 U.S.C.A. § 547, 28 USCA § 547

Current through P.L. 108-80, approved 09-17-03
Copr. © West Group 2003. No claim to Orig. U.S. Govt. Works.
END OF DOCUMENT


# 3-2.000
# United States Attorneys,
# Assistant United States Attorneys,
# Special Assistants, and the AGAC

3-2.100 United States Attorneys
3-2.110 History
3-2.120 Appointment
3-2.130 Residence
3-2.140 Authority
3-2.150 Absence from Office -- Acting United States Attorney
3-2.160 Vacancy in Office -- Court Appointment
3-2.170 Recusals
3-2.171 Procedures in Implementing Recusals
3-2.200 Assistant United States Attorneys
3-2.201 Disciplinary Actions Affecting Assistant United States Attorneys
3-2.210 Authority
3-2.220 Recusals
3-2.300 Special Assistants
3-2.400 Division of Responsibility
3-2.500 History of the Attorney General's Advisory Committee of United States Attorneys (AGAC)
3-2.520 Members
3-2.530 Functions
3-2.540 Subcommittees

## 3-2.100 United States Attorneys

The United States Attorney serves as the chief law enforcement officer in each judicial district and is responsible for coordinating multiple agency investigations within that district.

There are currently 93 United States Attorneys stationed throughout the United States, Puerto Rico, Guam and the Northern Marianas. One United States Attorney is assigned to each judicial district with the exception of Guam and the Northern Marianas, where a single United States Attorney serves in both districts.

## 3-2.110 History

The Office of the United States Attorney was created by the Judiciary Act of 1789 which provided for the appointment "in each district of a meet person learned in the law to act as attorney for the United States . . . whose duty it shall be to prosecute in each district all delinquents for crimes and offenses, recognizable under the authority of the United States, and all civil actions in which the United States shall be concerned . . ." 1 Stat. 92. Initially, United States Attorneys were not supervised by the Attorney General (1 Op.Att'y Gen. 608) but Congress, in the Act of August 2, 1861, (Ch. 37, 12 Stat. 185) charged the Attorney General with the "general superintendence and direction duties . . ." While the precise nature of the superintendence and direction was not defined, the Department of Justice Act of June 22, 1870 (Ch. 150, 16 Stat. 164) and the Act of June 30, 1906 (Ch. 39, 35, 34 Stat. 816) clearly

established the power of the Attorney General to supervise criminal and civil proceedings in any district. *See* 22 Op. Att'y Gen. 491; 23 Op. Att'y Gen. 507. Today, as in 1789, the United States Attorney retains, among other responsibilities, the duty to "prosecute for all offenses against the United States." *See* 28 U.S.C. Sec. 547(1). This duty is to be discharged under the supervision of the Attorney General. *See* 28 U.S.C. Sec. 519.

## 3-2.120 Appointment

United States Attorneys are appointed by the President with the advice and consent of the Senate for a four-year term. *See* 28 U.S.C. Sec. 541. Upon expiration of this term, the United States Attorney continues to perform the duties of the office until a successor is confirmed. United States Attorneys are subject to removal at the will of the President. *See Parsons v. United States*, 167 U.S. 314 (1897).

## 3-2.130 Residence

All United States Attorneys must reside in the district of their appointment except that in the District of Columbia and the Southern and Eastern districts of New York, they may reside within 20 miles of their district. These provisions do not apply to a United States Attorney appointed for the Northern Mariana Islands who at the same time is serving in the same capacity in another district. *See* 28 U.S.C. Sec. 545.

## 3-2.140 Authority

Although the Attorney General has supervision over all litigation to which the United States or any agency thereof is a party, and has direction of all United States Attorneys, and their assistants, in the discharge of their respective duties (28 U.S.C. Secs. 514, 515, 519), each United States Attorney, within his/her district, has the responsibility and authority to: (a) prosecute for all offenses against the United States; (b) prosecute or defend, for the government, all civil actions, suits, or proceedings in which the United States is concerned; (c) appear on behalf of the defendants in all civil actions, suits or proceedings pending in the district against collectors, or other officers of the revenue or customs for any act done by them or for the recovery of any money exacted by or paid to such officers, and by them paid into the Treasury; (d) institute and prosecute proceedings for the collection of fines, penalties, and forfeitures incurred for violation of any revenue law unless satisfied upon investigation that justice does not require such proceedings; (e) make such reports as the Attorney General shall direct. 28 U.S.C. Sec. 547.

By virtue of this grant of statutory authority and the practical realities of representing the United States throughout the country, United States Attorneys conduct most of the trial work in which the United States is a party. They are the principal federal law enforcement officers in their judicial districts. In the exercise of their prosecutorial discretion, United States Attorneys construe and implement the policy of the Department of Justice. Their professional abilities and the need for their impartiality in administering justice directly affect the public's perception of federal law enforcement.

## 3-2.150 Absence from Office -- Acting United States Attorney

Each United States Attorney is authorized to designate any Assistant United States Attorney in his/her office to perform the functions and duties of the United States Attorney during his/her absence from office, and to sign all necessary documents and papers as Acting United States Attorney while performing such functions and duties. *See* 28 C.F.R. Sec. 0.131.

## 3-2.160 Vacancy in Office -- Court Appointment

The District Court for a district in which the office of the United States Attorney is vacant may appoint a United States Attorney to serve until the vacancy is filled. The order of appointment by the court shall be filed with the clerk of the court. *See* 28 U.S.C. Sec. 546.

## 3-2.170 Recusals

If a conflict of interest exists because a United States Attorney has a personal interest in the outcome of the matter or because he/she has or had a professional relationship with parties or counsel, or for other good cause, he/she should recuse himself/herself. The requirement of recusal does not arise in every instance in which he/she has had a professional relationship with parties or counsel, but only where a conflict of interest exists.

Where there is the appearance of a conflict of interest, the United States Attorney should consider a recusal.

A United States Attorney who recuses should promptly notify the appropriate division and the Legal Counsel's office of the Executive Office for United States Attorneys at (202) 514-4024. In exceptional cases, the recusal of the United States Attorney may require the recusal of all members of that office. A United States Attorney who recuses should discuss the question of recusal of the members of the office with the appropriate division or the Executive Office for United States Attorneys. If appropriate, the division will assume sole responsibility for handling the matter or secure the designation of an attorney as a Special Attorney or Special Assistant to the Attorney General (see USAM 3-2.300) pursuant to 28 U.S.C. Sec. 515 to assume responsibility for handling the matter. *See* USAM 1-4.000 *et seq.*

## 3-2.171 Procedures in Implementing Recusals

A. **Policy.** Supervision of litigation generally, and criminal investigations in particular, are significant responsibilities vested in the United States Attorneys by the Attorney General. United States Attorneys should determine that a recusal is appropriate in consultation with the Legal Counsel's office, Executive Office for United States Attorneys (EOUSA), and obtain the approval of the Deputy Attorney General's office, as set forth below. Subsequently, United States Attorneys should take steps to ensure that management, supervisory, and reporting responsibilities for a particular matter are transferred to another appropriate official of the Justice Department. Appropriate Assistant Attorneys General should also be consulted on the necessity of the recusal and its scope.

Any recusal by a United States Attorney must be complete. Once it has been determined that a United States Attorney must be recused from a particular matter, he or she should not only be recused from decision-making responsibility in that matter, but also should not review any status reports on the progress of the matter.

To ensure effectiveness of the recusal, the file should be marked in a distinguishing manner and an entry made within the case management system. Should the case enter a grand jury phase, the judge supervising the grand jury should be notified of the recusal. When the case reaches court, the assigned judge should also be notified.

B. **Responsibility of the Deputy Attorney General.** The Deputy Attorney General shall supervise the official designation of an Acting United States Attorney or the official responsible for the matter (i.e., the appropriate Assistant Attorney General), and approve the United States Attorney or office-wide recusal.

C. **Interim Supervision.** When only the United States Attorney will be recused, the principal Assistant United States Attorney shall serve as Temporary Acting United States Attorney on the case until the Deputy Attorney General designates an Acting United States Attorney for the case. Should the principal Assistant also be recused, the next ranking supervisor shall serve as Temporary Acting United States Attorney. When it appears an office-wide recusal may be necessary, the highest-ranking supervisor without a conflict of interest in the matter (below the United States Attorney level) shall serve as Temporary Acting United States Attorney.

D. **Designation of an Acting United States Attorney.** In designating an Acting United States

Attorney, the Deputy Attorney General will consider whether supervisory responsibility for the matter should remain with the principal Assistant, or whether such supervisory responsibility (or the matter in its entirety) should be transferred to a United States Attorney from another district or to an Assistant Attorney General.

Where both the United States Attorney and the principal Assistant are recused from the case, the next senior supervisor will be named as the Acting United States Attorney. Recusal of the senior management of a United States Attorney's office, but not the line Assistants, will not occur in the absence of compelling reasons, and should in any event be accompanied by a transfer of supervisory functions to either a United States Attorney from another district or an Assistant Attorney General, as determined by the Deputy Attorney General.

If the investigation in question involves a significant feature, such as a prominent target, an international target, or a crime of national notoriety, the transfer of the entire matter to a United States Attorney from another district or an Assistant Attorney General will be given strong consideration. For example, where the United States Attorney is recused in an investigation involving alleged public corruption and a significant public figure or political official appears to be implicated, the Assistant Attorney General for the Criminal Division should be consulted to determine whether the Public Integrity Section should be brought into the investigation.

