United States District Court
For the District of Columbia

Timothy Demitri Brown
    Plaintiff,
v.                                             Civil Action No. 07-1931 (RWR)
Federal Bureau of Investigation, et al.
    Defendants.

Plaintiff's Declaration and Response to Defendant's
Motion To Dismiss or, in the Alternative, For Summary Judgment
Plaintiff's Motion For Summary Judgment

    Plaintiff, Timothy Demitri Brown, hereby comes and declares, in response to Defendants' Motion To Dismiss or, in the Alternative, For Summary Judgment, that Defendants are in no lawful way entitled to any Judgment. Further Plaintiff moves this Court to issue Summary Judgment on behalf of Plaintiff whereas Defendants have failed to present any relevant dispute of Plaintiff's assertions in Plaintiff's Complaint. As To Wit:

    Defendants continue to provide the Court with false, misleading and/or irrelevant information. Plaintiff's Complaint asserts (7) seven specific items: Items 1-4 of which where contained in one request (the second request to the FBI Field Office in Alexandria, Louisiana), no number ever assigned. Item number 6 was an identical request submitted to the BOP and FBI on November 9, 2006, no number ever assigned. Items 5 and 7 are Federal Questions.

    Therefore the Complaint clearly only addresses at the most (3) three FOIA requests and (2) two Federal Questions. Defendants' attempt to divert the Court's attention away from the true issues is not persuasive.

RECEIVED
SEP 02 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

*Declaration in Response/Objections to Defendants' Statements*

FBI: Defendants' Memorandum, page 16, Defendants' Statement p. 1-8

- First Request: Irrelevant, not the subject of this Action.
- Second Request: False and Misleading!

  Plaintiff sent this request to the "Alexandria, Louisiana Office of the FBI." Defendant never responded to Plaintiff in any manner, at any time. Plaintiff appealed 8-17-02. Defendants' Exhibit F, G confirms Plaintiff's assertions and is evidence of Defendants' false statements. (Exhibit F) "Freedom of Information Act Appeal, FBI Office 300 Jackson St. 3rd Floor, Alexandria, LA. 71301, Ken Klocke (original requested from)." Plaintiff sent a "follow-up" letter on September 7, 2002. (Exhibit G) "from Federal Agency (FBI Alexandria, LA). As of the above date 'I have not received a response from you'... the exhaustion of administrative remedies." Can it be any more clear than that! Defendants' present Exhibits D & E with actual knowledge that these letters were never received by Plaintiff; Note the addresses are incorrect, again. These Appeals are for the "Second Request" not the "Third Request." David M. Hardy submitted a Declaration, on behalf of the defendants, stating that he found no records, yet he failed to include his letter to Plaintiff identifying 3113 pages. see Plaintiff's Exhibit "1A."

- Third Request: Irrelevant, not the subject of this Action.
- Fourth Request: False and Misleading!

  The FBI did release a number of pages in response to this request. Plaintiff appealed the redacted portions.

- Fifth, Sixth and Seventh Request: Irrelevant, not the subject of this Action.

BOP: Defendants' Memorandum Page 22; Defendants' Statement p. 16
- Only Request: False and Misleading!
The BOP falsely claims it has no records pertaining to Plaintiff's request, yet, the FBI released memo(s) to and from the BOP concerning this exact same request. BOP unlawfully redacted the visitor log claiming law enforcement purposes, yet, the Agents (Tim Brewer and UWF) showed Plaintiff' Agent identification cards. The Agents also presented Plaintiff's book (Tyrant Wanted) and confirmed that the Agents had received it from BOP employee, FNU LaRocca (male). Possession is constructive in this matter. BOP claims that Plaintiff's Appeal "was not considered an Appeal of FOIA Request Number 2007-02218." In the same paragraph confirms, "Central Office received correspondence from Plaintiff, addressed to 'FOIA Appeal.'" Attached was a copy of the only request to the BOP. See BOP Declaration of Karen Summers, Page 4, and BOP Declaration Exhibit 4. How can Plaintiff ever Appeal when his Appeal will not be considered an Appeal! Plaintiff properly Appealed the denial of his request.

EOUSA: Defendants' Memorandum Page 24
- Only Request: Irrelevant, not the subject of this Action.

The Criminal Division: Defendants' Memorandum Page 25
- Only Request: Irrelevant, not the subject of this Action.

