**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

---------------------------------------------
                                          )
**TIMOTHY DEMITRI BROWN,**                )
                                          )
    **Plaintiff,**                       )
                                          )
    **v.**                              )     **Civil Action No. 07-1931 (RWR)**
                                          )
**F.B.I. et al.,**                        )
                                          )
    **Defendants.**                      )
                                          )
---------------------------------------------

## MEMORANDUM OPINION

Plaintiff Timothy Demitri Brown filed this pro se complaint under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 522, against the FBI, other components of the Department of Justice ("DOJ"), and the DOJ itself. The defendants filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) or in the alternative for summary judgment under Rule 56, and Brown filed a cross-motion for summary judgment. Brown's claims regarding "federal questions" will be dismissed for lack of subject matter jurisdiction because they seek relief that is not available under the FOIA. As to Brown's FOIA claims, because two were not administratively exhausted, and there is no genuine factual dispute regarding the other and defendants are entitled to summary judgment as a matter of law, the defendants' motion will be granted. All other pending motions will be denied as moot.

-2-

BACKGROUND

At issue in this case are the defendants' responses to three
FOIA requests by Brown and requests to answer what Brown
characterizes as "federal questions."  *See* Pl.'s Decl. and
Response to Defs.' Motion to Dismiss or, in the Alternative, for
Summary Judgment ("Pl.'s Opp'n") at 1 (identifying three FOIA
requests and two "federal questions" in dispute); Pl.'s Statement
of Genuine Issues, Supplement to Plaintiff's Response ("Pl.'s
Suppl.") at 1-2 (identifying two FOIA requests and two "federal
questions" in dispute).[1]  Brown sent the oldest of the disputed
FOIA requests to the FBI's office in Alexandria, Louisiana (the
"Alexandria Request"), and requested records pertaining to
himself.  Defs.' Statement of Material Facts Not in Dispute
("Defs.' Facts") ¶ 5; *see* Pl.'s Opp'n at 2; Pl.'s Suppl. at 1.
The precise date and scope of the request are unknown, as the
parties have not placed the document in the record.[2]

_____

[1] Given the lack of specificity in the complaint, the
defendants included far more information in their dispositive
motion and related filings than the plaintiff had apparently
intended to put at issue.  *See* Defs.' Statement of Material Facts
Not in Genuine Dispute ¶¶ 1-27 (describing seven FOIA requests
directed to the FBI); *see also* Defs.' Mem. of P. & A. in Supp. of
Defs' Mot. to Dismiss or, in the Alternative, for Summ. J.
("Defs.' Mem.") at 24-25 (describing other FOIA requests
plaintiff submitted to the Executive Office of the United States
Attorneys and to the DOJ's Criminal Division).  Only the requests
the plaintiff identifies as being disputed in his opposition are
considered here.  Pl.'s Opp'n at 1; Pl.'s Suppl. at 1-2.

[2] Neither the plaintiff nor the defendants submitted a copy
of this FOIA request.  *See* Defs.' Facts at 3 n.1 (acknowledging

-3-

The other two FOIA requests in dispute are both dated
November 9, 2006.  Brown sent one to the FBI headquarters in
Washington.  *See* Defendants' Motion to Dismiss or, in the
Alternative, for Summary Judgment ("Defs.' Mot."), Declaration of
David M. Hardy, March 14, 2008 ("Hardy Decl.") Ex. I.  He sent
the other to the BOP at its South Central Regional Office in
Dallas, Texas.  *See id.*, Declaration of Karen Summers, Aug. 11,
2008 ("Summers Decl.") Ex. 1.  Both requests sought information
relating to a book authored by the plaintiff called "Tyrant
Wanted," and an investigation related to that book.  *See* Hardy
Decl., Ex. I; Summers Decl. Ex. 1.

