UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                              )
**TIMOTHY DEMITRI BROWN,**        )
                              )
        **Plaintiff,**       )
                              )
        v.                 )   Civil Action No. 07-1931 (RWR)
                              )
**FEDERAL BUREAU OF**             )
**INVESTIGATION et al.,**         )
                              )
        **Defendants.**      )
_____)

## MEMORANDUM OPINION AND ORDER

Plaintiff Timothy Demitri Brown filed this pro se complaint under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, against the FBI, other components of the Department of Justice ("DOJ"), and the DOJ itself. A December 28, 2009 memorandum opinion ("December 28th opinion") dismissed some of Brown's claims, entered summary judgment for the defendants on the remaining claim, and denied Brown's cross-motion for summary judgment. Brown moves for reconsideration and to amend his complaint. Because Brown has not provided a basis for reconsidering the December 28th opinion, he has unduly delayed seeking to amend the complaint, and amending would unduly prejudice the defendants, his motion will be denied.

### BACKGROUND

The background of this case is discussed fully in Brown v. FBI, 675 F. Supp. 2d 122 (D.D.C. 2009). Briefly, Brown

challenged the defendants' responses to three FOIA requests: one concerning records about himself and two concerning records relating to a book he authored called "Tyrant Wanted." Id. at 124. In addition, Brown's complaint made reference to two "federal questions,"[1] although the record did not reveal any FOIA requests related to those questions. Id. Brown filed his complaint in 2007. (Compl., Docket #1.) On August 14, 2008, the defendants moved to dismiss for failure to state a claim or alternatively for summary judgment under Federal Rule of Civil Procedure 56, and Brown likewise sought summary judgment. The December 28th opinion dismissed the FOIA claim concerning the request for records about Brown and one of the FOIA claims concerning a request for records about "Tyrant Wanted" for failure to exhaust administrative remedies, dismissed the claim concerning the "federal questions" for lack of subject matter jurisdiction, and entered summary judgment for the defendant with respect to the other claim concerning a request for records about "Tyrant Wanted." Id. at 130. On January 13, 2010, Brown moved

---

[1] "The 'federal questions' Brown asks are whether the federal government 'exercised exclusive legislative jurisdiction over the property located at 3708 Third Street, Alexandria, Louisiana on or before May 31, 2001[,]' and what is 'the legal status of 21 U.S.C. §§ 841 and 846,' prohibiting trafficking in controlled or counterfeit substances, and engaging in a narcotics conspiracy." Brown, 675 F. Supp. 2d at 124 (alteration in original).

for reconsideration[2] and to amend his complaint, arguing that he submitted an additional proper FOIA request to the New Orleans, Louisiana FBI office and headquarters that was not considered in the December 28th opinion, and that he should be permitted to amend his complaint to assert a claim that the "Agency's interpretation of the statutes (21 U.S.C. §[§] 841 and 846) are

---

[2] Brown does not specify a federal rule under which he moves for reconsideration. A party may move "to alter or amend a judgment" under Federal Rule of Civil Procedure 59(e). Whether to alter or amend a final judgment is discretionary, and a court need not grant a Rule 59(e) motion unless it "'finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Ciralsky v. CIA, 355 F.3d 661, 671 (D.C. Cir. 2004) (quoting Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996)). Alternatively, a party may move for relief from a final judgment under Rule 60(b) on the grounds of mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, misrepresentation, or misconduct by an opposing party.

With respect to the New Orleans request, Brown argues that "[t]he court incorrectly assume[d] plaintiff only submitted the second request to the Alexandria Office." (Pl.'s Mot. to Reconsider, Mot. to Amend Compl. ("Pl.'s Mot.") at 2.) With respect to the "federal questions," Brown argues that he "never asked . . . that the federal questions be answered under the FOIA" and that "[c]learly plaintiff is stating that the Court has general federal question jurisdiction" over the "federal questions" he asks. (Pl.'s Mot. at 3-4.) However, he does not seek to alter or amend the judgment, or for relief from that judgment on these bases. Brown merely styled his motion as one for reconsideration even though the relief he seeks is to amend his complaint. (Pl.'s Mot. at 1 ("Plaintiff asserts that it is within the Court's authority to allow plaintiff to amend the complaint to resolve any unspecific statements in the complaint and add FOIA request.").) Thus, the motion will not be treated as one for reconsideration.

erroneous[.]"[3] (Pl.'s Mot. to Reconsider, Mot. to Amend Compl. ("Pl.'s Mot.") at 2, 4.)

## DISCUSSION

A plaintiff may amend his complaint more than twenty-one days after a defendant files a Rule 12(b) motion "only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a). Brown has moved for leave to amend his complaint more than sixteen months after the defendants filed their motion to dismiss or in the alternative for summary judgment, and the defendants do not consent to Brown's motion for leave to amend.