**E. Office-wide Recusal.** When it appears that it may be necessary for the entire United States Attorney's office to recuse itself from a matter, please contact EOUSA Legal Counsel's office at (202) 514-4024, before submitting a recusal memorandum (see the EOUSA Resource Manual at 2 for instructions on preparing a recusal memorandum).

The purpose of this contact is to obtain a preliminary determination of whether an office-wide recusal is necessary and of the appropriate office to which the case will be reassigned. After consultation with the Office of the Deputy Attorney General, the Legal Counsel's office will respond to your office regarding the appropriate office to which the case should be reassigned. Please do not contact another United States Attorney's office and ask them to handle the matter before discussing it with EOUSA Legal Counsel's office.

After you have been contacted by EOUSA Legal Counsel's office, please incorporate the recommendation into your recusal memorandum.

For additional information on reporting, see the EOUSA Resource Manual at 3. On the issue of retroactive application, see the EOUSA Resource Manual at 4. The recusal standards are set forth in the EOUSA Resource Manual at 5.

## 3-2.200 Assistant United States Attorneys

Assistant United States Attorneys are appointed by the Attorney General and may be removed by that official. *See* 28 U.S.C. Sec. 542. The Deputy Attorney General exercises the power and authority vested in the Attorney General to take final action in matters pertaining to the employment, separation, and general administration of Assistant United States Attorneys. *See* 28 C.F.R. Sec. 0.15. Such authority may be, and has been, delegated to the Director, Executive Office for United States Attorneys.

Authority to appoint Assistant United States Attorneys may be, and has been delegated to the Director, Office of Attorney Personnel Management. Authority to effect reprimands, suspensions, and/or removal for Assistant United States Attorneys may be, and has been, delegated to the Director, EOUSA.

Assistants must reside in the district of their appointment, or within 25 miles thereof. These provisions do not apply to an Assistant United States Attorney appointed for the Northern Mariana Islands who at the same time is serving in the same capacity in another district. *See* U.S.C. Sec. 545(a).

Assistants who are appointed on an interim basis under 28 U.S.C. Sec. 546, and who are not candidates for permanent appointment by the President as the United States Attorney pursuant to 28

USAM 3-2.000 United States Attorneys' USAs, AUSAs, and their roles... .usdoj.gov/usao/eousa/foia_reading_room/usam/title3/2musa.htm

Case 1:07-cv-01931-RWR Document 24-8 Filed 08/14/2008 Page 25 of 30

U.S.C. Sec. 541, shall be offered, upon termination, reemployment to the last permanent position held. Reemployment is subject to all conditions of employment currently applicable to Assistants appointed pursuant to 28 U.S.C. Sec. 542. Of special note: an Assistant who served as a supervisor before becoming the interim United States Attorney cannot be guaranteed a return to that slot. Supervisory positions are not permanent. Such decisions rest solely with the discretion of the new United States Attorney. That individual is guaranteed only of returning to a permanent AUSA position.

## 3-2.201 Disciplinary Actions Affecting Assistant United States Attorneys

**NOTE:** In addition to the officials listed herein, the Attorney General and the Deputy Attorney General may initiate and/or render decisions affecting Assistant United States Attorneys.

| Action | Delegated Authority to Issue |
|---|---|
| Written Reprimands | Director, EOUSA<br>Principal Deputy Director, EOUSA<br>Counsel to the Director, EOUSA<br>United States Attorneys<br>First Assistant United States Attorneys* |
| Suspensions (14 Days or less) | **Proposals:**<br>Director, EOUSA<br>Principal Deputy Director, EOUSA<br>Counsel to the Director<br>United States Attorneys<br>First Assistant United States Attorneys*<br><br>**Decisions:**<br>Director, EOUSA<br>Principal Deputy Director, EOUSA<br>Counsel to the Director, EOUSA<br>United States Attorneys |
| Suspensions (15 days or more), Reduction in Salary, and Removals | **Proposals:**<br>Director, EOUSA<br>Principal Deputy Director, EOUSA<br>Counsel to the Director, EOUSA<br>United States Attorneys<br><br>**Decisions**<br>Director, EOUSA<br>Principal Deputy Director, EOUSA<br>Counsel to the Director, EOUSA |

*Actions cannot be redelegated below the level of First Assistant United States Attorney

## 3-2.210 Authority

Assistant United States Attorneys are responsible to the United States Attorney for the performance of duties assigned by that official.

## 3-2.220 Recusals

The same circumstances which require that a United States Attorney recuse himself/herself (*see* USAM 3-2.170) apply to an Assistant United States Attorney. Ordinarily, the fact that an Assistant United States Attorney recuses will not require that the United States Attorney or the office recuse itself and the case or matter may be reassigned to another Assistant. Specific questions should be directed to the Legal Counsel Staff of the Executive Office for United States Attorneys at (202) 514-4024 or the

appropriate litigating division.

## 3-2.300 Special Assistants

Section 543 of Title 28 authorizes the Attorney General to appoint Special Assistants to assist the United States Attorney when the public interest so requires, and to fix their salaries. These Assistants are designated as Special Assistants to the United States Attorney and are appointed for the purpose of assisting in the preparation and presentation of special cases. Their salaries, if any, are a matter of agreement between the Department and the individual, and are fixed at an annual, monthly, per diem, or when-actually-employed rate. Under the appropriate circumstances, a private attorney may receive a Special Assistant appointment pursuant to 28 U.S.C. Sec. 543, with or without compensation, to assist the United States Attorney with specific matters. Such appointments raise ethics and conflict of interest issues that must be addressed. To appoint private attorneys as Special Assistant United States Attorneys pursuant to 28 USC Section 543, compensated or not, approval i s required by EOUSA.

Attorneys employed in other departments or agencies of the federal government may be appointed as Special Assistants to United States Attorneys, without compensation other than that paid by their own agency, to assist in the trial or presentation or cases when their services and assistance are needed. Such appointments, and appointments of Assistant United States Attorneys from one United States Attorney's office to another, may be made by the United States Attorney requiring their services.

In instances where an entire United States Attorney's Office recuses itself, the Attorney General may, pursuant to 28 U.S.C. Sec. 515, appoint any officer of the Department of Justice, or any attorney specially appointed under law, to conduct any kind of legal proceeding which United States Attorneys are authorized by law to conduct, whether or not such appointee is a resident of the district in which the proceeding is brought. Said appointee specially retained under authority of the Department of Justice is appointed as a Special Assistant or a Special Attorney to the Attorney General and reports directly to the Attorney General or delegee. Such appointments are executed by the Executive Office for United States Attorneys.

## 3-2.400 Division of Responsibility

The division of responsibility in the Department of Justice between the offices of the United States Attorneys and the legal divisions is determined by statutes, Code of Federal Regulations provisions, Attorney General and Deputy Attorney General directives, and actual practice. It is also extensively discussed in the Manual's various titles.

## 3-2.500 History of the Attorney General's Advisory Committee of United States Attorneys (AGAC)

The appointment of an Advisory Committee of United States Attorneys to the Attorney General was publicly announced on September 20, 1973, by Attorney General Elliot Richardson. By order dated February 13, 1976, Attorney General Edward Levi formally established the Committee and had its existence and responsibilities set forth in 28 C.F.R., Section 0.10.

## 3-2.520 Members

The Committee consists of 17 United States Attorneys selected by the Attorney General. They are intended to represent office size, judicial district, issues and diversity. Service on the Committee normally shall not exceed three years. New members are appointed each year to provide for broad representation of United States Attorneys nationwide. The Attorney General selects a chairperson and vice-chairperson. The Committee establishes such subcommittees as it deems necessary to carry out its functions.

## 3-2.530 Functions

# EXHIBIT C

MG 08 R0209
DRH

July 7, 2007

Attorney General Office
United States of America                          **OFFICE OF INFORMATION**
950 Pennsylvania Avenue, N.W.                      **AND PRIVACY**
Washington, DC 20530
                                                   **JAN 0 7 2008**

RE: Attorney General Opinion                       # RECEIVED

To Whom this may Concern:

I am requesting that the Attorney General Office issue an official opinion on the following
subject matter(s):

1. The legal status of Title 21 § 841 and 846, P.L. 91-513, Section 801 and 802, of the
Comprehensive Drug Abuse Prevention and Control Act of 1970.

2. The means by which this Act became a Public Law when Congress, 91st Congress, under
H.R. 18583 never voted to pass the provision into law.

3. The reason why the Code of Federal Regulations does not have a corresponding provision for
either 21 U.S.C. § 841 or 846?

4. Under what public policy is the Department of Justice acting in prosecuting state citizens
under these unenacted provisions?

5. The legal status of federal territorial jurisdiction, exclusive legislative jurisdiction, as defined
by congress Public Law 97-96, subsection 6, 95 Stat. 1210, 18 U.S.C. § 7, I.E. Has public policy
repealed this law and expanded federal criminal jurisdiction to the exclusive jurisdiction of the
several states?

You may consider this as a Freedom of Information Act Request if that is necessary to comply
with this request!

Please consider this request modified in a way for it to be affective in accomplishing its objective
(to obtain the information requested).