Defendants do not deny that they stole Plaintiff's book (Tyrant Wanted), they are just asking the Court to help them cover their tracks.

Issues Not Addressed by Defendants' in Defendants' Motion To Dismiss, or in Alternative For Summary Judgment

1. Federal Question (#5) Complaint. "Whether the Federal Government exercised exclusive legislative jurisdiction over property located at 3708 Third Street, Alexandria, Louisiana on or before May 31, 2001?"

2. Federal Question (#7) Complaint. "Legal status of Title 21 U.S.C § 841 and 846, Public Law 91-513...."

Plaintiff now provides undisputed proof to the following:

1. The Federal Government (FBI, U.S. Attorney) never obtained any form of legislative jurisdiction over property located at 3708 Third Street, Alexandria, Louisiana on or before May 31, 2001. see Plaintiff's Exhibit "2A".

2. That Title 21 United States Code, § 841 and 846 are VOID ab initio, are not criminal laws of the United States, and have no VALID enforcement status within the exclusive legislative jurisdiction of the State of Louisiana. see Plaintiff's Exhibit "3A."

Conclusion

The FBI has refused to release the tapes concerning Plaintiff, even after Agent Klocke has testified, "that he had the tapes;" Tim Meche, Plaintiff's criminal attorney admitted seeing the tapes; and AUSA Jim Cowles admitted he had actual knowledge of their existence. see Trial Transcript, Plaintiff's Exhibit "4A". It is obvious that the FBI is withholding these tapes.

The Western District of Louisiana claims to have searched

four boxes of records, yet, failed to release any information contained, failed to produce Vaughn Index. Eugene Cassanova claims in her Declaration that "Jim Cowles" conducted the searches. The same Jim Cowles A.K.A. James Cowles, Jr. that withheld this information from Plaintiff during Plaintiff's trial; The same Jim Cowles that was told by Head Drug Agent "that Plaintiff had been out of the Drug Business for years," yet, Jim Cowles initiated a false prosecution over 3 years later; The same Jim Cowles that was critized by the Fifth Circuit Court of Appeals for withholding exculpatory evidence; The same Jim Cowles who stated, "not available does not mean does not exist;" The same Jim Cowles who threaten friends of Plaintiff with false prosecutions, "if she does not stop requesting document for Brown (Plaintiff);" The same Jim Cowles who informed the Court Reporter to alter the transcript. The conflict of interest is overwhelming and Eugene Cassanova's Declaration is not based on her/his own personal knowledge. Plaintiff encourages the Court to rule Cassanova's Declaration improper.

    Plaintiff declares under the penalty of perjury that the foregoing facts are true and correct, and are based on Plaintiff's personal knowledge.

    Wherefore, Plaintiff, Timothy Demitri Brown, request the Court order the Defendants to produce a Vaughn Index. Plaintiff further moves this Court to order Defendants to show cause why Summary Judgment should not

be granted to Plaintiff on the Federal Questions. Plaintiff request the Court issue order of Partial Summary Judgment as to Exhaustion of Administrative Remedies on FBI Request #2 and #4, and BOP only request as Admitted to by Defendants. Plaintiff request the Court deny Defendants' Motion To Dismiss, or in Alternative For Summary Judgment whereas Defendant have not produced any evidence that they are entitled to any order and/or Judgment.

Graciously Submitted,

*Timothy Demitri Brown*
Timothy Demitri Brown
Plaintiff, Pro Se

Certificate of Service

I hereby certify that the foregoing has been mailed postage paid to the United States Attorney on this __27th__ day of __August__, 2008.

*Timothy Demitri Brown*
Timothy Demitri Brown

United States District Court
For the District of Columbia

Timothy Demitri Brown
    Plaintiff,

v.    Civil Action No. 07-1931(RWR)

Federal Bureau of Investigation, et al.
    Defendants.

Order To Show Cause why
Summary Judgment For Plaintiff
Should not be Granted

Premises Considered:

    Defendants are hereby ordered to show cause why Summary Judgment should not be Granted to Plaintiff, whereas the Defendants have failed to Address the Federal Questions in the Complaint.

    Defendants have _____ days from this date to show Cause.

Thus DONE AND SIGNED this 27th day of August, 2008.

District Judge Roberts