The record in this case does not reveal any actual FOIA
requests related to "federal questions."  Nonetheless, Brown
mentions the questions in the complaint and his submissions
opposing the defendants' dispositive motion.  The "federal
questions" Brown asks are whether the federal government
"exercised exclusive legislative jurisdiction over the property
located at 3708 Third Street, Alexandria, Louisiana on or before
May 31, 2001[,]" and what is "the legal status of 21 U.S.C. §§
841 and 846," prohibiting trafficking in controlled or
counterfeit substances, and engaging in a narcotics conspiracy.
Pl.'s Opp'n at 4; Pl.'s Suppl. at 2-3.

_____

that the FBI could not locate this document despite an extensive
search for it).

-4-

The defendants move under Rule 12(b)(6) to dismiss for failure to state a claim or alternatively move under Rule 56 for summary judgment.  Brown likewise seeks summary judgment.

## DISCUSSION

A FOIA claim should be dismissed if the plaintiff did not exhaust his administrative remedies before filing suit.  *Hidalgo v. FBI,* 344 F.3d 1256, 1258-60 (D.C. Cir. 2003) (teaching that a plaintiff who has not exhausted his administrative remedies has failed to state a claim upon which relief may be granted).  Here, because both parties have submitted declarations in support of their positions with respect to the pending dispositive motions, the motions will be analyzed as ones made under Rule 56.  *See* Fed. R. Civ. P. 12(d) (requiring a motion made under Rule 12(b)(6) to be treated as one under Rule 56 if matters outside the pleadings are considered).  A motion under Rule 56 must be granted if the pleadings and evidence on file show that there is no genuine issue of material fact, and that the moving party is entitled to judgment as a matter of law.  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247 (1986).  A material fact is one that is capable of affecting the outcome of the litigation.  *Id.* at 248.  A genuine issue is one where the "evidence is such that a reasonable jury could return a verdict for the nonmoving party," *id.* at 247, as opposed to evidence that "is so one-sided that one party must prevail as a matter of law."  *Id.* at 252.  In

considering whether there is a triable issue of fact, a court must draw all reasonable inferences in favor of the non-moving party. *Id.* at 255.  The party opposing a motion for summary judgment, however, "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Id.* at 248; *see Laningham v. U.S. Navy,* 813 F.2d 1236, 1241 (D.C. Cir. 1987) (stating that a genuine issue is one that would permit a reasonable jury to find in favor the non-moving party).  The non-moving party must do more than simply "show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Moreover, "any factual assertions in the movant's affidavits will be accepted as being true unless [the opposing party] submits his own affidavits or other documentary evidence contradicting the assertion." *Neal v. Kelly,* 963 F.2d 453, 456 (D.C. Cir. 1992) (quoting *Lewis v. Faulkner,* 689 F.2d 100, 102 (7th Cir. 1982)).

An agency is entitled to summary judgment if it demonstrates that no material facts are in dispute and that it conducted a search of records in its custody or control, *Kissinger v. Reporters Committee for Freedom of the Press,* 445 U.S. 136, 150-51 (1980), that was reasonably calculated to uncover all relevant information, *Weisberg v. Dep't of Justice,* 745 F.2d 1476, 1485 (D.C. Cir. 1984), which either has been released to the requestor

-6-

or is exempt from disclosure.  *Students Against Genocide v. Dep't of State,* 257 F.3d 828, 833 (D.C. Cir. 2001).  To show that its search "us[ed] methods which can be reasonably expected to produce the information requested," *Oglesby v. Dep't of the Army,* 920 F.2d 57, 68 (D.C. Cir. 1990); *see also Campbell v. United States Dep't of Justice*, 164 F.3d 20, 27 (D.C. Cir. 1998), the agency may submit affidavits or declarations that explain in reasonable detail and in a nonconclusory fashion the scope and method of the search.  *Perry v. Block,* 684 F.2d 121, 126 (D.C. Cir. 1982).  In the absence of contrary evidence, such affidavits or declarations reflecting a search reasonably calculated to uncover all relevant information are sufficient to demonstrate an agency's compliance with the FOIA.  *Perry,* 684 F.2d at 127.  A search need not be exhaustive, *Miller v United States Dep't of State,* 779 F.2d 1378, 1383 (8th Cir. 1985), and the adequacy of a search is not determined by its results, but by the method of the search itself.  *Weisberg,* 745 F.2d at 1485.  An agency's failure to find a particular document does not necessarily indicate that its search was inadequate.  *Wilbur v. CIA,* 355 F.3d 675, 678 (D.C. Cir. 2004); *Nation Magazine v. United States Customs Serv.,* 71 F.3d 885, 892 n.7 (D.C. Cir. 1995).