The decision to grant or deny leave to amend is committed to the sound discretion of the district court. Foman v. Davis, 371 U.S. 178, 182 (1962); James Madison Ltd. v. Ludwig, 82 F.3d 1085, 1099 (D.C. Cir. 1996). While a litigant ordinarily ought to be afforded the opportunity to proceed on the merits of his claim, Mead v. City First Bank of D.C., N.A., 256 F.R.D. 6, 7 (D.D.C. 2009), undue delay or prejudice to the opposing party may warrant denying leave to amend. Atchinson v. Dist. of Columbia, 73 F.3d 418, 425 (D.C. Cir. 1996); Williamsburg Wax Museum, Inc. v.

---

[3] Brown also moves to supplement his motion for reconsideration and leave to amend. The defendants have filed a single opposition to Brown's motions, but it does not address substantively the motion to supplement. This motion, therefore, will granted as unopposed. See FDIC v. Bender, 127 F.3d 58, 67-68 (D.C. Cir. 1997); Buggs v. Powell, 293 F. Supp. 2d 135, 141 (D.D.C. 2003).

Historic Figures, Inc., 810 F.2d 243, 247 (D.C. Cir. 1987) (stating that a court may deny leave to amend a complaint "if a party has had sufficient opportunity to state a claim and has failed to do so"). Specifically, it is within a court's discretion to deny leave to amend when the motion is "an effort to evade summary judgment[.]" Key Airlines, Inc. v. Nat'l Mediation Bd., 745 F. Supp. 749, 752 (D.D.C. 1990). Additionally, a court may deny leave to amend if the amendment bears "only [a] tangential relationship" to the initial claim, which could unduly prejudice the opposing party by expanding the scope of the litigation. Nat'l Treasury Employees Union v. Helfer, 53 F.3d 1289, 1295 (D.C. Cir. 1995).

    Here, Brown seeks to add to his complaint a claim regarding a New Orleans FOIA request, which he alleges he sent to the New Orleans office on October 31, 2007 (Pl.'s Mot. at 3), six days after he filed this action. Although Brown claims that he "was in the process of requesting leave to amend the complaint to include this request when he received the court's Final Order" (id.), he provides no explanation for why he waited more than two years to try to amend his complaint to include that request. Allowing Brown to amend his complaint to add an additional FOIA claim at this stage in the litigation –– after his other FOIA claims were dismissed and summary judgment was entered against him –– would allow him to circumvent the effect of the order that

terminated this action.  His motion for leave to amend therefore will be denied with respect to the New Orleans FOIA request.  See Hoffman v. United States, 266 F. Supp. 2d 27, 34 (D.D.C. 2003) (denying leave to amend complaint when case was on verge of final resolution because a "plaintiff, quite simply, cannot be permitted to 'circumvent the effects of summary judgment by amending the complaint every time a termination of the action threatens'" (quoting Glesenkamp v. Nationwide Mut. Ins. Co., 71 F.R.D. 1, 4 (N.D. Cal. 1974))).

Brown also seeks to amend his complaint to add a claim that the "Agency's interpretation of the statutes (21 U.S.C. §[§] 841 and 846) are erroneous[.]"  (Pl.'s Mot. at 4.)  Brown's initial complaint alleged claims only under the FOIA.  His proposed amendment would add a claim beyond FOIA's scope.  To the extent that Brown's proposed amendment states a claim for relief,[4] granting him leave to amend would prejudice the defendants by denying them the litigative repose to which they are entitled from entry of a final judgment in their favor following a fully

---

[4] Even if, as Brown argues, 28 U.S.C. § 1331 grants subject matter jurisdiction over this new claim challenging the interpretation of the statutes he cites, the "general federal-question statute does not itself give rise to a right for relief." Van Ravenswaay v. Napolitano, 613 F. Supp. 2d 1, 5-6 (D.D.C. 2009).  Because Brown has not provided a basis upon which he may bring such a cause of action, his claim would be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief may be granted.  Thus, the amendment is futile.  See Smith v. Janey, 664 F. Supp. 2d 1, 8 n.4 (D.D.C. 2009) (denying motion for leave to amend as futile).

contested case.  It would also prejudice the defendants by expanding the scope of the litigation -- after the litigation concluded -- beyond its initial character as solely a FOIA action.  Brown's motion for leave to amend therefore will be denied also with respect to this proposed amendment.  Cf. Adair v. Johnson, 216 F.R.D. 183, 186, 188-89 (D.D.C. 2003) (granting plaintiffs' motion for leave to amend where the litigation was still in an early stage and the defendants had not shown that the proposed amendment would prejudice them by "chang[ing] the character of the litigation").

## CONCLUSION AND ORDER

Brown has not established a basis for reconsidering the December 28th opinion, and amending his complaint at this stage in the litigation would unduly prejudice the defendants.  Accordingly, it is hereby

ORDERED that the plaintiff's motion [56] to supplement be, and hereby is, GRANTED.  It is further

ORDERED that the plaintiff's motion [55] for reconsideration and for leave to amend be, and hereby is, DENIED.

SIGNED this 29th day of September, 2010.

```
            _____/s/_____
            RICHARD W. ROBERTS
            United States District Judge
```