Sincerely,

Timothy Demitri Brown
P.O. Box 24550
#10979-035
Tucson, AZ 85734

# EXHIBIT D



**U.S. Department of Justice**

Office of Information and Privacy

_____

*Telephone: (202) 514-3642*                    *Washington, D.C. 20530*

FEB 1 4 2008

Mr. Timothy D. Brown
Reg. No. 10979-035
P.O. Box 24550                    Re:    AG/08-R0209
Tucson, AZ 85734                       CLM:MLF:DRH

Dear Mr. Brown:

    This responds to your letter dated July 7, 2007, and received in this Office on January 7, 2008, in which you requested that the Attorney General issue a formal opinion on various matters. Because you characterized your letter as a Freedom of Information Act (FOIA) request, and because the Office of Information and Privacy processes FOIA and Privacy Act requests for records maintained by the Office of the Attorney General, your letter was forwarded to this Office for response on behalf of the Office of the Attorney General.

    For your information, the FOIA provides a right of access to federal agency records that exist and can be located in agency files. The FOIA does not require agencies to compile information, conduct research, answer questions, or create new documents in response to FOIA requests. As such, this Office cannot be of assistance in this matter.

    If you are not satisfied with my response to your request, you may administratively appeal by writing to the Director, Office of Information and Privacy, United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, DC 20530-0001, within sixty days from the date of this letter. Both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

                    Sincerely,

                    *Marilyn L. Falhsen*
                    for
                    Carmen L. Mallon
                    Chief of Staff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| TIMOTHY D. BROWN, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | Civ. No. 07-1931 |
| | ) | |
| FEDERAL BUREAU OF | ) | |
| INVESTIGATION, | ) | |
| | ) | |
| | ) | |
| DEFENDANTS | ) | |
| | ) | |
| | ) | |

## DECLARATION OF DIONE JACKSON STEARNS

I, Dione Jackson Stearns, declare the following to be a true and correct statement of facts:

1.) I am an Attorney Advisor in the Executive Office for United States Attorneys ("EOUSA"), United States Department of Justice ("DOJ"). I am assigned to the component of EOUSA designated to administer the Freedom of Information Act ("FOIA"), 5 U.S.C. §552, and the Privacy Act of 1974 ("PA"), 5 U.S.C.§552a.

2.) Due to the nature of my official duties, I am personally familiar with the FOIA/PA request made to EOUSA by Timothy D. Brown ("Plaintiff"), which forms the basis for this litigation.

3.) My official duties include: making final disclosure determinations on records requested by an individual or organization using the FOIA/PA; ensuring compliance with the provisions of the FOIA and PA, and Department of Justice FOIA Regulation 28 C.F.R. § 16.3 *et seq.* and § 16.40 *et seq.*; and defending EOUSA's position in litigating challenges to EOUSA's

initial actions.

4.)    My official duties also include: acting as liaison between EOUSA and the

components within the DOJ regarding FOIA/PA requests; reviewing requests for records sought

from EOUSA and /or the 94 U.S. Attorney's Offices ("USAO's"); reviewing request-related

correspondence; reviewing searches performed in response to requests; and, reviewing proposed

responses made to those requests.

5.)    The statements that follow are made on the basis of my review of EOUSA's

official files and records, my own personal knowledge, and the information I acquired in

performing my official duties.

6.)    The purpose of this declaration is to provide the Court and Plaintiff with an

explanation for EOUSA's action on  FOIA/PA matters pertaining to Plaintiff.  This declaration is

submitted in support of defendant's motion to dismiss or in the alternative for summary

judgement.

### <u>Request Number 06-2346</u>

7.)    By letter dated March 14, 2006, Plaintiff submitted a FOIA request to the Western

District of Louisiana ("WDLA").  (<u>See</u> Ex. A.)

8.)    By letter dated March 20, 2006, the WDLA forwarded Plaintiff's request to

EOUSA. (<u>See</u> Ex. B.)

9.)    In the March 14, 2006 letter, Plaintiff did not verify his identity.  In order to

adequately protect privacy interests under the FOIA, the identity of the requester must be

verified.[1]  (<u>See</u> Ex. A.)

10.)    By letter dated August 17, 2006, EOUSA informed Plaintiff that because he failed

---

[1] 28 CFR 16:41(d).

to provide a notarized example of his signature or a certification of identity under penalty of

perjury, EOUSA closed his file.  (See Ex. C.)

**Request Number 06-3193**

11.)    By letter dated August 22, 2006, Plaintiff perfected his March 14, 2006 request by

including a certification of identity.  (See Ex. D.)

12.)    Upon receipt of Plaintiff's perfected request letter, EOUSA opened a new request

file for the request that was formerly designated as Request Number 06-2346, and assigned it the

new request number, 06-3193.  On or about October 20, 2006, EOUSA informed plaintiff of this

new request number and provided information about expected processing times.  (See Ex. E.)

13.)    In the August 22, 2006 request letter, Plaintiff sought the following information:

   i)     "Copies of all audio and video surveillance tapes, CDs or otherwise in the
          case of Timothy Demitri Brown, Western District of Louisiana,
          Alexandria Division case number 01-10012, "Operation Disturb the
          Peace."

   ii)    "Disclosure of all outside agents and/or individuals and/or persons who
          may have records and/or did surveillance and/or provided information in
          the case of 01-10012 or the investigation of the defendants in this case."

(See Ex. A.)

14.)    By letter dated November 30, 2006, EOUSA informed Plaintiff that a search for

records located in the United States Attorney's Office for the Western District of Louisiana has

revealed no records.  (See Ex. F.)

15.)    By letter dated December 7, 2006, Plaintiff filed an administrative appeal with the

Office of Information and Privacy ("OIP").  In his appeal letter, Plaintiff asserted that the agency

falsely claims not to have any records concerning his request.  (See Ex. G.)

3

16.)    By letter dated February 2, 2007, OIP acknowledged receipt of Plaintiff's appeal and assigned it the tracking number 07-0533. (See Ex. H.)

17.)    OIP determined that EOUSA conducted an adequate, reasonable search in response to Plaintiff's request. Accordingly, by letter dated April 3, 2007, OIP affirmed EOUSA's no records response dated November 30, 2006. (See Ex. I.)

## ADEQUACY OF THE SEARCH

18.)    By the aforementioned letter dated August 22, 2006, Plaintiff described the records sought; provided a case number; and identified the USAO/WDLA as the likely district to contain records responsive to his request. (See Ex. A.) In short, Plaintiff provided enough detail in his request letter to enable EOUSA/WDLA to locate the system of records likely to contain information with a reasonable amount of effort. The specific computer case tracking system used to undertake the search, which was reasonably calculated to uncover all relevant documents, was the Legal Information Office Network System ("LIONS"). LIONS has fields for retrieval of information based on a defendant's name, USAO file jacket number, and district court case number. WDLA conducted a search by using Plaintiff's name and the system indicated that there are no records responsive to Plaintiff's request. Also, WDLA searched the four boxes of records that were located in the file room and did not find any documents, audio, video, CDs related to Plaintiff's request. (See Ex. J (Declaration of Eugene Cassanova)).

19.)    Each step in the handling of the referred records has been entirely consistent with

EOUSA and the United States Attorney's office procedures which were adopted to insure an

equitable response to all persons seeking access to records under the FOIA/PA.

I declare under penalties of perjury that the foregoing is true and correct.

Executed this _5th_ day of _August_, 2008.

DIONE JACKSON STEARNS
Attorney Advisor, EOUSA

5

FREEDOM OF INFORMATION ACT REQUEST

DATE March 14, 2006

NAME OF AGENCY: United States Attorney's Office
Western District of Louisiana

ADDRESS: 300 Fannin Street, suite

CITY/STATE/ZIP CODE Shreveport, Louisiana 71101-3083

DEAR SIR, MADAM:

This is a request under the Freedom of Information Act as amended (USC Title 5 §
552) in conjunction with the Privacy Act (USC Title 5 §552a).

I am writing to request a copy of the following information:

1. Copies of all audio and video surveillance tapes, CDs or otherwise
   in the case of Timothy Demitri Brown, Western District of Louisiana
   Alexandria Division case number 01-10012,"Operation Disturb the Peace".

2. Disclosure of all outside agents and/or individuals and/or persons
   who may have records and/or did surveillance and/or provided
   information in the case of 01-10012 or the investigation of the
   defendants in the case.

The FOIA also provides that if only a portion of a file are exempted from release,
the remainder must be released.  I therefore request that I be provided with all
nonexempt portions which are reasonably segregate. I, of course, reserve the right
to appeal the withholding or deletion of any information.

If you have any questions regarding this request, please write me at the below
captioned address.

As provided in the Freedom of Information Act, I will expect to receive a reply with-
in the twenty working days prescribed by law.

Sincerely Requested,

Timothy Demitri Brown
(NAME)                 (ID NUMBER)

United States Penitentiary
(ADDRESS)

P.O. Box 26030
(CITY/STATE/ZIP)

Beaumont, Texas 77720



# Memorandum

| Subject | Date |
|---|---|
| FOIA/PA: LAW 06-005 Brown, Timothy | March 20, 2006 |

| To | From |
|---|---|
| Marie O'Rourke, Assistant Director<br>FOIA/PA Staff, EOUSA<br>Bicentennial Building, Room 7300<br>600 E. Street, NW<br>Washington, D.C. 20530 | Gene Cassanova<br>WDLA FOIA/PA Contact |

The attached FOIA request from Timothy Brown was received directly by the Western District of Louisiana. Per standard procedure, we are forwarding it for your review/disposition.