-7-

A.   *The Alexandria Request*

"FOIA requires agencies to make records available in
response to any request 'made in accordance with published rules
stating the time, place, fees (if any), and procedures to be
followed.'"  *Church of Scientology of California v. IRS*, 792 F.2d
146, 150 (D.C. Cir. 1986) (quoting 5 U.S.C. § 552(a)(3)(A));
*accord Moayedi v. U.S. Customs and Border Protection*, 510 F.
Supp. 2d 73, 81 (D.D.C. 2007) (stating that "the FOIA requires
that a request be made in accordance with the agency's published
FOIA rules") (internal alterations and quotation marks omitted).
The DOJ publishes regulations that tell a requester how to make
and where to send a FOIA request.  That regulation provides in
pertinent part as follows:

> In most cases, your FOIA request should be sent to [the
> DOJ] component's central FOIA office.  For records held
> by a field office of the . . . FBI, however, you must
> write directly to that FBI . . . field office address,
> which can be found in most telephone books or by
> calling the [FBI's] central FOIA office.  If you cannot
> determine where within the Department to send your
> request you may send it to the FOIA/PA Mail Referral
> Unit, Justice Management Division, U.S. Department of
> Justice, 950 Pennsylvania Ave., N.W., Washington, DC
> 20530-0001.  That office will forward your request to
> the component(s) it believes most likely to have the
> records that you want.

28 C.F.R. § 16.3(a).  Here, Brown did not send his Alexandria
Request either to the FOIA/PA Mail Referral Unit or to an FBI
field office, but to the FBI's Alexandria, Louisiana office,
which is not identified in the applicable regulation and is not

an FBI field office.  *See* Defs.' Reply at 2-3.  Thus, Brown's
Alexandria Request did not comply with "the statutory command
that [FOIA] requests be made in accordance with published rules."
*Church of Scientology of California,* 792 F.2d at 150.  As such,
the Alexandria Request did not constitute a proper FOIA request
and did not trigger an agency's obligation to respond.  As Brown
never properly initiated, let alone exhausted, the FOIA
administrative process, he is not entitled to maintain a civil
action with respect to the Alexandria Request.

Notwithstanding the fact that the Alexandria Request was not
a proper FOIA request, the FBI's New Orleans Office conducted a
search that located responsive records in a main file numbered
245F-NO-62649, a file in a "pending investigative status."  *See*
Hardy Decl. ¶ 47.  By letter dated November 29, 2001, the New
Orleans Office informed Brown that it had located responsive
records that were "being withheld in their entirety" as
investigatory material under 5 U.S.C. § 552(b)(7)(A) and 5 U.S.C.
§ 552a(j)(2).  *Id.,* Ex. D (noting that subsection (j)(2) pertains
to "material reporting investigative efforts pertaining to
enforcement of criminal law including efforts to prevent, control
or reduce crime or apprehend criminals, except records of
arrests," and that subsection (b)(7)(A) applies to "records or
information compiled for law enforcement purposes, but only to
the extent that the production of such law enforcement records or

information could reasonably be expected to interfere with enforcement proceedings"). The letter also informed Brown that he could appeal the determination within 60 days. *Id.* The defendants have no record that Brown ever administratively appealed this response. *See* Hardy Decl. ¶ 47.