If you have any questions, please call me at numbers listed below.

Thanks — Gene

Gene Cassanova
FOIA/PA Contact
United States Attorney's Office
Western District of Louisisna
300 Fannin Street, Suite 3201
Shreveport  ^ 74101
318-676    .)
318-676-3600 (Office)
318-218-6130 (Cell)


GOVERNMENT EXHIBIT
B
PENGAD-Bayonne, N. J.



U.S. Departm̄    of Justice

Executive Office for United States Attorneys
Freedom of Information/Privacy Act Staff
600 E Street, N.W., Room 7300
Washington, D.C. 20530
202-616-6757  Fax 202-616-6478

---

Requester: <u>Timothy Brown</u>                Request Number: <u>06-2346</u>

Subject of Request: <u>Self (specific records)</u>

Dear Requester:

     Your recent request for records from the Executive Office for United States Attorneys (EOUSA) has been received.  Before the Executive Office can begin processing your request, it is necessary for you to correct one or more deficiencies.  Please comply with the paragraphs checked below:

1.    [√] A requester must provide a notarized example of his/her signature or a certification of identity under penalty of perjury.  This insures that information pertaining to an individual is released only to that person.  A form is enclosed for your use.

2.    [ ]The files and records of United States Attorneys are maintained in over one hundred separate offices throughout the United States.  Please identify the specific United States Attorney's office(s) where you believe records may be located.  This would be primarily the district(s) in which a prosecution or litigation occurred.

3.    [ ] To insure that records are properly identified, provide subject's full name, current address, and date and place of birth.

4.    [ ]A request must describe the records sought in sufficient detail to allow location of the records with a reasonable amount of effort (i.e., processing the request should not require an unduly burdensome effort or be disruptive of Department operations).  Please provide more specific information about the records you seek, such as appropriate dates, locations, names, nature of the records, etc.

5.    [] Please note that your original letter was split into separate files ("requests"), for processing purposes, based on the nature of what you sought.  Each file was given a separate Request Number (listed below), for which you will receive a separate response:
    <u>**NOT SPLIT**</u>

    By making a FOIA/PA request, you agree to pay fees up to $25, as stated in 28 C.F.R. § 16.3©, unless you request a waiver of fees (according to requirements in 28 C.F.R. § 16.11(k)).  Indigency does not constitute a basis for a fee waiver.  Please note that pursuant to 28 C.F.R. § 16.11, we are required to charge fees for time used to search for the documents you have requested and for duplication of all pages released to you.  Normally, search time is charged at a rate of $28



(Page 1 of 2)
Form No. 003 - 2/06

the expected fees (or you have narrowed your request to reduce fees) and we have processed your request, we will require payment for the accumulated charges before we release any documents to you (in excess of 100 free pages). Without such payment, your request file will be closed without further action.

Once you have corrected the above deficiencies, please submit a new request for the documents. This is a final determination and your request for information has been closed. When we have received your new, corrected request, we will open a new file for you. **Please send your new, corrected request to the address above.**

This is the final action on this above-numbered request. You may appeal this decision on this request by writing within 60 days from the date of this letter to the **Office of Information and Privacy, United States Department of Justice, 1425 New York Avenue, Suite 11050, Washington, D.C. 20530-0001.** Both the letter and envelope should be marked "FOIA Appeal." If you are dissatisfied with the results of any such administrative appeal, judicial review may thereafter be available in U.S. District Court, 28 C.F.R. §16.9.

Sincerely,

William G. Stewart II
Acting Assistant Director

[√] Enclosure(s)

(Page 2 of 2)
Form No. 003 - 2/06

06-2346

RECEIVED
2006 SEP 14 PM 2:13
DEPT. OF JUST... STAFF

**U.S. Department of Justice**

## Certification of Identity



**Privacy Act Statement.** In accordance with 28 CFR Section 16.41(d) personal data sufficient to identify the individuals submitting requests by mail under the Privacy Act of 1974, 5 U.S.C. Section 552a, is required. The purpose of this solicitation is to ensure that the records of individuals who are the subject of U.S. Department of Justice systems of records are not wrongfully disclosed by the Department. Failure to furnish this information will result in no action being taken on the request. False information on this form may subject the requester to criminal penalties under 18 U.S.C. Section 1001 and/or 5 U.S.C. Section 552a(i)(3).

Public reporting burden for this collection of information is estimated to average 0.50 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Suggestions for reducing this burden may be submitted to Director, Facilities and Administrative Services Staff, Justice Management Division, U.S. Department of Justice, Washington, DC 20530 and the Office of Information and Regulatory Affairs, Office of Management and Budget, Public Use Reports Project (1103-0016), Washington, DC 20503.

Full Name of Requester [1]  _Timothy Demitri Brown_

Citizenship Status [2]  _Louisiana_            Social Security Number [3]  _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_

Current Address  _P.O. Box 26030  Beaumont, Texas 77720_

Date of Birth  _09-07-67_            Place of Birth  _Pineville, Louisiana_

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am the person named above; and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years or both; and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C. 552a(i)(3) by a fine of not more than $5,000.

Signature [4]  _Timothy Demitri Brown_            Date  _8-22-06_

---

**OPTIONAL: Authorization to Release Information to Another Person**

This form is also to be completed by a requester who is authorizing information relating to himself or herself to be released to another person.

Further, pursuant to 5 U.S.C. Section 552a(b), I authorize the U.S. Department of Justice to release any and all information relating to me to:

_____
**Print or Type Name**

---

[1] Name of individual who is the subject of the record sought.

[2] Individual submitting a request under the Privacy Act of 1974 must be either "a citizen of the United States or an alien lawfully admitted for permanent residence," pursuant to 5 U.S.C. Section 552a(i)(2). Requests will be processed as Freedom of Information Act requests pursuant to 5 U.S.C. Section 552, rather than Privacy Act requests, for individuals who are not United States citizens or aliens lawfully admitted for permanent residence.

[3] Providing your social security number is voluntary. You are asked to provide your social security number only to facilitate the identification of records relating to you. Without your social security number, the Department may be unable to locate any or all records pertaining to you.

[4] Signature of individual who is the subject of the record sought.

FORM APPROVED OMB NO. 1103-0016
EXPIRES 4/31/07

FORM DOJ-361
SEPT 04

GOVERNMENT
EXHIBIT
D
PENGAD-Bayonne, N.J.

U.S. Department of Justice

Executive Office for United States Attorneys
Freedom of Information/Privacy Act Staff
600 E Street, N.W., Room 7300
Washington, D.C. 20530
202-616-6757  Fax 202-616-6478

Request Number: 06 - 3193          Requester: TIMOTHY DEMITRI BROWN

Subject: SELF / SPECIFIC RECORDS  —  WESTERN DIST. OF LOUISIANA

The Executive Office for United States Attorneys (EOUSA) has received your Freedom of Information Act/Privacy Act (FOIA/PA) request. It has been assigned the above number. Please give us this number if you write about your request. If we need additional information, we will contact you within two weeks.

Your request will be placed in the order in which it was received for processing, unless it is a very large request (Project Request). Then, it will be placed in a separate group of Project Requests, which are also processed in the order received.

EOUSA makes every effort to process most requests within a month (20 working days). There are some exceptions, for example, Project Requests take approximately nine months to process. Requests for "all information about myself in criminal case files" are usually Project Requests. If you have made such a request, you may either write us and narrow your request for specific items, or you may expect that the processing of your request may take nine months from the date of this letter.

By making a FOIA/PA request, you have agreed to pay fees up to $25, as stated in 28 CFR § 16.3(c), unless you have requested a fee waiver. Please note that pursuant to 28 CFR § 16.11, we are required to charge fees for time used to search for the documents you have requested and for duplication of all pages released to you. Normally, search time is charged at a rate of $28 per hour after the first two hours which are free, and duplication fees are $0.10 per page after the first 100 pages which are free. Please do not send any payment at this time! If we anticipate that fees will exceed $25 or the amount you have stated in your letter (if greater than $25), we will normally notify you of our estimate of fees. After we have received your agreement to pay for the expected fees (or you have narrowed your request to reduce fees) and we have processed your request, we will require payment for the accumulated charges before we release documents to you. Without such payment, your request file will be closed without further action.

Sincerely,

William G. Stewart II
Acting Assistant Director

Form No. 001 -1/06



GOVERNMENT
EXHIBIT
E

U.S. Department of Justice

Executive Office for United States Attorneys
Freedom of Information/Privacy Act Unit
600 E Street, N.W., Room 7300
Washington, D.C. 20530
202-616-6757  Fax 202-616-6478

Request Number: 06-3193 _____    Date of Receipt: 09/14/06 _____

Requester: Timothy D. Brown _____

Subject: Self (specific records) _____

Dear Requester:                                         NOV 3 0 2006

        In response to your Freedom of Information Act and/or Privacy Act
request, the paragraph(s) checked below apply:

1.  [  ]   A search for records located in this office has revealed no
           records.

2.  [X ]   A search for records located in the United States
           Attorney's Office(s) for the Western District of Louisiana has
           revealed no records.

3.  [  ]   The records which you have requested cannot be located.

4.  [  ]   This office is continuing its work on the other
           subject/districts mentioned in your request.