Brown, on the other hand, contends that he never received a response to his Alexandria Request. Pl.'s Opp'n at 2. He also contends that by letter dated August 17, 2002, he appealed the non-response. Pl.'s Opp'n at 2. This construction of events is not supported by the record. Plaintiff's August 17, 2002 letter appeals not from a non-response, but specifically appeals from a response that cited FOIA exemptions (b)(6) and (b)(7)(C). *See* Hardy Decl., Ex. F. Brown also asserts that another letter in the record constitutes Brown's appeal with respect to the alleged non-response to the Alexandria Request. *See* Pl.'s Opp'n at 2; Hardy Decl., Ex. G. This construction is more plausible, but still problematic. The whole of the text of that letter, which is not dated, states as follows:

> This is a follow-up on Request for Administrative
> review of denial of information from Federal Agency.
> (F.B.I. Alexandria, La.). As of the above date I have
> not received a response from you. Therefore I am
> requesting immediate delivery of the information
> requested. If I have not received the information by
> 9/17/02, I will con[s]ider it another denial of my
> request, and the exhaustion of administrative remedies.

*Id.* There is good reason why the recipient did not understand this to be an appeal related to the Alexandria Request. First,

the defendant had responded to the Alexandria Request.  Second, there is nearly no information contained in the letter to indicate what request is at issue.

Apparently, because the Alexandria Request was not properly submitted and never received an identification number, the parties miscommunicated on more than one occasion.  In any case, even if Brown did intend to appeal what he perceived to be a non-response to his Alexandria Request, there is no genuine dispute that Brown failed to properly submit and therefore to exhaust this request, therefore creating no obligation on the part of the defendant to disclose records under the FOIA.  However, summary judgment is appropriate only if a party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  Because this is not an adjudication as a matter of law on the merits of defendants' response carrying any preclusive effect should Brown choose in the future to submit a proper FOIA request for the information he seeks, the motion to dismiss this claim, rather than the motion to enter summary judgment on this claim, will be granted.  *See Hidalgo,* 344 F.3d at 1257.

B.    *The "Tyrant Wanted" Request to the FBI*

Brown's FOIA request dated November 9, 2006 and directed to FBI headquarters in Washington, D.C., sought information regarding the investigation of the book, "Tyrant Wanted," the return of any copy of that book, a "copy of the authorization for

the thief of the book by Federal Bureau of Prison employee," and
"all reports, documents, tapes, video, audio or otherwise
concerning the interrogation of . . .  Brown about the book
. . . ."  Hardy Decl., Ex. I.  Although an agency has 20 business
days after receiving a FOIA request to determine whether it will
comply with the request, *see* 5 U.S.C. § 552(a)(6)(A)(i), Brown
attempted to appeal the FBI's non-response to this request by a
letter dated only sixteen calendar days later than the date on
his letter request.  *See* Hardy Decl., Ex. J (containing a copy of
Brown's November 9, 2006 FOIA request and his November 25, 2006
appeal from the "non-response to [his November 9] FOIA request").
The FBI took no action with respect to Brown's premature appeal
at that time.  *See* Hardy Decl. ¶ 18 (stating that Brown's
November 25, 2006 appeal letter was acknowledged by the DOJ's
Office of Information and Policy on April 20, 2007, after the FBI
had reported to Brown the results of its search in response to
his November 9, 2006 "Tyrant Wanted" Request).

By letter dated February 23, 2007, FBI headquarters notified
Brown that it had not located any records responsive to his
"Tyrant Wanted" Request.  *See* Hardy Decl. Ex. K.  The FBI
headquarters' response was affirmed on administrative appeal, and
Brown was so notified by letter dated July 3, 2007.  *See* Hardy
Decl. Ex. M.  That letter also stated that the FBI had "found
that the Houston and the New Orleans field offices might have

-12-

records responsive to your request," advised Brown to "submit new requests directly to the Houston and New Orleans field offices," and provided the addresses for those offices. *Id.* The record does not indicate whether Brown acted on this advice. He submitted this complaint for filing on October 11, 2007. *See* Compl. at 1.