5.  [X ]   This is the final action my office will take on this particular
           request.

        You may appeal my decision in this matter by writing within sixty
(60) days, to:

                Office of Information and Privacy
                United States Department of Justice
                1425 New York Avenue, Suite 11050
                Washington, D.C. 20530

        Both the envelope and the letter of appeal must be clearly marked
"Freedom of Information Act/Privacy Act Appeal."

        After the appeal has been decided, you may have judicial review
by filing a complaint in the United States District Court for the
judicial district in which you reside or have your principal place of
business; the judicial district in which the requested records, if any,
are located; or in the District of Columbia.

                                Sincerely,

                                William G. Stewart II
                                Acting Assistant Director

GOVERNMENT
EXHIBIT
E

                                        Form No. 005 - 6/01

J7-0533

app: <u>Timothy  Demitri  Brown</u>

United States Penitentiary
#10979-035
P.O. BOX 26030
Beaumont, Texas 77720

December 7, 2006

Office of Information and Privacy
FOIA APPEAL
United States Department of Justice
1425 New York Avenue, Suite 11050
Washington, DC 20530

RE: <u>06-3193, APPEAL</u>

Dear Sir or Madam:

Please accept this as a formal appeal from the denial of
Freedom of Information Act Request.
(US, Attorney Office)
The agency falsely claims not to have any records concerning
my request.

Please agree with the agency as soon as possible, wherefore
I may proceed to the next step.

Sincerely,

Timothy Demitri Brown

RECEIVED

JAN 2 6 2007

Office of Information and Privacy


GOVERNMENT
EXHIBIT
6



**U.S. Department of Justice**

Office of Information and Privacy

RECEIVED
2007 FEB -5 AM 10: 17
DEPT. OF JUSTICE/EOUSA
FOIA/PRIVACY STAFF

*Telephone: (202) 514-3642*                    *Washington, D.C. 20530*

FEB 0 2 2007

Mr. Timothy Demitri Brown
Register No. 10979-035
United States Penitentiary
P.O. Box 26030
Beaumont, TX 77720

      Re: Request No. 06-3193

Dear Mr. Brown:

      This is to advise you that your administrative appeal from the action of the Executive Office for United States Attorneys was received by this Office on January 26, 2007.

      The Office of Information and Privacy, which has the responsibility of adjudicating such appeals, has a substantial backlog of pending appeals received prior to yours. In an attempt to afford each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals in the approximate order of receipt. Your appeal has been assigned number **07-0533**. Please mention this number in any future correspondence to this Office regarding this matter.

      We will notify you of the decision on your appeal as soon as we can. We regret the necessity of this delay and appreciate your continued patience.

                  Sincerely,

                  Priscilla Jones
                  Supervisory Administrative Specialist



EOUSA




**U.S. Department of Justice**

Office of Information and Privacy

RECEIVED

2007 APR -5 AM 11: 22

DEPT. OF JUSTICE/EOUSA
FOIA/PRIVACY STAFF

Telephone: (202) 514-3642                 Washington, D.C. 20530

APR - 3 2007

Mr. Timothy D. Brown
Register No. 10979-035
United States Penitentiary              Re:    Appeal No. 07-0533
Post Office Box 26030                           Request No. 06-3193 OAS
Beaumont, TX 77720                              JTR:SRO

Dear Mr. Brown:

        You appealed from the action of the Executive Office for United States Attorneys
(EOUSA) on your request for access to copies of certain records from your criminal case,
including audio and video surveillance records, as well as records pertaining to third parties who
performed surveillance or provided information during the criminal investigation of you.

        After carefully considering your appeal, I am affirming EOUSA's action on your request.
EOUSA informed you that it could locate no records responsive to your request.  I have
determined that EOUSA's response was correct and that it conducted an adequate, reasonable
search in response to your request.

        If you are dissatisfied with my action on your appeal, you may seek judicial review in
accordance with 5 U.S.C. § 552(a)(4)(B).

                                        Sincerely,

                                        Janice Galli McLeod
                                        Associate Director

GOVERNMENT
EXHIBIT
I

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TIMOTHY D. BROWN,

    Plaintiff,

    v.

Federal Bureau of Investigation,    et al.,

    Defendant.

Civil No. 06-3193

## DECLARATION OF EUGENE CASSANOVA

    I, Eugene Cassanova, declare the following to be a true and correct statement of facts:

    1)    This Declaration addresses the searches that were conducted for records responsive to the FOIA request made by Mr. Tim Brown.

    2)    I am currently the Freedom of Information Act ("FOIA") Contact of the United States Attorney's Office ("USAO"), Western District of Louisiana ("WDLA"). Since 2005, to the present, I have been the FOIA Contact between the USAO and the Executive Office for United States Attorneys ("EOUSA"). As a FOIA Contact, I handle approximately 13 FOIA requests per year. To do so, I distribute the EOUSA request to the AUSA and Legal Assistant of record to conduct searches for documents that might be responsive to a FOIA request in my District. Once I receive all documents, I forward them to EOUSA. EOUSA makes all determinations regarding the release or withholding of records. The statements I make herein are either on the basis of my own personal knowledge or on the basis of knowledge acquired by me through the performance of my official duties.



GOVERNMENT
EXHIBIT
3

3)    Due to the nature of my official duties, I am familiar with procedures followed by this Office in responding to Mr. Brown's request.

4)    By facsimile, dated October 20, 2006, I was instructed by Shirley Botts, EOUSA/FOIA/PA Liason, to conduct a search for any records this office may have regarding :

> 1. copies of all audio and video survelliance tapes, CDs or otherwise in the case of Timothy Demitri Brown, Western District of Louisiana Alexandria Division case number 01-10012, "Operation Disturb the Peace"

> 2. Disclosure of all outside agents and/or individuals and/or persons who may have records and/or did surveillance and/or provided information in the case of 01-10012 or the investigation of the defendants in the case.

5)    On October 26, 2006, AUSA Jim Cowles searched the Legal Information Network System ("LIONS") database.  LIONS is the case management/tracking system used by USAOs to record and maintain up-to-date information on cases and matters opened by Assistant U.S. Attorneys ("AUSAs"), and to produce a variety of reports on that information.  Information maintained in the LIONS database is retrievable by the defendant's name, USAO jacket number, and Court docket number.  Accordingly, AUSA Cowles conducted a search in LIONS by using Brown's name and found nothing responsive to Mr Brown's request.

6)    AUSA Cowles also searched the four boxes of records that were located in our file room and did not find any documents, audio, video, CDs related to Mr Brown's request.

2

7)    On October 26, 2006, I notified EOUSA that WDLA could not locate any documents responsive to Mr. Brown's request.

8)    On November 30, 2006, William G. Stewart II, Assistant Director, EOUSA/FOIA/PA, forwarded Form No. 030 and Form No. 005 advising Mr. Brown that no records responsive to his request were available.

9)    On February 14, 2007, Manizheh Boehm, EOUSA requested that WDLA provide a certification of search regarding the search that was conducted in October 2006, in response to Mr. Brown's FOIA/PA request. Again, the same negative response was provided to EOUSA/FOIA/PA.

10)  On February 20, 2007, AUSA Cowles again completed the Certification of Search Document (Form No 041), again indicating the information requested by Mr. Brown was not available.

11)  On April 10, 2007, William G. Stewart II, Assistant Director, EOUSA/FOIA/PA, Forwarded Form No. 034 advising WDLA affirming EOUSA's action on Mr Brown's request again stating that no records responsive to his request were available.

12)  On March 31, 2008, EOUSA again requested WDLA provide a declaration regarding the search that was conducted in response to Mr. Brown's FOIA/PA request.

13)  On April 2, 2008, AUSA Cowles again reviewed the 4 boxes of data concerning Timothy D. Brown. After that review, Legal Assistant, Teri Bass, contacted Dione Stearns and confirmed that the information requested by Mr. Brown was not available.

3

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 5[h] day of August, 2008, in Shreveport, Louisiana.


EUGENE CASSSANOVA
FOIA Contact
U.S. Attorney's Office
Western District of Louisiana
300 Fannin Street, Ste 3201
Shreveport, Louisiana 71101
318-676-3600

4

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TIMOTHY DEMITRI BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 07-1931 (RWR) |
| | ) |
| FEDERAL BUREAU | ) |
| OF INVESTIGATION, et al., | ) |
| | ) |
| Defendants. | ) |

**DECLARATION OF PAMELA A. ROBERTS**

I, Pamela A. Roberts, declare the following to be true and correct:

1.  I am an attorney in the Criminal Division of the United States Department of Justice assigned to the Office of Enforcement Operations. My specific assignment at the present time is that of Trial Attorney for the Division's Freedom of Information Act/Privacy Act Unit (FOIA/PA Unit).

2.  In such capacity, my duties are, *inter alia*, to review complaints in lawsuits filed under both the Freedom of Information Act (FOIA), 5 U.S.C. § 552 *et seq*., and the Privacy Act (PA), 5 U.S.C. § 552a *et seq*., and to provide litigation support and assistance to Assistant United States Attorneys and to Department trial attorneys litigating these cases in District Court. In conjunction with these duties, I review processing files that have been compiled by the paralegal processors and reviewed by supervisory paralegals and/or by the FOIA/PA Unit Chief in responding to FOIA/PA requests received by the Unit. I also consult with the Unit Chief, who supervises the Unit's processing of FOIA and PA

1

requests, and with the supervisory paralegals to confirm that determinations to withhold or

to release records of the Criminal Division have been made in accordance with the

provisions of both the FOIA and the PA, and with Department of Justice regulations - 28

C.F.R. § 16.1 *et seq.*

3.  I make this declaration on the basis of information acquired through the

performance of my official duties.