Brown contends that the FBI did, in fact, respond to this request by releasing responsive documents with redactions, and that he appealed the redacted portions. *See* Pl.'s Opp'n at 2. Brown provides no evidence to substantiate his contention. While Brown has submitted redacted documents relating to "Tyrant Wanted," *see* Pl.'s Affidavit and Exhibits at 5-8, there is nothing in the record to confirm that the released documents came from FBI headquarters in response to this FOIA request. Indeed, the document Brown submitted appears to be part of "File No. 89F-HO-66130" in the U.S. Attorney's Office in the Eastern District of Texas, not a document maintained at FBI headquarters. *Id.* Moreover, Brown presents no facts to put in dispute the FBI headquarters' response that its search located no documents responsive to this request, which is described in the Hardy Declaration in detailed and nonconclusory terms. *See* Hardy Decl. ¶¶ 36-46, 49.[3] Without an issue in dispute regarding the FBI

---

[3] Even if Brown's filings were read as a challenge to redactions made in the documents he submits, the challenge cannot be adjudicated since he has left wholly unspecified what the FOIA

-13-

headquarters' response, and on the basis of the Hardy

Declaration, the defendants are entitled to summary judgment with

respect to this request.

C.    The "Tyrant Wanted" Request to the BOP

By letter dated November 9, 2006, and sent to the BOP's

South Central Regional Office, Brown asked under the FOIA for a

copy of USP Beaumont's visitors log book for October 17, 2006,

the return of all copies of the book "Tyrant Wanted," information

relating to the theft of "Tyrant Wanted" by a BOP employee, and a

copy of the document authorizing the theft of the book.  See

Summers Decl., Ex. 1.  As he had with the parallel request to FBI

headquarters, Brown filed an appeal by letter dated November 25,

2006 for non-response to this request.  See Summers Decl., Ex. 4.

It appears from the record that no action was ever taken with

respect to this premature appeal.  By letter dated December 4,

2006, the BOP's South Central Regional Office advised Brown that

to initiate his FOIA request, he must send it to the BOP Director

in Washington, D.C.  See Summers Decl., Ex. 2.  In December 2006,

the BOP's Washington office received Brown's November 9, 2006

"Tyrant Wanted" Request and acknowledged the request by letter to

Brown dated January 29, 2007.  See Summers Decl. ¶ 8 & Ex. 5.  By

letter dated January 30, 2007, the BOP notified Brown that the

---

request sought, to what agency it was sent, what if any exemption
he disputes, and when he sought to appeal the response.

-14-

only responsive documents located were two pages of the requested
visitor log, which were being released in redacted version, in
accordance with FOIA exemption (b)(7)(C).  *See* Summers Decl.,
Ex. 6.  That letter also advised Brown that he could initiate an
administrative appeal of the BOP's response within 60 days.  *Id.*
Brown did not file an administrative appeal of the BOP's
response.  *See* Summers Decl. ¶ 20.

Brown "asserts that the [November 25, 2006] appeal was
proper, where defendants failed to answer the request within the
time allowed by the FOIA."  Pl.'s Suppl. at 2.  Brown's position
is untenable for two reasons.  First, because he had originally
sent his request to an office of the BOP which did not accept
FOIA requests, he had not even initiated this FOIA request at the
time he sent his appeal letter on November 25, 2006.  There can
be no appeal from an agency response or non-response before a
FOIA request has been initiated.  Second, while the record in
this case does not establish that the BOP responded to Brown's
FOIA request to the Director within the 20 business days
permitted by statute, the BOP did respond before this lawsuit was
filed.  Therefore, Brown was required to exhaust his
administrative remedies by appealing the BOP's response prior to
filing this civil action.  *See Oglesby v. Dep't of Army,* 920 F.2d
57, 65 (D.C. Cir. 1990) (concluding that "once the agency
responds to the FOIA request, the requester must exhaust his

-15-

administrative remedies before seeking judicial review");
*Judicial Watch, Inc. v. Rossotti,* 326 F.3d 1309, 1310 (D.C. Cir.
2003) (stating that "[i]f the agency responds to the request
after the twenty-day statutory window, but before the requester
files suit, the administrative exhaustion requirement still
applies").  On this record, there is no genuine dispute that
Brown did not submit an administrative appeal of the BOP's
response to his FOIA request and therefore he did not exhaust his
administrative remedies.  Accordingly, as with the Alexandria
Request, the motion to dismiss will be granted with respect to
this request directed to the BOP.