## SUMMARY OF CORRESPONDENCE

4.  By letter dated April 1, 2004, plaintiff made a FOIA/PA request to the

Department of Justice's Criminal Division for the copies of two specific items regarding his

criminal case as follows:

a. "Copy of the letter of authorization to act on behalf of the United States to James

Cowles, Jr., Richard Willis to prosecute state activities in the United States District Court,

Western District of Louisiana, Alexandria Division, Case No. CR 01-10012, against

Timothy D. Brown."

b. "Copy of cession from the State of Louisiana to the United States of exclusive

legislative jurisdiction over land commonly know as 3708 3rd Street, Alexandria, Louisiana,

303 Willow Glen River Road, Alexandria, Louisiana."

*See* Exhibit A.

5.  By letter dated June 23, 2004, the Criminal Division acknowledged receipt of

plaintiff's FOIA/PA request and assigned it case number CRM-200400744P.  Plaintiff was

advised that the Criminal Division was unable to search for records because additional

information would be necessary.  Enclosed with the June 2004 letter were three forms that

plaintiff was required to complete; specifically, the first form was the "Certification of Identification Form"; the second form was the "Privacy Act Identification and Request Form"; and the third form was the "Current Descriptive List of Systems of Records Maintained by the Criminal Division." Plaintiff was advised that when the above-referenced forms were completed and returned, the Criminal Division would process his request. *See* Exhibit B.

6. On July 8, 2004, the Criminal Division received plaintiff's completed forms. Plaintiff requested that the following Criminal Division systems be searched for records concerning his request: JUSTICE/CRM-001 (Central Criminal Division Index File); JUSTICE/CRM-003 (Electronic Surveillance Records); JUSTICE/CRM-004 (General Litigation and Legal Advice Section); and JUSTICE/CRM-012(Organized Crime and Racketeering Section). *See* Exhibit C.

7. By letter dated August 31, 2004, the Criminal Division acknowledged receipt of plaintiff's request and advised him that his request had been assigned file number CRM-200400995P. Plaintiff was advised that the appropriate records systems would be searched and a response would be forwarded to him following the searches. *See* Exhibit D.

8. By letter dated December 9, 2004, the Criminal Division advised plaintiff that no records pertaining to his request had been located by the Criminal Division. Plaintiff was advised that if he considered this response to be a denial of his request, he had the right to an administrative appeal. The address for submitting the appeal to the Office of Information and Privacy (OIP) was provided to plaintiff. *See* Exhibit E.

9. On January 18, 2005, OIP acknowledged receipt of plaintiff's appeal. Although

3

plaintiff's appeal concerned the responses of the United States Attorney's Office and the Federal Bureau of Investigation, OIP treated the appeal as an appeal of the Criminal Division's decision because plaintiff apparently attached a copy of the Criminal Division's response to his appeal. *See* Exhibit F.

10. By letter dated March 14, 2005, OIP responded to plaintiff's appeal and affirmed the Criminal Division's action on his request. OIP advised plaintiff that the records he was seeking may be maintained by the Executive Office of U.S. Attorneys and OIP suggested that he write to that office. *See* Exhibit G.

11. On March 11, 2008, the Criminal Division's FOIA/PA Unit was notified by the United States Attorney's Office for the District of Columbia that plaintiff had filed a FOIA complaint. Plaintiff did not specifically name the Criminal Division as a defendant in the complaint but named the "Department of Justice" of which the Criminal Division is a component.

12. Plaintiff alleged in the complaint that "Defendants have and continue to willfully and knowingly deny complainant access to information contain (sic) in their respective organizations files which the complainant has statutory right to under the Freedom of Information Act, whereas this information shows conclusively that complainant is innocent of the charges for which he is currently incarcerated."

## SEARCHES FOR RESPONSIVE RECORDS

13. In processing requests from individuals seeking information on themselves, the Criminal Division begins by searching its centralized records index, JUSTICE/CRM-001 (Central Criminal Division Index File and Associated Records). When a search of this

4

Central Index reflects responsive, or potentially responsive records, a search for such records is sent to the section identified as having custody of the records. In this instance a search of the JUSTICE/CRM-001 system revealed no records responsive to plaintiff's request.

14.  In addition, the Criminal Division also affords requesters the opportunity to designate specific Privacy Act systems of records to be searched by means of a form listing the Division's systems of records and a short description of the nature of records maintained in each and allowing requesters to designate specific systems to be searched merely by placing a check mark adjacent to the system description. Here, the plaintiff requested that searches be undertaken of the following Privacy Act systems: JUSTICE/CRM-003, JUSTICE/CRM-004, and  JUSTICR/CRM-012.

15.  Pursuant to long-standing FOIA/PA search procedures, a search sheet with a copy of the plaintiff's request is transmitted to all sections that may have records responsive to plaintiff's request. A copy of the "Privacy Act Identification and Request Form" which plaintiff had completed was forwarded with the search sheets. Designated personnel employed by the pertinent sections undertake a search for responsive materials and report the results by means of individual, signed forms to the Criminal Division FOIA/PA Unit. Searches are to be undertaken in the same manner as if the Criminal Division were seeking the information for its own, official purposes. By this means, the Criminal Division aims to ensure that its searches fully meet the criteria established under the Freedom of Information Act, the Privacy Act and interpretative decisional law.

16.  I have personally reviewed the all of the original, signed search responses in

this case, and have verified that all of the Criminal Division's Privacy Act systems of records designated by the plaintiff were searched and that no record responsive to plaintiff's request was located in any of the systems.

17. It would not be surprising for the Criminal Division to have no records responsive to plaintiff's request. The great majority of Federal crimes are prosecuted by the local United States Attorney's Office, independently, of the Criminal Division, and copies of such records are ordinarily not maintained in the Criminal Division.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: _Aug. 1, 2008_

_Pamela A. Roberts_
PAMELA A. ROBERTS

04-01-04

CHIEF, FOIA/PA UNIT
CRIMINAL DIVISION
DEPARTMENT OF JUSTICE
SUITE 1127, KEENEY BUILDING
WASHINGTON, D.C. 20530-0001

*J 004 00 744*

APR  8 2004

RE: Freedom of Information and Privacy Act Request
    Pursuant to Title 5 U.S.C. § 552, § 552(a) (FOIA/PA)

Please consider this a formal request under the FOIA/PA. Your immediate
and strict compliance with this request is fully expected, pursuant to section
552(a)(6)(A)(i). There is an exceptional need and urgency for the information
sought, I expect the response to this request within ten(10) working day period
provided under the law. The requested information, when disclosed, will relieve
the requester of constitutional deprivations. The requester ask that this
FOIA/PA request for personal use, be immediately completed and the information
returned to requester at the address below. Disclosure of the requested information
is in the public interest and will help deter criminal behavior.

The information and documentation being requested is as followed:

1. Copy of letter of authorization to act on behalf of the United States,
   to James Cowles, Jr., Richard Willis to prosecute state activities
   in the United States District Court, Western District of Louisiana,
   Alexandria Division, Case No. CR 01-10012, against Timothy D. Brown.

2. Copy of cession from the State of Louisiana to the United States of
   exclusive legislative jurisdiction over land commonly known as
   3708 3rd Street, Alexandria, Louisiana
   303 Willow Glen River Road, Alexandria, Louisiana

If no such cession exist, than a certified acknowledgment to that effect.

This request should include all local records, national records, as well
as records stored or filed at any Office of the Agency responsible for keeping
such records.

Sincerely,

Timothy D. Brown

U.S. Penitentiary
#10979-035
P.O. Box 26030
Beaumont, Tx. 77720-6030

Personal Information: SSN: ████████
                      DOB: ████████

EXHIBIT A



**U. S. Department of Justice**

Criminal Division

*Washington, D.C. 20530*

CRM-200400744P

JUN 2 3 2004

Timothy Brown
Reg. No. 10979-035
United States Penitentiary
P. O. Box 26030
Beaumont, TX 77720

Dear Mr. Brown:

This will acknowledge receipt of your letter of April    01, 2004, requesting records relating to you.

We were unable to search for the records you requested because you have not furnished the following item(s) in compliance with 28 C.F.R. 16.41.

[X]  Certification of Identification Form.  Notarized signature or Declaration pursuant to 28 U.S.C. Section 1746.

[X]  Privacy Act Identification and Request Form.  This form is requested because our experience indicates that many persons throughout the country have the same or similar names.

[X]  **CURRENT** Descriptive List of Systems of Records Maintained by the Criminal Division.  Please review this list and indicate which systems you wished searched.

A copy of each requested form is enclosed.

Please be advised that this Office processes only records maintained by the Criminal Division of the United States Department of Justice.  Your request also seeks information maintained by one or more other components of the Justice Department, or other Federal agencies.  The enclosed list contains the addresses of other offices to which you may wish to send requests, if you have not done so already.  We have highlighted any office you have mentioned specifically.