D.   *The Requests with Respect to "Federal Questions"*

     The record in this case does not contain any FOIA request
directed to any defendant in this action relating to what Brown
characterizes as "federal questions."  Therefore, exactly what
Brown requested, or whether it was a FOIA request for documents,
is unknown.  The nature of Brown's submissions in this case
suggests that he hoped to obtain a legal opinion.  *See* Pl.'s
Opp'n at 4 (describing the two legal questions to which he seeks
a response); Pl.'s Suppl. at 2 ("Plaintiff requested the U.S.
Attorney General['s] Office answer two Federal Questions.  The
U.S. Attorney General['s] Office did not answer either question.
Petition was filed to resolve the Questions.").

-16-

Brown's pursuit of advisory legal opinions through a FOIA request is misplaced.  The FOIA requires an agency to "make [requested] records promptly available to any person." 5 U.S.C. § 552(a)(3)(A).  It does not require an agency to create documents, to answer questions, or to provide legal opinions. *See Coolman v. IRS,* 1999 WL 675319, *7 (W.D. Mo. July 12, 1999) (finding that an agency is not required by the FOIA to answer questions, conduct research, create records, or provide legal opinions); *accord Barber v. Office of Information and Privacy,* Civil Action No. 02-1748 (JDB), slip. op. at 4 (D.D.C. Sept. 4, 2003) (stating that the FOIA defendant "had no duty to conduct research or to answer questions").  Thus, Brown has no right of action under the FOIA for an agency's non-response to his "federal questions."  Accordingly, any claims Brown may have intended with respect to the "federal questions" will be dismissed for lack of subject matter jurisdiction.

E.    *The Vaughn Index*

Brown requests a *Vaughn* index.[4]  *See* Pl.'s Opp'n at 5.  A FOIA plaintiff is not entitled to a *Vaughn* index.  Rather, he is entitled to an explanation of why information was redacted or withheld, which may be conveyed in any number of ways.

> [C]ourts have repeatedly held that it is the function of a *Vaughn* index rather than its form that is important, and a *Vaughn* index is satisfactory as long

---

[4]  *See Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973).

-17-

> as it allows a court to conduct a meaningful de novo
> review of the agency's claim of an exemption.  . . .
> Thus, an agency does not have to provide an index per
> se but can satisfy its burden by other means, such as
> submitting the documents in question for an *in camera*
> review or by providing a detailed affidavit or
> declaration.

*Voinche v. FBI,* 412 F. Supp. 2d 60, 65 (D.D.C. 2006) (citing

*Gallant v. NLRB*, 26 F.3d 168, 172-73 (D.C. Cir. 1994)).  A *Vaughn*

index is but one way to convey the required explanation of

withheld information.

Two of the three FOIA requests at issue here did not result

in any documents being released to Brown.  Brown received only

two pages of documents, largely redacted, in response to the

other FOIA request at issue.  The two released pages are

discussed in and appended to the Summers Declaration, which

provides an explanation and justification for redacting the

visitors' names from the visitor log for October 17, 2006 at USP

Beaumont.  *See* Summers Decl., ¶¶ 13-17 & Ex. 6.  No more than

this is required, and Brown's request for a *Vaughn* index under

these circumstances is without merit.

                            CONCLUSION

The plaintiff's claims with respect to "federal questions"

will be dismissed for lack of subject matter jurisdiction.  His

claims regarding the Alexandria and the BOP requests will be

dismissed for failure to exhaust administrative remedies.

Summary judgment will be entered for defendants on the remaining

-18-

claim.  The plaintiff's motion for summary judgment will be denied, and all other pending motions will be denied as moot.  A separate order accompanies this memorandum opinion.

SIGNED this 28th day of December, 2009.


_____/s/_____
RICHARD W. ROBERTS
United States District Judge