EXHIBIT B

KH 6|15|04

FILE COPY

We are closing out this request. Upon receipt of the completed form(s), we will assign a new number to your request and process it. Please return the requested form(s) to:

Thomas J. McIntyre, Chief
FOIA/PA Unit, Criminal Division
DOJ, Keeney Building, Suite 1127
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530

If you treat this response as a denial, you have a right to an administrative appeal. The appeal should be in writing and addressed to: Assistant Attorney General, Office of Legal Policy (Attention: Office of Information and Privacy) United States Department of Justice, Washington, D.C. 20530. The envelope and letter should be clearly marked, "FOIA/PA Appeal". If you exercise this right and your appeal is denied, you also have the right to seek judicial review of this action in the federal judicial district (1) in which you reside, (2) in which you have your principal place of business, (3) in which the records denied are located, or (4) for the District of Columbia.

Sincerely,


Thomas J. McIntyre, Chief
Freedom of Information Act/Privacy Act Unit
Office of Enforcement Operations
Criminal Division

**PRIVACY ACT IDENTIFICATION AND REQUEST FORM**

TO:  FOIA/PA UNIT, CRIMINAL DIVISION          FILE NO. _0004008995A_
     DOJ, KEENEY BUILDING, SUITE 1127
     950 PENNSYLVANIA AVENUE, N.W.
     WASHINGTON, D.C. 20530.                  DATE: _____

     PRIVACY ACT NOTICE:  The following information is requested pursuant to Department
of Justice Regulations (28 C.F.R. 16.41) in order to verify your identity and to assist in
locating your records.  False information may subject the requester to criminal penalties
under 18 U.S.C. Section 1001 and/or 5 U.S.C. Section 552a(i)(3).

     I request access to records or information pertaining to me in the
system(s) of records checked on the attached list.

1.  FULL NAME (Please print):                    JUL  6 2004

    _Brown_              _Timothy_            _Demitri_
        (LAST)               (FIRST)            (MIDDLE, IN FULL)

2.  Date of Birth: _09/07/67_  Place of Birth: _Pineville, Louisiana_
                   mo./day/year

3.  Present address: _U.S. Penitentiary, 10979-035, P.O.Box 26030, Beaumont, Tx. 77720_

4.  Prior addresses: _4207 Shady Lane, Alexandria, LA, 71302_

5.  The approximate year or years during which you believe that a record
    about you may have been created: _1983 - 1999_

6.  The judicial district(s) or state(s) where the events occurred about
    which you believe a record may have been created:
    _Western District of Louisiana, Alexandria Louisiana_

7.  If married or divorced or separated, the full name of your spouse (if
    wife, please include maiden name): _N/A_

8.  If the record you believe to exist about you includes arrest, trial or
    conviction records:

    (a) The date of arrest, indictment or complaint against you:
    _Kidnapped May 31, 2001, Forged indictment May 9, 2001_

    (b) Approximate date of conviction: _Advisory Opinion issued May 10, 2002_

    (c) Federal court and district in which trial or proceeding took place:
    _Staged trial Alexandria Division, Western District of Louisiana_

    (d) Federal offense(s) involved: _no federal offenses involved_

    (e) Names of codefendant(s) (if any): _Christopher Brown, Kenneth Pearson_

    In accordance with Title 28, United States Code, Section 1746, I
declare under penalty of perjury that the foregoing is true and correct.

                                              EXHIBIT C

    Signature: _Timothy Demitri Brown_ ___ Date: _6-29-2004_   Rev. 10/03

**U.S. Department of Justice**

## Certification of Identity

*200400995*

**Privacy Act Statement.** In accordance with 28 CFR Section 16.4(d) personal data sufficient to identify the individuals submitting requests by mail under the Privacy Act of 1974, 5 U.S.C. Section 552a, is required. The purpose of this solicitation is to ensure that the records of individuals who are the subject of U.S. Department of Justice systems of records are not wrongfully discriminated by the Department's failure to furnish this information will result in no action being taken on the request by the System Manager. False information on this form may subject the requester to criminal penalties under 18 U.S.C. Section 1001 and/or 5 U.S.C. Section 522a(i) (3).

Public reporting burden for this collection of information is estimated to average 0.50 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Suggestions for reducing this burden may be submitted to Director, Facilities and Administrative Services Staff, Justice Management Division, U.S. Department of Justice, Washington, DC 20530 and the Office of Information and Regulatory Affairs, Office of Management and Budget, Public Use Reports Project (1103-0016), Washington, DC 20530.

Full Name of Requester [1]   _Timothy Demitri Brown_

Current Address   _U.S. Penitentiary, 10979-035, P.O. Box 26030, Beaumont, Tx 77_

Date of Birth   _09-07-67_

Place of Birth   _Pineville, Louisiana_

Social Security Number [2]   _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_

I declare that I am the person named above and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years or both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C. 552a(i)(3) by a fine of not more than $5,000.

Signature [3]   _Timothy Demitri B_         Date   _6-29-2004_

## Optional:  Authorization to Release Information to Another Person

This form is also to be completed by a requester who is authorizing information relating to himself or herself to be released to another person.

Further, pursuant to 5 U.S.C. § 552a(b), I authorize the U.S. Department of Justice to release any and all information relating to me to:

_____

(Print or Type Name)

[1] Name of individual who is the subject of the record sought.
[2] Providing your social security number is voluntary. You are asked to provide your social security number only to facilitate the identification of records relating to you. Without your social security number, the Department may be unable to locate any or all records pertaining to you.
[3] Signature of individual who is the subject of the record sought.

FORM APPROVED OMB NO. 1103-0016
EXPIRES 1/31/08

FORM DOJ-361
FEB 95

CRIMINAL DIVISION                                    PRIVACY ACT SYSTEMS OF RECORDS

REQUESTER'S NAME _Timothy Demitri Brown_  PA/CRM NO. _JCCRCCCHHP_

## TO EXPEDITE YOUR REQUEST

Please read the description of the information contained in each system of records before requesting a search of that system. Feel free to request a search of any system you reasonably think may contain records relating to you. However, if you have no reason to believe that a particular system of records will contain information about you, requesting that system may cause unnecessary delays in our response. **Please be aware that most Federal prosecutions are conducted by the local United States Attorney's Office, whose records may be requested from the Justice Department's Executive Office for United States Attorneys.** Also, if you are seeking records of other components of the United States Department of Justice (such as the FBI or the Drug Enforcement Administration) or of other agencies of the United States government, you should address your request directly to those components or agencies. A listing of addresses of FOIA contacts for all Federal agencies may be found at http://www.usdoj.gov/ foia/foiacontacts.htm.

_yes ✓_ JUSTICE/CRM - 001        Central Criminal Division Index File and Associated Records

This system contains information on persons referred to in potential or actual cases and matters of concern to the Criminal Division and correspondence on subjects directed or referred to the Criminal Division. This system also contains records which were maintained by the former Internal Security Division (now a Section of the Criminal Division).

This system also contains records which are maintained by the Narcotics & Dangerous Drug Section. If you have reason to believe records concerning you may be retrieved from that Section please check here _yes ✓_

N.A.   JUSTICE/CRM - 002        Criminal Division Witness Security File  (Not Available Under FOIA/P.A.)

This system contains information on persons who are potential or actual witnesses and/or informants for whom federal protection has been considered or authorized. This system also contains information concerning relatives and associates of those individuals.

PLEASE NOTE: All information pertaining to Witness Security matters is exempt from disclosure under the Privacy Act pursuant to 5 U.S.C. § 552a(j)(2), and from the FOIA pursuant to Exemption 3 of the FOIA, 5 U.S.C. § 552(b)(3), in conjunction with 18 U.S.C. § 3521(b)(1)(G), a provision of the Witness Security Reform Act of 1984. Consequently, this information is not available through the FOIA/PA Unit. Information from this system can be requested _only by writing directly to:_

United States Department of Justice, Office of Enforcement Operations, Witness Security Unit, P.O. Box 7600, Washington, D.C. 20044-7600

Pursuant to the Witness Security Reform Act, the Attorney General is required to evaluate each request on its merits, after weighing (1) the danger such a disclosure would pose to the witness, (2) the detriment it would cause to the general effectiveness of the witness security program, and (3) the benefit such disclosure would afford to the public or to the person seeking the disclosure. Therefore, you _must_ include a detailed explanation of the purpose for which you are seeking the information and a statement of how you intend to use the material, if released.

yes ✓ **JUSTICE/CRM - 003**          File of Names Checked to Determine if Those Individuals have been the Subject of an Electronic Surveillance

This system contains information concerning grand jury witnesses, defendants, and potential defendants in criminal cases and their attorneys whose names have been submitted in response to, or anticipation of, discovery motions, to inquire whether they have ever been the subjects of electronic surveillance.

yes ✓ **JUSTICE/CRM - 004**          General Litigation and Legal Advice Section, Criminal Division, Central Index File and Associated Records

This system contains information on persons referred to in potential or actual cases and matters of concern to the General Litigation and Legal Advice Section, Criminal Division, and correspondence on subjects directed or referred to the Criminal Division.

yes ✓ **JUSTICE/CRM - 012**          Organized Crime and Racketeering Section, General Index File and Associated Records

This system consists of records created and/or maintained by the National Office, Organized Crime and Racketeering Section in Washington, D.C. It contains information on persons who have been prosecuted or are under investigation for potential or actual federal criminal prosecution as well as persons allegedly involved in organized criminal activity and those alleged to be associated with the subject, who are or were of sufficient interest to the Division to warrant the compilation of records in Washington.

> NOTE:          Should you desire a search of records of the Organized Crime and Racketeering Strike Force Field Offices for records created after January 1, 1990, you should address your request to the Executive Office for United States Attorneys, FOIA Unit, U.S. Department of Justice, Room 7100 BICN, Washington, D.C. 20530.

_____ **JUSTICE/CRM - 017**          Registration and Propaganda Files Under the Foreign Agents Registration Act of 1938, as amended

This system contains the statement of the registrant and other documents filed under the Foreign Agents Registration Act of 1938, 22 U.S.C. § 611 et seq.

_____ **JUSTICE/CRM - 018**          Registration Files of Individuals who have Knowledge of, or have Received Instruction or Assignment in Espionage, Counterespionage, or Sabotage Service or Tactics of a Foreign Government or of a Foreign Political Party

This system contains the statement of the registrant and other documents filed under 50 U.S.C. § 851.

_____ **JUSTICE/CRM - 019**    Requests to the Attorney General for Approval of Applications to Federal Judges for Electronic Interceptions

This system contains information on individuals who have been the subject of requests by federal investigative agencies for electronic surveillance.

_____ **JUSTICE/CRM - 021**    The Stocks and Bonds Intelligence Control Card File System

This system contains information on individuals, and their known associates, who are actual, potential, or alleged violators, of statutes dealing with stocks, bonds, and other securities.

_____ **JUSTICE/CRM - 022**    Witness Immunity Records

This system contains information on potential or actual witnesses for whom immunity (pursuant to 18 U.S.C. §§ 6001-6004 and 18 U.S.C. § 2514) is proposed.

_____ **JUSTICE/CRM - 024**    Freedom of Information/Privacy Act Records

This system contains copies of correspondence and internal memoranda related to Freedom of Information and Privacy Act requests received by the Criminal Division and related records necessary to the processing of such requests; files are arranged alphabetically under the name of the requester.

> NOTE:    In the event you check the system of records designated as JUSTICE/CRM - 024, we will deem your request to be only for documents pertaining to the processing of records prior to your present request.

_____ **JUSTICE/CRM - 025**    Tax Disclosure Index File and Associated Records

This system contains information concerning taxpayers about whom the Criminal Division has requested and/or obtained disclosure of tax material from the Internal Revenue Service pursuant to 26 U.S.C. § 6103, on or after January 1, 1977.

(Check Below )**JUSTICE/CRM - 026**    Index of Prisoners Transferred and/or Extradited Under International Prisoner Transfer Treaties

(Please check which portion applies to you, International Transfer, International Extradition, or both).

_____ **International Transfer**    This system consists of alphabetical indices bearing individual names of prisoners involved in international transfers, and the tape recordings and occasional verbatim transcripts of consent verification hearing held pursuant to 18 U.S.C. §§ 4107 and 4108, as well as copies of consent verification forms.



**U.S. Department of Justice**

Criminal Division

*Washington, D.C.  20530*

AUG 3 1 2004

CRM# 200400995P

Timothy Demitri Brown
#10979-035
U.S. Penitentiary
P. O. Box 26030
Beaumont, TX 77720-6030

Dear Mr. Brown:

    This will acknowledge receipt of your Privacy Act request dated
June 29, 2004, for Criminal Division records concerning you.  Your
request has been assigned file number 200400995P.  Please refer to
this number in any future correspondence with this Unit.

    We will search the appropriate records system(s) and will
respond to you further after we complete our searches.  If you have
any questions regarding the status of this request, you may contact
Denise Kennedy on 202-616-0307.

                    Sincerely,




                    Thomas J. McIntyre, Chief
                    Freedom of Information/Privacy Act Unit
                    Office of Enforcement Operations
                    Criminal Division

*8/4/04*

*KH 8/11/04*

# FILE COPY

EXHIBIT D



**U.S. Department of Justice**

Criminal Division

---

*Office of Enforcement Operations*                    *Washington, D.C. 20530*

TJM:FC:ts
typed 11-26-04                                DEC  9 2004

CRM-200400995P

Mr. Timothy Demitri Brown
#10979-035
U.S. Penitentiary
P.O. Box 26030
Beaumont, TX  77720-6030

Dear Mr. Brown:

  This is in response to your request of June 29, 2004, pursuant to the Privacy Act, for access to records concerning you.

  We did not find any Criminal Division records pertaining to you in our search of the indexes for the Criminal Division systems you designated.

  If you consider this response to be a denial of your request, you have a right to an administrative appeal of this determination.  Department regulations provide that such appeals must be filed within sixty days of your receipt of this letter.  28 C.F.R. 16.45.  Your appeal should be addressed to:  Co-Director, Office of Information and Privacy, Flag Building, Suite 570, United States Department of Justice, Washington, D.C. 20530.  Both the envelope and the letter should be clearly marked with the legend "FOIA Appeal."  If you exercise this right and your appeal is denied, you also have the right to seek judicial review of this action in the federal judicial district (1) in which you reside, (2) in which you have your principal place of business, (3) in which the records denied are located, or (4) for the District of Columbia.  If you elect to file an appeal, please include, in your letter to the Office of Information and Privacy, the Criminal Division file number that appears above your name in this letter.

       Sincerely,

KH 12/8/04

       Thomas J. McIntyre, Chief
       Freedom of Information/Privacy Act Unit

         EXHIBIT E

**FILE COPY**

**U.S. Department of Justice**

Office of Information and Privacy

_Telephone: (202) 514-3642_                          _Washington, D.C. 20530_

**JAN 1 8 2005**

Mr. Timothy D. Brown
Register No. 10979-035
United States Penitentiary
P.O. Box 26030
Beautmont, TX 77720-6030

    Re:  Request No. CRM200400995P

Dear Mr. Brown:

    This is to advise you that your administrative appeal from the action of the Criminal Division on your request for information from the files of the Department of Justice was received by this Office on January 7, 2005.

    The Office of Information and Privacy, which has the responsibility of adjudicating such appeals, has a substantial backlog of pending appeals received prior to yours.  In an attempt to afford each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals in the approximate order of receipt.  Your appeal has been assigned number **05-0801**.  Please mention this number in any future correspondence to this Office regarding this matter.

    We will notify you of the decision on your appeal as soon as we can.  The necessity of this delay is regretted and your continuing courtesy is appreciated.

        Sincerely,

        Priscilla Jones
        Administrative Specialist

JAN 2 4 2005

EXHIBIT F

JRM

*rec'd 1-7-05                 cc-0801  1.05-0801*
*2.05-0801*

*FOIA*
*(P)*
*1. EOUSA*
*but*
*2. cpm letter att*

Timothy Demitri Brown

UNITED STATES PENITENTIARY
#10979-035
P.O. BOX 26030
Beaumont, Tx. 77720-6030

December 30, 2004

Co-Director, Office of Information and Privacy
Flag Building, Suite 570
United States Department of Justice
Washington, DC 20530

*① #C3-2092*
*Closed 9/9/03*
*Full Release*
*② CRM*

RE: FOIA APPEAL

Dear Director:

This is an appeal from the denial of information requested from an agency of the Federal government.

A request for information concerning my self was mailed to the United States Attorney's Office of the Western District of Louisiana and The Federal Bureau Investigations specifically requesting documentation that the State of Louisiana had ceded jurisdiction over land located at 3708 3rd Street, Alexandria, Louisiana to the federal government.    *} subj*

As of this date no response has been received from either agency. I consider this a constructive denial of the information and therefore request that your office ORDER the agency to provide the information requested.

Sincerely,

Timothy Demitri Brown
Domestic Hostage

JAN 2 4 2005

OFFICE OF INFORMATION
AND PRIVACY

JAN 0 7 2005

RECEIVED

**U.S. Department of Justice**

Office of Information and Privacy

_Telephone: (202) 514-3642_                    _Washington, D.C. 20530_

MAR 1 4 2005

Mr. Timothy Demitri Brown                Re:  Appeal No. 05-0801
Register No. 10979-035                        Request Nos. CRM200400995P
United States Penitentiary                    and CRM200400744
Post Office Box 26030                          RLH:GLB:ALB
Beaumont, TX  77720-6030

Dear Mr. Brown:

    You appealed from the action of the Criminal Division on your
request for access to certain records concerning Assistant United
States Attorneys James G. Cowles, Jr., and Richard A. Willis, who
represented the United States in your criminal case, and copies of
any documents reflecting the "cession from the State of Louisiana to
the United States of exclusive legislative jurisdiction over [various
street addresses in] Alexandria, Louisiana."

    After carefully considering your appeal, I have decided to
affirm the Criminal Division's action on your request.

    The Criminal Division informed you by letter dated December 9,
2004, that it could locate no responsive records in its files.  It
has been determined that the Criminal Division's response is correct.

    As the Criminal Division advised you by letter dated June 23,
2004, the records you seek might be maintained by other components of
the Department of Justice (for example, the Executive Office for
United States Attorneys), or by other federal agencies.  Therefore,
if you have not already done so, I can only suggest that you submit
separate requests to those components or agencies.

    If you are dissatisfied with my action on your appeal, you may
seek judicial review in accordance with 5 U.S.C. § 552(a)(4)(B).

                          Sincerely,


                          Richard L. Huff
                          Co-Director

                              EXHIBIT G